UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 03947

UMAR ALLI
PLAINTIFF

VS.

WARDEN OF A.R.N.D.C(RIKERS ISLAND)WARDEN OF O.B.B.C (RIKERS ISLAND)WARDEN OF G.R.V.C(RIKERS ISLAND) DEPUTY OF SECURITY(A.R.N .D.C)DEPUTY OF SECURITY (O.B.C.C)DEPUTY OF SECURITY(G.R.V.C) DEPUTY WARDEN(A.R.N.D.C)DEPUTY WARDEN(G.R.V.C)DEPUTY WARDEN(O.B.C.C)SECURITY CAPTIN OF A.R.N.D.C SECURITY CAPTIN OF G.R.V .C SECURITY CAPTIN OF O..B.C.C,ALL INVESTIGATING CAPTINS OF ALLEGE INFRACTION, HEARING OFFICER AT ALL ALLEGED DISCIPLINARY HEARINGS HELD IN APPROX JUNE 2009 OFFICER RESSE,OF DIPIERRA, CAPTIN SINGUTARY,DEPUTY LEMON,ALL OFFICERS WHOM WERE PRESENT DURING THE JUNE 2009 ASSAULT,DEPT OF CORRECTIONS, BOARD OF CORRECTIONS,ALL INVESTIGATING PERSONNEL WHOM PLAINTIFF WROTE AND THEIR REVIEWING OFFICIALS,CITY OF NEW YORK,
DEFENDANTS-

CIVIL RIGHTS ACT

42 U.S.C §1983

COMPLAINT

JURY DEMAND

RECEIVED
MAY 17 2012
PRO SE OFFICE

# Statement of Facts

On July 17th 2010, the Plaintiff was arrested by the N.Y.P.D. of the 43rd Pct. County of the Bronx, N.Y. and brought before the Courts of the Bronx under current Ind. #, later to be sent to Rikers Island R.N.D.C. at 11-11 Hazen Street, East Elmhurst, N.Y. 11370, under Book and Case # 241-10-07470.

I, Plaintiff, was placed in General Population. Approximately 135 days later, I was informed to pack my belongings and was escorted to R.N.D.C. Main Intake. I was told verbally I was being transferred to Disciplinary Segregation, allegedly for disciplinary days owed under alias Omar Alli, Book and Case # 241-09-03754 during my 2009 incarceration. I have no such knowledge of such days owed, due to the fact I was never present at any disciplinary hearing or given a copy of infraction or disposition.

During my 2009 incarceration, I filed numerous complaints and Article 78 proceedings, which were withdrawn due to Ineffective Assistance of Counsel and officials trying to cover the officer's misconduct.

During an Article 78 proceeding disputing disciplinary days owed, I was given a falsified document alleging I was being detained in disciplinary confinement for fighting with an inmate w/o any injuries of person(s) on July 16, 2009. On July 16, 2009 I was already confined in disciplinary confinement, and never had a fight with an inmate. Even so, fighting with an inmate w/o injury is a Grade 3 offense, punishable with a maximum of 30 days. See falsified document Exhibit 1. I never received an infraction or disposition regarding alleged offense.

Months later when I refiled an Article 78, I was given an infraction history list alleging I received 3 infractions on June 2, 2009 which equaled to me allegedly owing 456 disciplinary confinement days. (See Exhibit 2) I never received a hearing or disposition for alleged June 2, 2009 infractions. Infraction numbers 1524/09, 1525/09, 1527/09 due to all stated facts I have no actual Knowledge, for my confinement in Disciplinary Segretion.

I have been denied due process rights to attend and/or even giving notice and knowledge of hearing, and all other Constitutional 5th and 14th Amendment Rights and minimum standards ensured to pre-trial detainees within the Body of Law.

In 2009 under alias Omar Alli, Book and Case #241-09-03754, I served approximately 174 days in disciplinary confinement from June 8th 2009 until November 2, 2009 Upon reentry under Umar Alli, 241-10-07470, I entered Rikers Island O.B.C.C. 16-00 Hazen St. East Elmhurst, N.Y. 11370 disciplinary confinement unit on November 5, 2010 approx. 137 days after arrest (w/o due process hearing).

I was released to General Population on November 15, 2010 due to Mental Illness, only to be readmitted to disciplinary confinement on Dec. 20, 2010. From November 5th, 2011 up until today's current date, I have yet to even upon placement received a hearing or notice as to why I am being forced to endure this due process violation and cruel and unusual punishment, or why I

wasn't afforded my due process hearings or any other due process rights surrounding my placement in disciplinary confinement, such as to be heard, present, confront and question witness, documents or other physical evidence, challenge or inquire the standards of proof against the meritless and malicious false charges generated against I, the Plaintiff before an impartial tribunal fact finder adjudication Captain. Thus the respondents failure to do so amounted to respondents failure to perform a duty enjoined upon their scopes of authority by law, thereby denying the Petitioner his right to due process.

I, Plaintiff was not given or aware that the disciplinary punishment of days were imposed, issued or existed because I was never given a written disposition, had no knowledge that a judgement was rendered, afforded notice of appeal and denied hearing.

On June 2, 2009 the day of the alleged infraction, I was assaulted by numerous Captains, Deputies and officers in 3 Main housing area of Rikers Island. I was assaulted in my cell and on the main company. I was later taken to the main

intake search area with a Captain and two officers and received numerous death threats. Immediately after I was taken to an unauthorized room without any cameras. I was then brutally assaulted by the security Captain and two officers. Upon leaving the room the camera clearly shows me exiting with more injuries and blood on my body than when I had entered. I was then taken to East Elmhurst and treated for injuries. Once returned to R.N.D.C. Main Intake I was held in an empty pen, containing only a toilet and sink with no sitting area or bed available. I was held in this pen for 4 days w/o showers, telephone usage or adequate bedding, forced to sleep on the floor. I was then P.H.D. to Mhauii GRVC.

At no time did I receive a P.H.D. hearing nor was I given a disposition. This unlawful misconduct was done solely to harass me, in retaliation to prevent the truth of the surrounding incident from coming to light during the hearings to help officers escape punishment and justice.

As a result I, Plaintiff was subjected to Cruel and Unusual Punishment excessive force, Wrongful Confinement, Lost of Liberty, New York State and City Violations, Physical, Mental and emotional injury.

CLAIM FOR Relief

Plaintiff SEEKS $200 (Two Hundred dollars) for each day spent in wrongfull Confinement without due Process.

Plaintiff Seeks Money damages in Defendants Official Capacit for the Malicious Issuait.

Plaintiff Seeks Mental and emotional damage

Plaintiff Seeks all available damages entitled by law and that the courst May deem apporpriate

All to be determined by a Jury Trail

All Sworn Under Prejury to be accurate

Umar. Alli

[signature]

April 24. 2012

UMAR. Alli
12A1086
Five Points Correctional facility
State Route 96
Romulus, NY. 14541

# Additional
## Statement Of facts

* State Courts, like Federal Courts, have a Constitutional Obligation to Safe Guard Personal liberties and uphold federal law Stone v. Powell 428 US 465 96 S.Ct 3037 49 L.Ed 1067

* Officers of the court have no absolutely non types of "immunity" from libility When they deliberately violate the Constitutional. Owen V. City 445 US. 622

* The State is Prohibited from Violating Substantive rights. Fairbanks V. US 181 us 283 291, 300

* Noting that PolicyMakers awareness of a Pattern of Unconstitutional Conduct May employees along With a failure to address the Problem, May demonstrate conscious disregard for need to train which would give rise to Municipal Liability Bd of the county Comm'rs of Bryan County V. Brown 520 U.S 397, 407, 117 S, Ct, 1382, 1390, 137 L.Ed 2d 626, 641, (1997)

* finding reports and Complaints allegeing Potential unconstitutional Conduct Of a officer Could demonstrate an Obvious need for more or better, Supervision to Protect against constitutional violation (Davis v. Lynbrook Police dept 224 F.Supp 2d 463 479 (E.D.N.Y 2002), Vann V. City of N.Y 72.F.3d, 1040, 1049

* finding evidence that Municipality Failed to adequately train officers and discipline them for use of excessive force Could support an inadequate training and supervision Claim Perin V. Genther 177 F. Supp. 2d 115 1125 (D. Nev 2001)

* Holding Correction officers to the deliberate indifference Standard. Biyden v. Mancus: 186 F.3d 252 264 (2d Cir 1999)

* Municipalities Can be foundt Liable Where the failure to Or supervise evinces deliberate indifference that leads Constitutional deprivation. (Madrid V. Gomez 889 F. Su

* Threats accompanied by Physical force violate the eight Amendment. (Jermosen v. Coughlin 878 F. Supp 444, 449 (N.D.N.Y)
* Supervisor who affirmed Prisoner disciplinary Conviction when a Prisoner wasn't Permitted to call witnesses May be liable for violation of Prisoners due Process rights. (William v. Smith 781 F.2d, 319, 3211
* Commissioner of D.O.C May be liable When received Such notice through Mail of violation Langley v. Coughlin 709 F. Supp, 482, 486 (S.D.N.Y)
* Warden who was informed of attack and failed to issue adequate Medical Care May be liable. (Green v. Branson 108 F.3d 1296, 1303.
* Prisoners report of Officers Misconduct to supervisory officals is Sufficient for supervisor liablity. (Walker v. Godinez 912 F Supp 307 312-13
* Letters from inmate to any Supervisory offical regarding Violations of rights May be Sufficient for personal involvement when failed to remdy Gentry v. Duckworth 65 F.3d 555, 561. (Pacheco v. Comisse 897 F. Supp 671, 678
* All Prison officals not only Supervisors are liable for failing to intervene to stop a violation of rights. (Skritch v. thornton 280 F.3d 1295, 1302 (11th Cir 2002)
* It's not necessary that a Officer actually Participates in the use of force in order to be held liable under Section 1983 rather an Officer who is Present at the scene and fails to take reasonable steps to Protect the victim of other Officer's use of force can be held liable for failure to act. (Davis v. Hill, 173 F. Supp. 2d, 1136, 1143 (D kan 2001)
* Superintendent Of Prison was liable of Use of force where Superintendent knew of guard's Propensity for excessive force and failed to remdy the issue. Estate of Davis by Ostenfeld v. Delo 115 F.3d 1388 1396 (8th Cir 1997)
* Observing that a Policy or custom need not to be formal or Written so long as a Plaintiff Can demonstrat the alleged unwritten Policy or custom is so widespread it has force of law. (Bd. of the County of Comm'rs of Bryan County v. Brown 520 U.S 397 404, 117 S.Ct, 1382, 1388, 137 L Ed 2d 626 639 (1997)
* A Policy or custom does not have to be written law it can be created by those whose edicts or acts May Clearly or fairly be said to represent offical Policy. (Monell v. Dep't of Social Servs, 436 U.S 658, 694, 98 S.Ct 2018, 2037-38, 56 L.ED. 2d 611 638.

* Holding that a Prisoner may be awarded Punitive damages for recklessness or serious indifference to his rights, as well as for "Evil intent". (Reilly v. Grayson 310 F.3d 519, 521 (6th Cir 2002)

* Upholding Jury award of Punitive damages against Prison guard for assualt and unlawful Confinement of Prisoner (Blissett v. Couglin 66 F.3d 531, 535-36 (2d Cir 1995)

* Holding that a deprivation of first Amendment rights standing alone is a Cognizable injury", therefore a Prisoner is entitled to Judicial relief for a violation of first Amendment right standing alone from any Physical, mental, or emotional injury he may sustained (William v. Ollis 230 F.3d 1361, 2000)

* Both nominal and Punitive damages may be awarded for a violation of Constitutional rights without an accompanying injury. (Allah v. Al Hafeez, 226 F.3d 247, 251 (3d Cir 2000)

* Granting injunctive relief because the threat of Continued Police Misconduct made the threat of Constitutional deprivation ongoing. (Los Angeles v. Lyons 461 U.S 95, 111, 103 S.Ct. 1660 1670, 75 L.Ed.2d 675, 690 (1983)

* Stating that a realistic threat of a repeating injury may arise from a written Policy or a Pattern of Officially Sanctioned behavior. (Armstrong v Davis 275 F.3d 849, 861 (9th Cir 2001)

* Noting that deprivation of a Constitutional right is enough to Prove irreparable harm Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir 1987)

* Finding an 8th Amendment excessive force violation when a Correction officer struck a non-resisting Prisoner in the head and face 20 to 25 times while other officers restrained his limps, resulting in Serious injury Estate of davis Ostenfeld v Delo 115, F.3d 1388, 1394-95 (8th Cir 1997)

* Finding that a Prisoner adequately Stated a claim that his 8th Amendment rights were violated when he was seriously assualted by a Prison Official, the Prisioner didn't Provoke the assualt, and the Prison facility had Prior notice of, but failed to act about, the officers Previous use of force. Locicero v. O'Connell 419 F. Supp 2d 521, 428-29 (S.D.N.Y 2006)

* Prison administrators indifference to brutal behavior by guard toward inmates is sufficient to state an Eighth Amendment Claim (Farmer v. Brennan) also Vaughan v. Ricketts 859 F.2d 736, 741 (9th Cir 1988)

*Finding the deliberate indifference Standard applied to Prison Supervisors if "after learning of the violation through a report or appeal, the supervisors failed to remedy the wrong, Created a Policy or custom under which unconstitutional Practices occurred, or allowed Such a Policy or Custom to continue ..., or was grossly negligent in Managing Subordinates who caused the unlawful... Event.(Blyden v. Mancusi 186 F.3d 252 264 (2d Cir 1999)

*Applying the deliberate indifference or Farmer, Standard to a Claim based on Prison official's failure to act.(Buckner v. Hollins 983 F.2d 119, 122 (8th Cir)

*Noting supervisors may be liable for abdicating their duty to supervise and monitor the use of force and deliberately Permitting a Pattern of Excessive force to develop and Persist.(Madrid v. Gomez, 889 F. Supp, 1146, 1249.

*Holding that a Prison warden's knowledge of the violent Propensities of Some of his Prison guards and his failure to act to Prevent them from assaulting Prisoners Could Constitute deliberate indifference.(Matthews v. Crosby 480 F.3d 1265, 1270-71 (11th Cir 2007)

*Finding 8th Amendment violations where Prison Officals encouraged Staff to indulge in excessive Physical Violence by rarely investigating reports of violence and failing to take Corrective disciplinary action against officers whom they knew to have brutalized Prisoner Ruiz v. Estelle, 503 F. Supp 1265, 1302 (S.D. TEX 1980)

*Note that in Some Circuits a de Minimis injury May be Sufficient to establish a Claim. Archuleta v. Marshall No. 00-2033, 2000 U.S. App Lexis 17501

*The Malicious and Sadistic requirement applies regardless of whether the Plaintiff has allege Significant Physical injury, for the ultimate Constitutional inquiry is directed at whether an unnecessary and wanton infliction of Pain has occured. (Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir 1992)

*The united states Supreme Court recognized that a Pro se non de minimis injury requirement would give Prison Official Carte blanche ability to Punish Prisoners Physically so long as the injuries inflicted were not Severe The Hudson court didn't Specify what type or level or injury is necessary to state a viable Claim.(Watford v. Bruce 126 F. Supp 2d 425, 427 (E.D. V.A 2001)

*Clarifying that while Past Cases, Such as Wall v. County of Orange 364 F.3d 1107, 1112 (9th Cir 2004) have "recognized that excessively tight handcuffing can constitute a fourth Amendment Violation" a finding of Such Violation requires either actual injury to the wrists, or a Complaint to the officers involved the Cuff were too tight. (Liiv v. City of Coeur D'Arlene, 130 Fed Appx 848, 852 (9th Cir 2005)

*finding that excessive force was used when an officer hit a Prisoner in the Mouth with his fist while the Prisoner was held by other officers. (Thomas V Stalter, 20 F.3d 298, 301-02)

*Holding that kicks and Punches were not Part of a good-faith effort to restore discipline and could not have been thought necessary since the Prisoner was already Pinned down by other Officers. (Jones v. Huff, 789 F. Supp. 526, 535-36 (N.D. NY 1992)

*In general society's Standards of decency are violated whenever Prison Officials Maliciously, evilly or Cruelly use force to cause harm "Whether or not Significant injury is evident. Hudson v. McMillan 503 U.S 1, 9, 112 S.Ct. 995, 1000, 112 L.Ed 2d 156, 167 (1992)

*Courts don't have an exact definition for the type or degree of harm that You need in order to Claim Cruel and Unusual Punishment. Courts usually say that "the unnecessary and wanton infliction of Pain violates the Eighth Amendment. (Gregg v. Georgia 428 U.S 153 173, 965 S.Ct. 2909, 2925, 49 L.Ed 2d 859, 874-75 (1976)

*The Sixth Circuit has held that Minor Physical contact is enough to Satisfy the objective harm component for a Constitutional Claim if there is no legitimate reason for the contact. (Pelfrey v. Chambers 43 F.3d 1034, 1035 (6th Cir. 1995)

*There is no minimum injury requirement for eighth Amendment Claims of excessive force. (Flowers v. Phelps, 956 F.2d 488 491 (5th Cir 1992)

*Holding that a Pretrial detainee Claiming inadequate medical care, unlike a convicted Prisoner, does not need to show intent - and therefore does not to meet the "deliberate indifference" Standard - to establish a constitutional violation when a Prison official fails to Promptly and reasonably Procure Medical Care for a serious injury or illness. (Matzker v. Herr 748 F.2d 1142 (7th Cir 1992)

*Holding that "deliberate indifference" does apply to a Pretrial detainee's claim of inadequate Medical Care, on the ground that intent is needed for actions to constitute Punishment, but Stating that intent can be established - and therefore the "deliberate indifference" Standard Met - in the absence of Subjective intent, if the official acts in a Criminally reckless Manner. (Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir 1991)

*Holding that Pretrial detainees who Claim that they were treated with excessive force are entitled to a Standard different from that applied to excessive force Claims of Convicted Prisoners, and distinguishing such cases from those involving "basic necessities" in which the same Standard applies to Pretrail detainees and Convicted Prisoner. (Telfair v. Gilberg 868 F.Supp 1396, 1406-07 (S.D. GA 1994)

*Between the Status of Free Citizen and Convicted Prisoner lies the "Pretrial detainee", Protected by the Due Process Clause of the Fourteenth Amendment .... Pretrial detainess Must arguably be afforded a higher Standard than the Provided by the Eighth Amendment.... This is so at least for claims that deal with things Other than Conditions Of Confinement." (Wilson v. Williams 83 F.3d 870, 875 (7th Cir 1996)

* Stating only that, at a minimum, "it's clear... that the due process clause protects a pretrial detainee from the use of excessive force that amounts to punishment. (Graham v. Connor 490 U.S. 386, 395, 109 S.Ct 1865, 1871, 104 L.Ed 2d 443 (1989)

* Holding that officials exert excessive force on a pretrail detainee if they act with "Actual intent" to violate the detainee's rights or with "reckless disregard" of those rights. Wilson v. Williams 83 F.3d 870, 875-76 (7th Cir 1996)

* Under Telfair, a pretrial detainee does not need to establish malicious intent to make out a claim of excessive force, but rather needs only to establish either that the official acted with an intent to punish the detainee. (Telfair v. Gilberg 868 F.Supp 1396, 1410)

* We therefore conclude that deliberate indifference to serious medical needs of prisoner constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctor in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. (Estelle v. Gamble, 429 U.S 97, 104-05 97 S. Ct. 285, 291, 50 L.Ed. 2d, 251, 260 (1976)

* Holding that a prisoner can bring an 8th Amendment claim by applying deliberate indifference standard to a condition of confinement that denies an obvious human need, such as food, warmth or exercise", and proving that a prison official was deliberately indifferent to that "identifiable human need") Wilson v. Seiter 501 U.S. 294, 303-04, 111 S.Ct. 2321 2326-27 115 L.Ed 2d 271, 282-83

* The second circuit defined a serious Medical need as "a condition of urgency, one that may produce death, degeneration, or extreme pain". (Hathaway v. Coughlin 37 F.3d 63, 66 (2d Cir 1994), (Nance v. Kelly 912 F.2d 605, 607 (2d Cir 1990)

* Noting in Brock the court specifically rejected the notion that "only 'extreme pain' or a degenerative condition meets the legal standard since the Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain". (Brock v. Wright 315 F.Supp 3d 158, 163 (2d Cir 2003)

* Defining sufficiently serious as 'whether a reasonable doctor or patient would find it important and wrothy to comment,' whether the conditions 'significantly affects an individual daily activities' and whether it causes 'chronic and substantial pain.

(Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir 2006)

* Holding needless pain that doesn't lead to permanent injury is still actionable. (Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir 1991)

* Finding that an allegation of a "significant and uncomfortable health problem" was a serious need. (Moreland v. Wharton 899 F.2d 1168 1170

* Holding "that delay in medical care for a condition that is painful in nature" is actionable. (Johnson-El v. Schoemehl, 878 F.2d, 1043, 1055

* Finding that failure to inquire further into and treat severe pain, along with repeated delays in seeing the patien, could permit a jury to find deliberate indifference. (McElligot v. Foley F.3d, 1248, 1256-57 (11th Cir 1999)

* Finding that excessive risk of attack — Whether for reasons unique to one Prisoner or to all in his situation — Could qualify as a 8th Amendment Violation

* Allowing claim to go forward even where there was no significant injury or need for Medical attention (Hudson v. McMillan 503 U.S 1, 10 112 S Ct. 995, 1000, 117 L.Ed 2d 156, 168 (1992)

* Holding that deprivation of toilet facilities for Prisoners in a small area would violate the 8th Amendment. (Palmer v. Johnson 193 F.3d 346, 352 (5th Cir 1999)

* Noting that Placement into filthy, sometimes feces-smeared cells formerly housing psychiatric Patients States an 8th Amendment Claim Harper v. Showers, 174 F.3d 716, 717, 720 (5th Cir. 1999)

* Holding that Prisoner Confined to a cell inability to bathe resulting in a fungal infection requiring Medical attention stated an 8th Amendment Claim Bradley v. Puckett 157 F.3d, 1022, 1025-26 (5th Cir 1998)

* Holding that lack of heat in Prison cells may violate 8th Amendment Principles. (Wilson v. Schomig, No 93-C-3854, 1998 U.S. Dist Lexis 6849 At*9-10 (N.D. Ill May 7 1998)

* "Some conditions of Confinement may establish an 8th Amendment Violation 'in combination' when each would not do so alone, but only when they have a Mutually enforcing effect that Produces the deprivation of a single, identifiable human need such as food warmth or exercise - for example a, Low temperature cell at night, Combined with failure to issue blanket Wilson v. Seiter, 501 U.S. 294, 304 111 S.Ct. 2321 2327, 115 L.Ed 2d 271 281 (1991)

* Finding that Prisoners Stated Sufficient 8th Amendment Claims in 1983 Complaint alleging unsanitary and dangerous Conditions (DeMallory v. Cullen 855 F.2d 442, 445 (7th Cir 1988)

HYNES V. SCULLY 610 N.Y.S.2D 318,203 A.D.2D 462,N.Y.A.D.2DEPT.1994.HEARING OFFICER A
PRISONERS DISCIPLINARY HEARING FAILED TO MAKE THE REQUIRED MEANINGFUL EFFORT TO
OBTAIN THE REQUESTED INFORMATION FROM INMATE WITTNESS SINCE OFFICER DID NOT PERSONAL
-LY QUESTION INMATE REGARDING HIS REFUSUAL TO TESTIFY NOR WAS THERE ANY INDICATION
THAT OFFICER QUESTIONED CORRECTION OFFICER WHO SIGNED WITTNES REFUSAL FORM ,
APPROPRIATE REMEDY WAS EXPUNGMENT OF INFRACTION AND PRISONERS RECORD RATHER THAN
REMITTAL FOR A NEW HEARING .THE RECORD CONTAINS A WITNESS REFUSAL FORM WHICH
INDICATED THAT THE INMATE REFUSED TO TESTIFY AT THE HEARING OR TO PROVIDE
A REASON FOR HIS REFUSAL,AND DID NOT SIGN THE FORM.ONE CORRECTION OFFICER INDICATED
ON THE FORM THAT HE HAD SPOKEN WITH THE INMATE AND THE INMATE REFUSED TO GIVE A
REASON FOR REASON FOR REFUSUAL.THE COURTS CONCLUDED THAT THE HEARING OFFICER FALIED
TO MAKE THE REQUIRED MEANINGFUL EFFORT TO OBTAIN THE REQUESTED TESTIMONY,SINCE
HE DID NOT PERSONALLY QUESTION THE INMATE REGARDING HIS REFUSUAL TO TESTIFY,
NOR WAS THERE ANY INDICATION ON THE RECORD THAT HE QUESTIONED THE CORRECTION
OFFICER WHO SIGNED THE FORM .SEE,"MATTER OF AFRIKA V.SELSKY 199 A.D.2D 315,605
N.Y.S.2D 101";MATTER OF BARNES V. LE FEVRE,69 N.Y.2D 649,5±1 N.Y.S.2D 591,503
N.E.2D 1022;MATTER OF WILLAMS V. COUGHLIN,145 A.D.2D 771,535 N.Y.S.2D 499;
MATTER OF SILVA V. SCULLY 138 A.D.2D 717,526 N.Y.S.2D 532'7 NYCRR 254.5(A);
matter of breazil v. senkowski,199 a.d.2d 769,605 n.y.s.2d 460.

BURNS V. PA DEPT OF CORRECTIONS,242 F.3D 163,(C.A.3(PA,)2011).HEARING OFFICERS
RELIANCE ENTIRELY ON STATEMENTS OF CORRECTION OFFICERS IN DETERMINING WHETHER
EVIDENCE WAS RELEVENT DEPRIVED INMATE OF HIS RIGHT TO DUE PROCESS .

DUE PROCESS FORBIDS THE IMPOSITION OF PUNISHMENT ON PRE-TRAIL DETAINEE BEFORE
THEY HAVE BEEN FOUND GUILTY OF A CRIME."BELL V. WOLFISH,441 U.S. 520,535-39,99
S.CT,1861(1979)

DUE PROCESS CLAUSE BY ITSELF REQUIRES PRISON OFFICAL TO FIND THE PRISONER GUILTY
IN A MANNER PROCEDURALLY PROPER "BEFORE" IMPOSING PUNISHMENT FOR VIOLATING
PRISON RULES .JONES V.MABRY,723 F.2D 590,594(8TH CIR 1983);PLETKA V.NIX 957 F.2D
1480,1484(8TH CIR);GETCH V.ROSENBACH 700 F.SUPP 1365,1382 (D.N.J 1988)

IF THE COMMITEE REFUSES TO LISTEN TO THE PRISONER THEY VIOLATE DUE PROCESS."
JACSON V.CAIN698 F.2D 112,123(2D CIR.1983);MCCANN V. COUGHLIN.

IN ORDER  TO BE HEARD,PRISONER MUST BE,AND HAVE THE RIGHT TO BE PRESENT,UNLESS
PRISONER POST A THREAT OR DANGER TO HEARING OR DURING THE CROSS-EXAMINATION OR
DIRECT  CONFRONTATION."BATTLE V. BARTON,970 F.2D 779,782(11TH CIR 1992)

PETITONER HAS THE RIGHT TO HEAR ..IE..TO BE INFORMED OF EVIDENCE AGAINST HIM
INORDER TO RESPOND TO IT."GRILLP V. COUGHLIN 31 F.3D 53, 56 (2D CIR .1994)";
FACTS OF EVIDENCE(852 N.Y APP.DIV 1991);CHAIN OF CUSTODY;"FRANCIS V.COUGHLIN,
891 F.2D 43 47 (2D CIR.1989)

PRISONER HAVE THE RIGHT TO CALL WITNESS WHEN DOING SO DOESNT UNDULY HAZARDOUS TO
INSITUTION SAFETY OR CORRECTION GOALS..WOLF V.MCDONNELL 418 U.S. 539 566,94 S.CT
2965 (1974)

THE ACCUSED PRISONER HAS THE RIGHT TO CALL,AND AT LEAST HEAR WITNESS TO BE SURE
RELEVENT INFORMATION IS BROUGHT OUT ."MATTERS V.STATE,437 N.W.2D AT 568-69

THE FOURTEENTH AMENDMENTS DUE PROCESS CLAUSE PROTECTS PERSONS AGAINST DEPRIVATIONS OF LIFE,LIBERTY,OR PROPERTY;AND THOSE WHO SEEK TO INVOKE ITS OWN PROCEDURAL PROTECTION MUST ESTABLISH THAT ONE OF THOSE INTEREST MAY BE AT SAKE."WILINSON V. AUSTIN,545 U.S.209,221,125 S.CT.2384,2393,162L.ED.2D 174 (2005)

COLON V. HOWARD,215 F.3D 227,232(2ND CIR)HOLDING THAT 305 DAYS IN SOLITARY CONFINE -MENT CELL OF SEGREGATED HOUSING UNIT WAS A SUFFICIENT DEPARTURE FROM THE ORDINARY INCIDENT OF PRISON LIFE TO REQUIRE PROCEDURAL DUE PROCESS UNDER"SANDIN" MAGLUTA V.SAMPLES,375 F.3D 1269,1282(11TH CIR.2004)ALLEGATIONS THAT PLAINTIFF WAS CONFINED IN SOLITARY CONFINEMENT UNDER EXTREMELY HARSH CONDITIONS WITH MINIMAL OR NO HUMAN CONTACT FOR MORE THAN 500 DAYS SUPPORTED A LIBERTY INTEREST UNDER "SANDIN"

BOULANGER V. DIR. U.S. BUREAU OF PRISONS,CIVIL NO.06-CV-308-JD,2006 WL 3694548, AT*5(D.N.H.DEC.12,2006)IT GOES WITHOUT SAYING THAT A PRETRAIL DEATAINEE WHO IS DENIED ANY HEARING AT ALL PRIOR TO THE IMPOSITION OF PUNISHMENT WAS DENIED THE DUE PROCESS GUARANTEED BY"WOLF"

EVEN ASSUMING THAT THE RECORD IS UNCLEAR WHETER INMATE WAS BEING HELD AS PUNISHMENT FOR PRIOR ACTION OR FOR SECURITY REASONS,A HEARING SHOULD HAVE BEEN HELD."BECAUSE THE SAME CONDUCT MAY BE THE BASIS FOR ETHIER THE PUNITIVE MEASURES ,NONPUNITIVE,REGULATORY RESTRICTIONS OR PUNITIVE SANCTIONS,IT IS OFTHEN IMPORTANT TO DISTINGUISH BETWEEN NONPUNITIVE MEASURES AND THE PUNITIVE MEASURES THAT ARE SUBJECT TO DUE PROCESS RESTRICTIONS."RAPIER,172 F3D AT 1005. A DUE PROCESS HEARING HELPS TO ENSURE THAT DISCIPLINARY PUNISHMENT IS WHAT IT PURPORTS TO BE,RATHER THAN PUNISHMENT IN ADVANCE OF CONVICTION FOR THE CRIME THAT LEAD TO THE DETENTION..."(MITCHELL,75 F.3D AT 524 N.4 .AGAIN THE ABSENCE OF A HEARING BEFORE BEING KEPT IN PUNITIVE SEGREGATION AS PRETRAIL DETAINEE VIOLATED PROCEDURAL DUE PROCESS RIGHTS.

THE FUNAMENTAL REQUIREMENT OF DUE PROCESS IS THE OPPORTUNITY TO BE HEARD AT A MEANINGFUL TIME AND IN A MEANINGFUL ,MANNER"MATTHEW V. ELDRIDGE,424 U.S 319, 333.96 S.CT. 893,902,47 L.ED.2D 18(1976)(QUOTING"ARMSTRONG V.MANZO,380 U.S 545,552,85 S.CT. 1187,1191,14 L.ED.2D 62(1965)).THE DOC RELIANCE ON A HEARING THAT TOOK PLACE MORE THAN YEARS EARLIER,WHILE INMATE WAS SERVING A PRIOR SENTENCE TO JUSTIFY THE PLAINFFS CONTINUING CONFINEMENT IN PUNITIVE SEGREGATION IS NOT SUFFICIENT TO MEET THIS STANDARD.COMPARE(SHOATS V.HORN,213 F.3D 140,147 (3RD CIR.2000)HOLDING THAT MONTHLY REVIEWS OF INMATES CONFINEMENT IN ADMINISTRATIVE CUSTODY,DURING WHICH INMATE HAD OPPORTUNITY TO PRESENT HIS VIEWS,SATISFIED THE MINIMAL CONSTITUTIONAL STANDARDS OF DUE PROCESS... TAKEN TO ITS LOGICAL EXTREME,THE DEAFANDANTS POSITION THAT THE REMAINDER OF A DISCIPLINARY SANCTION MAY BE IMPOSED AT ANY TIME IN THE FUTURE,UNCHECKED BY FURTHER PROCEDURAL REVIEW ,WOULD MEAN THAT AN INMATE COULD RETURN TO DOC CUSTO -DY A DECADE OR MORE AFTER THE COMPLETION OF HIS ORIGINAL SENTENCE,AND BE SUBJECTED TO PUNITIVE SEGREGATION CONFINEMENT WITHOUT THE OPPORTUNITY TO BE HEARD OR CHALLENGE THE APPROPRIATENESS OF HIS PLACEMENT,THIS IS ENTIRELY INCONSISTENT WITH THE REQUIREMENTS TO PROVIDE AN"OPPORTUNITY TO BE HEARD IN A MEANINGFUL TIME AND MANNER"(MATHEWS,424 U.S. AT 333,96 S.CT AT 902.

THE INMATE POSSESSED A LIBERTY INTERREST AND THE DEFENDANTS DEPRIVED HIME OF THAT AS A RESULT OF THE INSUFFICIENT PROCESS."GIANO V. SELSKY.238 F.3D 223.225(2D CIR2001)":JOSEPH V.FISCHER,2009 WL 3321011.AT*11(S.D.N.Y OCT.8 2009);SEE ALSO FRAZIER V.COUGHLIN,81 F.3D 313,317(2D CIR.1996)

FORD V.CLARKE 746 F.SUPP.2D 273(D.MASS.210)PLAINTIFF INCARCERATION IN PUNITIVE SEGREGATION WAS INTENDED AS PUNISHMENT AS A PRETRAIL DETAINEE, VIOLATING HIS SUBSTANTIVE DUE PROCESS RIGHT,DEPUTY COMMISSIONERS OF CORRECTION FAILURE TO PROVIDE INMATE WITH ANY DUE PROCES OF PROCEDURE PROTECTIONS AT TIME HE WAS RETURNED TO PUNITIVE SEGREGATION AS A PRETRAIL DETAINEE,OR AT THE TIME HE WAS A CONVICTED PRISONER,VIOLATED HIS DUE PROCESS, PRETRAIL DETAINEES HAVE A FOURTEENTH AMENDMENT RIGHT TO BE FREE FROM PUNISHMENT PRIOR TO CONVICTION,U.S.C.A CONST.AMEND.14,FAILURE OF THE DEPARTMENT OF CORRECTIONS(DOC) TO PROVIDE PRETRAIL DETAINEE WITH ANY HEARING BEFORE HE WAS PLACED IN PUNITIVE SEGREGATION VIOLATED HIS RIGHTS TO PROCEDURAA DUE PROCESS HE COULD NOT BE HELD IN PUNITIVE SGREGATION AS A PRETRAIL DETAINEE AS PUNISH-MENT FOR INFRACTION OF DISCIPLINARY RULE WHICH OCCURED WHILE SERVING PRIOR SENTENCE ,PURSUANT TO DUE PROCESS,PRISONER WAS ENTITLED TO HEARING IN CONNECTIO WITH HIS RETURN TO PUNITIVE SEGREGATION AS A CONVICTED PRISONER OR(PRETRAIL DETAINEE)THE SANCTIONS IMPOSED ON HIM DURING HIS PRIOR CONFINEMENT WAS CONSIDER A DISCIPLINARY SANCTION IMPOSED ON A NEW PRISONER,AND THEREFORE,HE WAS ENTITLED TO A HEARING ,DETAINEES PLACEMENT IN PUNITIVE SEGREGATION WITHOUT ADEGUATE PROCESS OCCURED PURSUANT TO DOC CUSTOM,AND WHEN A PRETRAIL DETAINEE WAS HELD BY DOC STILL HAD TIME REMAINING ON A PUNITIVE SEGREGATION SANCTION IMPOSE ON A PRIOR ARREST,IT WAS DOC PRACTICE TO CONFINE THE DETAINEE IN PUNITIVE SEGREGATION BASED ON THE PRE-EXISTING SANCTION.

GARRITY V. FIEDLER,41 F.3D 1150,1152(7TH CIR.1994)THE "CONTINUATION" OF THE PUNITIVE SEGREGATION SANCTION ALSO IGNORES THE WELL-ESTABLISHED FACT THAT A PUNITIVE SEGREGATION SANCTION IS NOT A CRIMINAL SENTENCE OF PUNISHMENT,BUT INSTEAD ITS A CIVIL SANCTION,DISTINGUISHING PRISON DISCIPLINE FROM CRIMINAL PROSECUTION IN DOUBLE JEOPARDY CONTEXT AND NOTING THAT EVERY CIRCUIT THAT HAS ADDRESSED THIS MATTER HAS FOUND THAT PRISON DISCIPLINE DOES NOT PRECULDE A SUBSEQUENT CRIMINAL PROSECUTION OR PINISHMENT FOR THE SAME ACTS.

COMMONWEALTH V.BLOOM,53 MASS.APP.CT,476,478,760 N.E.2D 297,299(2001)("AS GENERAL MATTTER,THE IMPOSITION OF PRISON DISCIPLINE IS CIVIL IN NATURE AND DOES NOT BAR CRIMINAL PROSECUTION FOR THE SAME WRONGFUL CONDUCT....").IF THE PUNITIVE SEGREGATION SANCTION DOES NOT END WHEN AN INMATES COMPLETES HIS CRIMINAL SENTENCE OR IS RELEASED ,THE SANCTION,IN EFFECT,BECOMES AN ADDITIONAL CRIMINAL SENTENCE TO BE SERVED WITH IS UNLAWFULL.

THE CONTINUATION OF THE PUNITIVE SEGREGATION SANCTION FOLLOWING THE COMPLETION OF A CRIMINAL SENTENCE OR REALEASE ALSO IS INCONSISTENT WITH HOW ALL OTHER PRISONERS IS BEING TREATED.IT IS UNDISPUTED THAT AT THE THE TIME THE SANCTION WAS IMPOSED IT WAS EXPECTED THAT IT WOULD EXPIRE AT INMATES RELEASE .THE DOC COULD NOT HAVE KEPT INMATE INCARCERATED TO FINISH OUT HIS CIVIL DISCIPLINE. THAT SANCTION COULD HAVE ONLY LASTED A DAY IF THAT INMATE WAS SCHEDULED FOR RELEASE AT THAT TIME.THE FACT THAT A PRISONER IS SUBSEQUENTLY DETAINED ON UNPROVEN CRIMINAL CHARGES SHOULD NOT SERVE AS GROUNDS TO EXTEND AN OTHERWISE COMPLETED SANCTION.SINCE THE DOC WAS NOT ENTITLED TO CONTINUE ITS PUNISHMENT OF INAMTE BEYOND HIS CRIMINAL SENTENCE,ITS CLEAR THAT BY RELYING ON OLD INFORMATION WITHOUT A NEW REVIEW OF FACTS ,THE INMATE PLACEMENT IN PUNITIVE SEGREGATION WAS AN IMPERMISSIBLE PUNISHMENT OF A PRETRAIL DETAINEE FOR CONDUCT WHICH WAS CHARGED BUT NOT YET PROVED.COLLAZO-LEON V.UNITED STATES BUREAU OF PRISIONS,51 F.3D 315,318(1ST CIR.1995)("REASONABLE PUNISHMENT MAY BE IMPOSED TO ENFORCE REASONABLE PRISON DISCIPLINAR REQUIREMENTS BUT MAY NOT BE IMPOSED TO SANCTION PRIOR UNPROVEN CRIMINAL CONDUCT")(EMPHASIS OMITTED)

PPISONERS HAVE THE RIGHT TO PRODUCE DOCUMENTARY AND PHSICAL EVIDENCE AT HEARING ]
IN POSSESSION OF PRISON OFFICIALS THAT MAY HELP DETERMINE GUILT OR INNOCENANCE.
SMITH V.MASS DEPT OF CORRECTION 936 F.2D 1390 1401 (1ST CIR 91)

PRISON MUST EXPLAIN DENIAL OF RELEVANT AND IMPORTANT DOCUMENT CENTRAL TO THE
CONSTUCTION OF A DEFENSE.CAMPELL V.HENMAN 931 F.2D 121 1214(7TH CIR 1991)

EXCULPATORY EVIDENCE MUST BE DISCLOSED AT THE PRISONERS HEARING.PACE V.OLIVER
634 F.2D 302 304-05 (5TH CIR 1981)

ABSOLUTE BAR ON ALL DENY DUE PROCESS.SPELLMON-BEY V.LYNAUGH 778 F.SUPP 338 344
(E.D.TEX 1991)

REFUSUAL TO CALL A PARTICULARLY IMPORTANT WITNESS IS TO DENY DUE PROCESS
SMITH V. MASCHNER 899 F.2D 940 946-46(10TH CIR 1990)

RULES FORBID PERMITTING WITNESSES TO REFUSE TO APPEAR WITHOUT EXPLANATION VIOLATE
DUE PROCESS FORBES V. TRIGG 976 F.2D AT 316 18

PURSUANT TO RESPONDENTS OWN REGULATIONS AN INMATE HAS THE RIGHT TO CALL WITNESS AT A DISCIPLNARY HEARING UNLESS THE PRESIDING OFFICER DETERMINES THAT THEIR TESTIMONY IS IMMATERIAL REDUNDANT OR WOULD JEOPARDIZE SAFETY OR INSTITUTIONAL GOALS.(9 NYCRR 7006-8[D]);39 RCNY 1-03[A][10][III];7NYCRR§253.5[A];254[A]; MATTER OF BARNES V.LEFEVRE 69 N.Y.2D 649 511 N.Y.S.2D 591 502 N-E.2D591 503 N.E.2D 1022;PEOPLE EX REL VEGA V. SMITH 66 N.Y.2D 130 495 N.Y.S 2D 332 485 N.E.2D 1997;MATTER OF SILVA V.SCULLY 138 A.D.2D 777 526 N.Y.S.2D 532.THE HEARING OFFICER IS REQUIRED TO EXPLAIN HIS REASON FOR DENAIL OF WITNESS IN WRITTEN 7NYCRR:253.5[A];254[A];PEOPLE EX REL VEGA V. SMITH (SUPRA);MATTER OF MCDERMOTT V. SCULLY 145 A.D.2D.421 535 N.Y.S.2D 628.

PERHAPS MORE SIGNIFICANTLY 7NYCRR 254.5[A]FUTHER PROVIDES THAT ANY WITMESS SHALL BE ABLE TO TESTIFY AT HEARING IN THE PRESENCE OF THE INMATE UNLESS THE HEARING OFFICER DETERMINES THAT DOING SO WILLJEOPARDIZE INSTITUTIONAL SAFETY OR CORRECTIONAL GOALS.WHAT IS UNEQUIVOCALLY CLEAR IS THAT A DENIAL OF AN INMATE REQUESTED WITNESS AT THE DISCIPLINARY HEARING LEFTED UNEXPLAINED OR UNSUPPORTED BY THE RECORD VIOLATES DUE PROCESS.7NYCRR 253.5[A];LAUREANO V.KUHLMAN,75 N.Y.2D 141(1990);GARCIA V.LEFEVRE 64N.Y.2D 101.

CASES SUCH AS POWELL V. WARD 487 F.SUPP 917(S.D.N.Y)CLEARLY PUTS THE DEPATRMENT OF CORRECTION ON NOTICE OF THE MANDATORY REQUIREMENT OF INMATE RIGHTS TO CALL WITNESS .

SUPERVISORY LIABILITY MAY BE LIABLE IF AFTER LEANING OF THE VIOLATION THOUGH AB APPEAL,THE OFFICIAL FAILED TO REMEDY THE WRONG OR ALLOWED A POLICY OR CUSTOM UNDER WHICH UNCINSTITUTIONAL PRACTICES OCCURED TO CONTINUE.SEE. WILLAMS V. SMITH 781 F.2D 319 323(2D CIR 1986 )ALLEGATION THAT DEFENDANTS SUPERINTENDENT AFFIRMED SENTENCE ON APPEAL AND MAY HAVE BEEN RESPONSIBLE FOR THE CONDUCT OF THE PRISON DISCIPLINARY OFFICER OR PROCEEDING IS SUFFICENT TO SURVIVE JUDGMENT.SEE.YOUNG V. KIHL 720 F.SUPP 23 23(W.D.N.Y 1989)

CHAD HOOOKS V. NEW YORK CITY DEPT OF CORRECTION,929 N.Y.S.2D 200,31 MISC.3D 1225[A N.Y.SUPP.2011 ADJUDICATION CAPTIN VIOLATED PLAINTIFF CONSTITUTIONAL RIGHT OF DUE PROCESS WITH THE FAILURE TO MAKE A REASONABLE AND SUBSTANTIAL EFFORT TO OBTAIN THE TESTIMONY OF WITNESSES HE INTENDED TO PRESENT AT DISCIPLINARY HEARING .

WHERE THE DEPARTMENT OF CORRECTIONS FAIL TO COMPLY WITH ITS OWN REGULATIONS IN ARRIVING AN ADMINISTRATIVE DETERMINATION THAT DETERMINATION CAN NOT STAND . PERALTA V.ARTUZ 272 A.D.2D 330 331 (2ND DEPT 2000)QUOTING.ROLLISON V. SCULLY 181 A.D.2D 734(2ND DEPT 1992).SEE ALSO GARCIA V. LEFERVE 64 N.Y.2D 1001(1985) PRISON OFFICIALS HAVE THE BURDEN OF PROVING THAT THERE IS A VALID REASON FOR PRECLUDING A WITNESS FROM TESTIFYING.MCDERMOTT V. SCULLY 145.A.DA2D 421 422 (2ND CIRR 1988)

PRE-TRAIL DETAINEES,UNLIKE SENTENCE PRISONERS,HAVE A LIBERTY INTEREST IN NOT BEING PLACE IN DISCIPLINARY CONFINEMENT.RESNICK V. HAYENS 213 F3D 443 448(9TH CIR 2000).THUS PRE-TRAIL DETAINEES MAY NOT BE SUBJECTED TO DISCIPLINARY ACTION WITHOUT DUE PROCESS OF LAW BECAUSE THEY ARE NOT UNDER A SENTENCE OF CONFINEMENT AND THEREFORE IT CANNOT BE SAID THAT THEY OUGHT TO EXPECT WHATEVER DEPRIVATION CAN BE CONSIDERED INCIDENT TO SERVING SENTENCE.RAPIER V.HARRIS 172 F3D 99 1004-05(7TH CIR 1999)SEE ALSO BELL V. WOLFISH 441 U.S. 520(1977) AS SUCH RESTRAINT ON PRETRAIL DETAINEES IMPLICATES A PROTECTED LIBERETY INTERREST WHEN IT AMOUNTS TO PUNISHMENT

PRISON PUNISHMENT SHALL ALSO BE HELD TO BE CRUEL AND UNUSUAL PUNISHMENT IF THEY ARE GROSSLY DISPROPORTIONAL TO THE OFFENSE .ADAMS V.CARLSON 368 F.SUPP 1050 1053 (E.D.11);BLACK V. BROWN 524 F.SUPP.856 858(N.D.111.1981);FULWOOD V.CLEMMER 206 F. SUPP 370 379 (D.D.C.1962)

ENHANCED PUNISHMENT IMPOSED ON PRISONERS WHO ARE ALREADY IN PUNITIVE CONFINEMENT REQUIRES ADDITIONAL PROCEDURAL PROTECTION.ENG V.COUGHLIN 684 F.SUPP 56 63-64(S.D. N.Y 1998)

DEPRIVAL AGAINST CONSITIUTIONAL RIGHTS AS RETALIATION VIOLATES AND DENIES DUE PROCESS.SALAHUDDIN V.COUGHLIN 202 A.D.2D 835.609 N.Y.S.2D 108 (3RD DEPT 1994)

PROCEDURAL DUE PROCESS CLAIMS REQUIREA A DETERMINATION ON WHETHER THE PLAINTIFF WAS DEPRIVED OF A CONSTITUTIONAL RIGHT PROTECTED INTEREST AND,IF SO WHETHER THE PROCEDURES USED WERE ADEQUATE GIVEN,THE NATURE OF THE DEPRIVATION CONTEMPLATED . LOGAN V. IMMERMAN BUSH CO,455 US 422 428 71 L.ED 265 102 S.CT 1148 (1982)

DUE PROCESS REQUIRES THAT INMATES RECEIVE FAIR NOTICE OF RULE BEFORE THEY CAN BE SANCTIONED FOR ITS VIOLATION IF NOT DEU PROCESS IS DENIED AND VIOLATED .FORBES V. TRIGG 976 F.2D 308 314(7TH CIRR 1992);REEVES V.PETTCOX.19 F.2D 10601061(5TH CIR); "ENTITLED";RICHARDSON V.COUGHLIN 763 F.SUPP 1228 1235(S.D.N.Y1991);NOREN V.STRAW 578 F.SUPP 16(D.MOUNT 1982 1982),GIBBS V.KING 779 F.2D 1040 1045 (5TH CIR 1986)

IF FOUND GUILTY,PRISONER IS ENTITLED BY LAW AND RIGHT TA A WRITTEN STATEMENT BY THE HEARING OFFICER OF THE FACTS RELIED ON AND THE REASON FOR THE DISCIPLINARY ACTION.IN THE EVENT THINGS ARE EXCLUDED FROM STATEMENT,PLAINTIFF SHOULD STILL BE GIVEN NOTICE (SERVED)AND THE STATEMENT SHOULD INDICATE THE FACTS OF OMISSION WOLF V. MCDONNELL 418 U.S. 471 489 92 S.CT 2593 .

THE SUPREME COURT HAS ACKNOWLEDGE THAT CREDIBILITY JUDGMENTS IN PRISON DISCIPLINARY HEARINS ARE OFTHEN BETWEEN INMATES AND THE COMMITEES CO-WORKERS AND THAT THEY ARE UNDER OBVIOUS PRESSURE TO RESOLVE A DISCIPLINARY DISPUTE IN FAVOR OF THE INSTITUTION AND THEIR FELLOW EMPLOYEES...THIS MAKES IT EASY FOR PRISON OFFICIALS TO GET AWAY WITH SUCH UNLAWFUL/ILLEGAL PRACTICE .GREENEEEEE V.SAXNER.OF,PUBLIC SAFETY AND CORRECTIONAL SERVIC68,MID .APP.147 510 A.D.2D 613 619(MID APP 1986);CLEAVINGER V. SAXNER 474 U.S.193 204 106 S.CT 496 (1985)

PROCESS DUE TO PRISONER BEFORE SEGREGATION,IS INSUFFICIENT WHEN IT HAS BEEN CONTAMINATED BY THE INTRODUCTION OF FALSE EVIDENCE ,IN ITSELF IT VIOLATES DUE PROCESS CLAUSE..THE FACT THAT PRISONER ARE ENTITLED TO THE FULL PANOPLY OF PROCEDURAL PROTECTIONS AFFORDED AT TRAIL WHEN THEY ARE SUBJECTED TO INTERNAL PRISON DISCIPLINARY HEARING ,DOES NOT DEPRIVE THEM OF THE FUNDAMENTAL RIGHT NOT TO HAVE STATE OFFICIALS MAKE PURPOSELY FALSE STATMENTS AGAINST THEM (VIEWED AS NO HEARING AT ALL)MORRISON V. LEFEVRE 592 F.SUPP 1052 1073 (S.D.N.Y1989);FREEMAN V.RIDCOUT,808 F.2D AT 952.

THE COMMITEE, WHICH WAS NOT PRESENT AT THE INCIDENT IS NOT LIKELY TO BE ABLE TO INTERVIEW EFFECTIVELI.PRISONER MUST HEAR TESTIMONY INORDER TO HAVE AN OPPORTUNITY TO RESPOND TO IT.BALLA V.MURPHY 116 IDAHO 257 775 F.2D 149 152(IDAHO.APP. 1987); MATTER OF PLUNKETT,57 WASH.APP.230,788P.2D 1090 1093(WASH.APP 1990)

MERE CONVENIENCE DOES NOT JUSTIFY REFUSING TO CALL A WITNESS.CONNER V.SAKAI,15 F.3D 1463 1467(9TH CIR 1994);VASQUEZ V. COUGHLIN 726 F.SUPP AT 469-70;EX PARTE BLAND, 441 SO.2D 122 125 (ALA 1983)

PRISON OFFICIALS ARE REQUIRED TO MAKE REASONABLE EFFORTED TO IDENTIFY AND LOCATE WITNESS,EVEN IF THE PRISON CANT COMPLETELY IDENTIFY.KINGSLEY V.BUREAU OF PRISON 937F.2D 26 31(2D CIR 1991)

A PRISON DISCIPLINARY ACTION DOES NOT COMPORT WITH THE MINIMAL REQUIREMENTS OF PROCEDURAL DUE PROCESS...UNLESS THE FINDINGS OF THE PRISON DISCIPLINARY BOARD ARE SUPPORTED BY SOME EVIDENCE IN THE RECORD."SUPERINTENDENT,MASS,CORRECTIONAL INST. V. HILL 472 U.S. 445 454 105 S.CT.2768,2773,86 L.ED 2D 356(1985)SINCE HILL ITS BE HELD THAT HEARESAY DOES NOT CONSTITUTE SOME EVIDENCE.SEE.VAASQUEZ V.

COUGHLIN,726 F.SUPP.977,982(S.D.N.Y 1984)WHEN A COMMITTEE IMPOSE A DISCIPLINE BASED SOLELY ON THE REPORT OF A PRISON OFFICIAL OF WHAT AN INFORMANT CLAIMS TO HAVE WITNESSED WITH NO INFORMATION AS TO THE INDENTITY OR RELIABILITY OF THE INFORMANT IT HAS ACTED ARBITRARILY."HOWARD V. WILKERSON,768 F.SUPP 1002 (S.D.N.Y)"

WOLF V. MCDONNELL,418 U.S 539 564 94 S.CT 2963 2878 41 L.ED.2D 935(1979)WHEN PLAINTIFF IS NOT PROVIDE WITH THE EVIDENCE RELIED ON IT VIOLATES DUE PROCESS.

WHE AN AGENCY PROMULGATE RULES AND EXTENDS GREATER DUE PROCESS RIGHTS THAN MAY BE REQUIRED BY THE FEDERAL CONSTITUTION, IT IS WITHOUT QUESTION THAT STATE LAW MANDATES THAT THE AGENCY FOLLOW ITS OWN RULES."MATTER OF BRYANT V. COUGHLIN 77 N.Y.2D,642(1991);MATTER OF GARCIA V.LEFEVRE.(SUPRA)64 N.Y.2D 1001(1985). TO DO OTHERWISE IS TO ACT ARBITRARILY AND CAPRICIOUSLY.SEE."MATTER OF CORTEZ V.COUGHLIN,67 NY.2D 907(1986).AND THE MANDATES THE ANNNULMENT OF THE AGENCY DETERMINATION.MATTER OF GROSVENOR V. DALSHEIM,90 A.D.2D 485(2D DEPT.1982)

WHEN PRISON OFFICIALS REFUSE TO CALL WITNESSES,THE BURDEN IS ON THEM TO EXPLAIN WHY AT LEAST IN A LIMITED MANNER .PONTE V.REALL 471 U.S. 491 497 105 S.CT2192 (1985);S MITH V.MASS,DEPT OF CCORRECTION,936 F.2D 1390 13399 1400(1ST CIR 1981)

MANIPULATION OF PROCEDURERS BY PRISON OFFICIALS TO EXCLUD WITTNES DENY DUE PROCESS BROOKS V. ANDOLINO 826 F.2D 1266 1269(3RD CIR 1987);GRANDISON V COYLER 774 F.2D 598 604 (3RD CIR 1985);FEAGIN V.BROGLIN 6932 F.SUPP 736 740-41(N.D.IND 1988)

PRISONERS ARE ENTITLED TO A HEARING BEFORE AN IMPARTIAL FACT FINDER,THAT IS ONE WHO MIND IS NOT ALREADY MADE UP WHO CAN REENDER A FAIR HEARING.HODGES V.SCULLY 141 A.D.2D 729 N.Y.S 2D 832 834(N.Y.APP.DIV 1988);PATTERSON V. COUGHLIN,905 F.2D 564 570(2D CIR 190)

IMPARTIAL STATEMENTS AND INTRRUPTIONS OF HEARING OFFICERS,ARE UNEXCEPTABLE AND SHOW UNFAIR DEALING AND VIOLATE DUE PROCESS.FRANCIS 891 F.2D 43 46-47(2D CIR 1989)

THE PREPONDERANCE STANDARD TO CONVICT A PRISONER MUST BE MORE LIKELY GUILTY THAN INNNOCENT IN EVIDENCE AND FACTS.. IN RE WINSHIP 397 U.S.358 371 90 S.CT 1068(1970); LA FASO V. PATRISS, 633 A.2D AT 698;VALMONTE V. BANE 18 F.3D 992 (2D CIR1994 )

WROTTEN REPORTS MUST BE BASED ON PERSONAL KNOWLEDGE AND PROPERLY SIGNED AND DATED IN ORDER TO SUPPORT CONVICTION.PEOPLE EX REL.VEGA V. SMITH 485 N.E.2D AT 1002-04; RODRIQUEZ V. COUGHLIN 176 A.D.2D 1234,577 N.Y.S.2D 190 191(N.Y.APPDIV 1991)

PRISON OFFICIALS ARE FPRBIDDEN TO USE CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHT AMENDMENT THUS,PHYSICAL ABUSE AND FOUL AND DEGRADEING CONDITIONS OF PUNITIVE CON-FINEMENT ARE UNCONSTITUTIONAL.JACSON V.BISHOP 404 F.2D 571 579 (8TH CIR 1968)

HEARING OFFICER SHOULD RECEIVE CONFIDENTIAL INTESTIMONY CONCERNING PETITIONERS MENTAL HEALTH STATUS SEE.MATTER OF SCOUT V. FISHHER 57 A.D.3D 1035 1036 868 N.Y.S. 2D 816 (2008)

HENERSON V. NEW YORK CITY DEPT OF CORRECTIONS,711 N.Y.S.2D 180,274,A.D.2D,328 (N.Y.A.D.1ST DEPT 2000)INMATE WAS DENIED RIGHT TO CALL WITNESS AS PROVIDED IN A REGULATION OF THE CITY DEPARTMENT OF CORRECTIONS,THERE WAS NO RECORD WHY HEARING OFFICER DENIED REGUEST .

THE NOTICE OF CHARGES PROVIDED TO PLAINTIFF PRIOR TO HIS APPEARANCE BEFORE THE ADJUDICATION CAPTIN MUST ADEQUATELY SATISFY THE ADVANCE WRITTEN NOTICE REQUIREMENT OF WOLF V. MCDONNELL.THE NOTICE OF REPORT WITH BARE REFERENCES TO RULE NUMBERS, WERE THE ONLY DOCUMENTS GIVEN TO PLAINTIFF BEFORE HIS APPEARANCE.NOT ONLY WAS PLAINTIFF DENIED HIS RIGHT TO CALL LIVE WITNESS ,BUT HE WAS DEPRIVED OF ANY MEANINGFUL OPPORTUNITY TO MARSHAL THE FACTS NECESSARY TO HIS DEFENSE TO THE ALLEGED CHARGES,AND TO HAVE THAT DEFENSE CONSIDERED BY AN IMPARTIAL FACTFINDER THESE VIOLATIONS INFECTED THE DISCIPLINARY PROCEEDING IN A WAY THAT UNDERMINED THE FUNDAMENTAL FAIRNESS OF DUE PROCESS.THERE IS REASON TO BELIEVE THAT IF PLAINTIFF HAD BEEN AFFORDED THOSE RIGHTS WHICH HE WAS WRONGLY DENIED ,HE MIGHT WELL HAVE BEEN ACQUITTED OF THE ALLEGED CHARGES.

THE UNJUSTIFIED DENIAL OF WITTNESS,CONVICTION OF A DISCIPLINARY OFFENSE WITH NO SUPPORTING EVIDENCE ,AND THE FAILURE TO GIVE A MEANINGFUL STATEMENT OF REASON OF CONVICTION ARE ALL PLAIN VIOLATIONS OF DUE PROCESS.:PONTE V. REAL 471 U.S.491 497,105 S.CT.2192(1985)";SUPERINTENDENT V.HILL 472 U.S.445,457 105 S.CT.2768(1985) DYSON V. KOCIK,689 F.2D 466 467-68(3RD CIR 1982)

UNDER STATE REGULATION A INMATES REQUEST THAT WITNESS BE INTERVIEWED SHOULD HAVE BEEN GRANTED.SEE,GREEN V. COUGHLIN,633 F.SUPP,1166,1168-70(S.D.N.Y)

RULES FORBIDDING THE CALLING OF STAFF WITNESSES HAVE BEEN HELD UNCONSTITUTIONAL BY FEDERAL COURTS,AS HAVE RULES PERMITTING WITNESSES TO REFUSE TO APPEAR WITHOUT ADEQUATE PROOF AND EXPLANATION.FORBES V. TRIGG 976 F.2D AT 316-18.

INMATES HAVE THE RIGHT TO CALL WITNESSES WHEN IT IS NOT UNDULY HAZARDOUS TO INSTITUTIONAL SAFETY OR CORRECTIONAL GOALS.WOLF V. MCDONNELL,418,U.S.539,566,94 S.CT.2963(1974)

USED TO SUPPORT THE CHARGES AGAINST THE PRISONER,THE EVIDENCE MUST BE SHOWN TO THE INMATE AND SHOULD BE SHOWN TO HIM BEFORE THE HEARING.THIS INCLUDES WITNESS STATEMENTS AND OFFICER REPORTS.IF A INMATE SEES SUCH DOCUMENT FOR THE FIRST TIME AT THE HEARING A ADJUDICATION OFFICERS MUST ADJOURN THE HEARING SO THE INMATE MAY SET UP A DEFENSE.

AFTER THE HEARING IS CONCLUDED THE ADJUDICATION CAPTIN IS SUPPOSED TO COMPLETE A NOTICE TO INMATE OF DISCIPLINARY DISPOSITION.THE DECISION SHOULD BE IN WRITTING AND BE SPECIFIC AS TO THE VIOLATION THAT THE PRISONER IS FOUND GUILTY OF,AND THE EVIDENCE RELIED ON,THE TESTIMONY OF EACH WITNESS SHOULD BE SUMMARIZED AND EITHER CREDITED OR REJECTED.(DIRECTIVE 6500 R-B).

THE DISCIPLINARY PROCEDURES EMPLOYED BY DEFENDANTS DENIED HIM DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATE CONSTITUTION AND ALSO VIOLATED CERTAIN RIGHTS GUARANTEED TO PLAINTIFF BY THE NEW YORK STATE AND CITY LAWS.IN ADDITION TO THE PROCEDURAL DUE PROCESS REQUIREMENT OF THE FEDERAL CONSTITUTION,NEW YORK STATE HAS ENACTED A COMPREHENSIVE SET OF LAWS AND REGULATIONS APPLICABLE TO THE PRISON DISCIPLINARY PROCESS.AMONG SOME OF THE MANY RIGHTS AND PROCEDURES PROVIDED BY THE ST -ATE ARE,

FILED Apr 04 2011 Bronx County Clerk

INFR 6-2-09

2.2

082

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Alli, Umar,

PETITIONER,

For a Judgement under Article 78 of the Civil Practice Law and Rules

-AGAINST-

NYC DEPARTMENT OF CORRECTION,
WARDEN OF GRVC/CPSU,

RESPONDENT.

NOTICE OF MOTION TO CHALLENGE DISCIPLINARY DECISIONS PURSUANT TO CPLR §7800

NYSID No. [redacted]
B&C No. 241-10-07470

STATE OF NEW YORK }
COUNTY OF THE BRONX } ss:

PLEASE TAKE NOTICE, that upon the annexed petition of Umar Alli, verified on the 14 day of January, 2011 and upon the petition and affidavit, an application hereby made challenging petitioner's Disciplinary Decision pursuant to subdivision(s) of the CPLR 7800 to the Bronx County Supreme Court, First Judicial Department, located at 851 Grand Concourse, Bronx, New York 10451, on the 28 day of January, 2011, at 9 o' clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for a judgement releasing petitioner from Central Punitive Segregation Unit and dismissal of the Disciplinary decision rendered on the N/A day of June 2009, judgment made and entered by the Disciplinary Hearing Judge of the Rikers Island Judicial Center, convicting him the hereafter listed disciplinary infractions.

Yours, etc...

[signature]
PETITIONER

FILED Apr 04 2011 Bronx County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Alli, Umar

PLAINTIFF,

For a Judgement under Article 78 of the Civil Practice Law and Rules

-AGAINST-

NYC DEPARTMENT OF CORRECTION,
WARDEN OF GRVC/CPSU,

RESPONDENT.

**AFFIDAVIT IN SUPPORT TO CHALLENGE DISCIPLINARY DECISION PURSUANT TO CPLR §7800**

NYSID No. [redacted]
B&C No. 241-10-07470

STATE OF NEW YORK }
COUNTY OF THE BRONX } ss:

I, Alli, Umar, being duly sworn, deposes and says:

I am the petitioner in the above-entitled action, and is personally familiar with the facts and circumstances herein stated.

I am a detainee presently being detained at GRVC/ CPSU, listed hereunder the mailing address of 09-09 Hazen Street, Rikers Island, East Elmhurst, New York 11370, herein considered the County of the Bronx.

Whereupon, although I am personally familiar with all of the facts and statements hereinafter stated to the best of my knowledge, information and belief, I am a layperson in matters of the law and seek this Court's indulgence for errors, defects and faults pursuant to sec. 2101(f) of the Civil Practice Law and Rules.

Petitioner designates Bronx County as the place of trial. The basis of the venue is Jurisdiction for Riker's Island lies in Bronx County.

D001247

FILED Apr 04 2011 Bronx County Clerk

Pursuant to the CPLR, an answer and supporting affidavits, if any, shall be served at least five days before the aforesaid date of this hearing.

On the 02 day of June, 2009, an Infraction was written against me for allege violation of the following Department of Correction Detainee Conduct rule(s):

130.11

101.10

127.10

No previous application for the relief herein prayed for has been made.

Whereupon, this petitioner respectfully request the Court to order the petitioner's immediate release from the Central Punitive Segregation Unit and dismissal of the disciplinary decision rendered on the N/A day of June, 2009, made and entered by the Disciplinary Hearing Judge of the Rikers Island Judicial Center, pursuant to the laws, statutes, and arguments annexed herein.

D001248

FILED Apr 04 2011 Bronx County Clerk

STATEMENT OF FACTS

D001249

4

LEGAL ARGUMENT

In addition to the above stated facts, the following situations MAY apply and warrant dismissal of the infraction pursuant to Directive 6500, paragraph III.B.4.

A). There is no proof of service to show that the inmate received the Notice of Infraction because the inmate did not sign the Notice and there is no acknowledgement by a staff member that the inmate refused to sign it.

B) There is contradictory information and/or inconsistent allegations of facts recited in the Report and these are material or important facts.

C) The "Statement of Infraction Details" are so vague as to not give notice to the inmate of the charges against him.

D) There is incorrect material information within the body of the charges.

E) The supervising Officer or Captain who investigated the incident was a participant in the incident, which formed the basis for the charges.

F) The investigation of the infraction was not commenced within twenty-four (24) hours of the incident.

G) The witnesses requested by the inmate were not allowed to testify.

H) The inmate was not allowed to review relevant documentary or physical evidence introduced at the hearing and therefore was unable to dispute the evidence.

I) The inmate was not allowed to be present during witnesses' testimony and no or inadequate reasons were given for excluding the inmate.

J) The inmate was not allowed to ask the witnesses any questions and dispute the testimony.

K) The Hearing Officer did not summarize the testimony setting forth specific reasons for his finding of guilt.

L) The inmate was denied the assistance of an interpreter.

M) The records of the hearing are incomplete because the Hearing Officer failed to tape record the proceeding.

N) The Hearing Officer considered evidence outside the record or which was not presented at the hearing.

D001250

FILED Apr 04 2011 Bronx County Clerk

(O) The inmate was not allowed to appear at the hearing and no good reason was given for excluding the inmate.

The petitioner respectfully requests the right to make any and all further motions as may be necessary as a result of information and disclosure from the granting of the requests made herein and/or information received from any record within a reasonable time.

WHEREFORE, this petitioner respectfully prays that an order be issued granting this motion pursuant to the aforesaid sections of the New York State Civil Procedure Law & Rules, and taking into consideration the facts and argument annexed herein, or, in the alternative, an order be issued granting partial relief, or whatever relief the Court sees and deems fit and appropriate to insure the swift and proper administration of justice.

Yours, etc:..

PETITIONER

Sworn to before me this

14 day of January 2011

NOTARY PUBLIC / COMMISSIONER OF DEEDS

Andre Bethea
Notary Public State Of New York
Kings County
NO. 01BE6191493
Commission Expires Aug. 18 2012

D001251

FILED Apr 04 2011 Bronx County Clerk

AFFIDAVIT OF SERVICE

STATE OF NEW YORK)

COUNTY OF BRONX ) SS:

I, Alli Umar, being duly sworn deposes and says:

That I have on the 15 day of January 2011, placed and submitted the original and copies of this motion to be duly mailed via United States Postal Service, through the institutional mailroom of the George R. Vierno Center. Said moving papers were mailed to the following concerned parties:

Bronx Hall of Justice
Supreme Court- Criminal Division
265 East 161st Street
Bronx, NY 10451

NYC Department of Correction
Legal Division
75- 20 Astoria Boulevard
Jackson Heights, NY 11370

Donald J. Cranston Judicial Center
240 Mandacini Road
East Elmhurst, NY 11370

Yours truly,

[signature]

Sworn to before me on January 14, 2011

[signature]
NOTARY PUBLIC

Andre Bethea
Notary Public State Of New York
Kings County
NO. 01BE6191493
Commission Expires Aug. 18 2012

FILED Apr 04 2011 Bronx County Clerk

MISC
INFR 6-2-09

APR 04 2011

2/2/2011
2/16

# SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX
PART B1 & PART B2

ADDITIONAL PAPERS

LAS

THE PEOPLE OF THE STATE OF NEW YORK, ex rel.

**UMAR ALLI** Relator,
2411007470

*against*

WARDEN N.Y.C. D.O.C. Warden of the Penitentiary of the City of New York, Rikers Island, New York

Defendant.

**340082-11**
INDEX YEAR

Present:

Hon. ______________ *Justice.*

| The following papers used on this proceeding: | Papers Numbered |
|---|---|
| Petition | |
| Writ of Habeas Corpus | |
| Return to Writ of Habeas Corpus | |
| Exhibit Copy of Commitment | |
| Exhibit Copy of Complaint | |
| Traverse to Retuen | |
| Stenographer's Minutes | |

Upon the foregoing papers and the hearing and proceedings had, this writ is

dismissed
adjourned to
decision is reserved
sustained

Withdrawn on consent of all parties — TIME BARRED INFR - CANNOT BE APPEALED.

and the inmate ______________ is remanded.

See opinion.

Dated FEB 16 2011, 20__

J.S.C.
EDWARD M. DAVIDOWITZ

People's Brief ______________ Relator's Brief ______________

D001253

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

UMAR Ali,

PETITIONER,

For a Judgement under Article 78 of the Civil Practice Law and Rules

-AGAINST-

NYC DEPARTMENT OF CORRECTION, WARDEN OF OBCC/CPSU, GRV.C & R.N.D.C

RESPONDENT.

**NOTICE OF MOTION TO CHALLENGE DISCIPLINARY DECISIONS PURSUANT TO CPLR §7800**

NYSID No. 24906524
B&C No. 241-10-07170

STATE OF NEW YORK }
COUNTY OF THE BRONX } ss:

PLEASE TAKE NOTICE, that upon the annexed petition of UMAR Ali, verified on the 26 day of November 2011 and upon the petition and affidavit, an application hereby made challenging petitioner's Disciplinary Decision pursuant to subdivision(s) of the CPLR 7800 to the Bronx County Supreme Court, First Judicial Department, located at 851 Grand Concourse, Bronx, New York 10451, on the 9th day of December, 2011, at 9 o' clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for a judgement releasing petitioner from Central Punitive Segregation Unit and dismissal of the Disciplinary decision rendered on the (See Attachment) day of ______, 2009, judgment made and entered by the Disciplinary Hearing Judge of the Rikers Island Judicial Center, convicting him the hereafter listed disciplinary infractions.

Yours, etc...

[signature]
PETITIONER
UMAR Ali, Pro se

D001254

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Umar. Ali,

PLAINTIFF,

For a Judgement under Article 78 of the Civil Practice Law and Rules
-AGAINST-

NYC DEPARTMENT OF CORRECTION,
WARDEN OF [redacted]/CPSU, G.R.V.C, & R.N.D.C
RESPONDENT.

**AFFIDAVIT IN SUPPORT TO CHALLENGE DISCIPLINARY DECISION PURSUANT TO**
**CPLR §7800**

NYSID No. 09906524
B&C No. 241-10-07490

STATE OF NEW YORK }
COUNTY OF THE BRONX } ss:

I, UMAR. ALI, being duly sworn, deposes and says:

I am the petitioner in the above-entitled action, and is personally familiar with the facts and circumstances herein stated.

I am a detainee presently being detained at G.R.V.C / CPSU, listed hereunder the mailing address of 09-09 Hazen Street, Rikers Island, East Elmhurst, New York_11370, herein considered the County of the Bronx.

Whereupon, although I am personally familiar with all of the facts and statements hereinafter stated to the best of my knowledge, information and belief, I am a layperson in matters of the law and seek this Court's indulgence for errors, defects and faults pursuant to sec. 2101(f) of the Civil Practice Law and Rules.

Petitioner designates Bronx County as the place of trial. The basis of the venue is Jurisdiction for Riker's Island lies in Bronx County.

Pursuant to the CPLR, an answer and supporting affidavits, if any, shall be served at least five days before the aforesaid date of this hearing.

On the 2nd day of June, 2009, an Infraction was written against me for allege violation of the following Department of Correction Detainee Conduct rule(s): of the following infraction Docket No #

1524/09 -6-June-09

1525/09 6-June-09

1527/09 6-June-09

No previous application for the relief herein prayed for has been made.

Whereupon, this petitioner respectfully request the Court to order the petitioner's immediate release from the Central Punitive Segregation Unit and dismissal of the disciplinary decision rendered on the All dates of these Dockets day of ______, 20____, made and entered by the Disciplinary Hearing Judge of the Rikers Island Judicial Center, pursuant to the laws, statutes, and arguments annexed herein.

Petitioner also prays that the court expunged ALL the forementioned infraction history from his record and the relief of damage's both compensatory and punitive in a PER Dime figure of # 130.00 Per day for time spent in Punitive Segregation from June 2, 2009 up until the end of this action, for the violation of his Due Process and whatever else relief the court deem just and fit.

D001256

10/27/2009 08:58 7185466705 CPSU SECURITY PAGE 02/02

Exhibit 1

CPSU Profile Sheet

Inmate Name:

[illegible]

| Book & Case #: | NYSID #: | Location: | City Sentenced: |
|---|---|---|---|
| 241-09-03754 | 2990652Y | 4S #31 | ☐ |
| Feb 17, 1991 | Aug 21, 2010 | 23 | Other |

Transfer History:

| Date Entered | Amount Days | Jail | Transfer Type | Time Cut |
|---|---|---|---|---|
| Jul 16, 2009 | 402 | GRVC | | days |

Gang History:

| Gang | Rank | Member |
|---|---|---|
| | | |

Special Status:

| P.I.D.S. Level | Red Level | DOC High Charge | 265.03 | Bail Status | 2,500 | Escort Type | Single |
|---|---|---|---|---|---|---|---|

| CMC | Enhanced Restraint Status | Predicate | Gay | Isolation | Split Net | PC | Tube | Red Acc. Card | Red ID Card | Sep. Order |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Infraction History:

| Infrac Date | Jail | Infrac # | Charge | Description | Penalty | Complete |
|---|---|---|---|---|---|---|
| Jul 16, 2009 | GRVC | | 101.17 | Fighting W/ Inmate W/ O Weapon Or Injury | 402 Grvc Bing Transfer | ☐ |

Remarks:

D001257

In 2009 under alias Omar Ali: Book & Case # 241-09-03754 I Served approx 174 days in disciplinary confinement from June 8,2009 Untill November 2, 2009. Upon re-entry under Umar Ali: 241-10-07470 I entered Rikers Island O.B.C.C 16-00 Hazen. St East Elmhurst 11370 Disciplinary Confinement Unit on November 5, 2010 Approx 137 days after arrest (With Out Due Process Hearing) I was released to General Population on November 15 2010 due to Mental illness. Only to be readmitted to disciplinary confinement on december 20th 2010. From November 5th 2011 up untill todays Current date I have yet to Even upon Placement received a hearing or notice to why I'm being forced to endure this due process violation and cruel and unusual punishment, or why I wasn't afforded my due Process hearings or any other due Process rights Surrounding my placement in disciplinary confinement, such as to be heard Present, confront and question witness, documents or other physical evidence, Challenge or inquire the Standards of Proof against the Meritless and Malicious false Charges generated against I the Plaintiff before a impartial tribunal fact finder Adjudication Captin. Thus the respondents failure to do so amounted to respondents failure to preform a duty enjoined upon their scoops of authority by Law and therefore the Petitioner was denied his due process.

I Plaintiff was not given or aware that the disciplinary Punishment of days were imposed, issued or existed because I was never giving a written disposition, had no knowledge that a Judgement was rendered, afforded notice of appeal, and denied hearing.

ON June 2nd 2009 the day of the alleged infraction I was assulted by numerous Captins, deputys, and officers in 3 Main housing area of Rikers Island. I was assualted in my cell and on the Main Company. I was later taken to the Main intake Search area with a Captin and two officers. and received numerous death threat. immediately after I was taken to an unauthorized room without any cameras, I was then brutally assualted by the Security Captin and two officers, Upon leaving the Room the Camera Clearly shows me exiting with more injurys and blood on my Body then when I had entered. I was then taken to East Elmhurst and treated for injurys. Once returning to R.N.D.C Main intake I was held in a empty Pin Containing only an toilet and sink. No sitting area or bed was available. I was held in this Pen for 4 days w/o shower telephone usiage or adequate bedding, forced to sleep on the floor. I was then P.H.D to the Mhauii G.R.V.C Disciplinary Unit at 09-09 Hazen. St East Elmhurst 11370.

At no time did I receive a P.H.D hearing nor any hearing or was given a disposition. This unlawful Misconduct was done Soley to harrass, in retaliation to provent the truth of the Surrounding incident from coming to Light during the hearings to help officers escape Punishment and Justice

D001260

Believe however well founded, These unlawful misconduct's were done in retaliation and to provent the truth of the surrounding incident from coming to light during the hearing and recorded, to help Officers escape punishment and Justice.

The City Of New York, Borad and Department Of Correction's, is and was, at ALL time's relevant hereto a MUNICIPAL CORPORATION organized and existing under and by virtue of the laws of New York with it's principal place of busness ai 1 Centra Street, New York, N.Y, 10007, which through it's Borad of Correction, it's Department Of Correction's operate's a number of detention facilities, in/off, Riker's Island, including, but not limited to it's O.B.C.C & G.R.V.C, C.P.S.U's and R.N.D.C

The Borad of Correction Duties & Responsibilities includ's, but not limit's to, setting forth a policy, protocols, propedures, directives, a training system to knowledge it's personnel of such and overseeing it's operation's submitted to the Department of Correction's to enforce and uphold, ensuring the overall Care, Custudy and Control of the entire prison population and facility under the scoop's of it's authority.

One must believe that these highly ranked and seasoned correctional personnel at all time's knew their obligations and responsibility duities under LAW for the C.P.S.U area's are overseen directly by the Warden, Deputy warden of security with their security captain(s) and personnel, and all Disciplinary matter's are to be overseen by a impartial tribunal aduication personnel fact-finder whos scoop of employment and post within the aduication is soley to ensure and enforce these laws and right's, Thus, Respondent failure to do so enjointed upon the scoop's of their employment and authority by law and therefore petitioner has indeed beed DENIED his minimum standard's and due process right's.

Do to the Deliberate & Reckless Indifference and Disreguard, Gross Negligence & Intentional Deprivation of the Department Of Correction's Maliciously & Sandistically Malum in Se action's, and Discriminatory treatment, the Petitioner's U.S Constitutional 5th. and 14th. right's has been violated and denied, submitting me to be forced, without JUST CAUSE, to endure 24/7 lock down Punitive Segregation for the pass sixteen (16) month's and ongoing, depriving petitioner of his free movement as CRULE AND UNUSUAL PUNISHMENT, inflicted upon petitioner as retaliation, thus, violating petitioner 8th. Constitutional right.

D001261

## Statements Of Facts

On July 17th 2010 the Plaintiff Was arrested by the N.Y.P.D Of the 43 Pct. County Of the bronx. NY and brought Before the Courts Of the bronx Under Current indictment #. Later to be Sent to Rikers Island R.N.D.C at 11-11 Hazen. St East. Elmhurst 11370 Under Book & Case # 241-10-07470 I Plaintiff Was Placed in General Population

Approximately 135 days later I was informed to Pack my belongings and was escorted to R.N.D.C Main intake. I was told Verbally I was being transfered to Disciplinary Segregation. Allegely for disciplinary day owed Under alias OMAR. Ali. Book & case # 24109 03754 during My 2009 incarceration. I have no such knowlege or such days owed due to the fact I Was never Present at any disciplinary hearing or given a Copy of infraction or disposition. During My 2009 incarceration I filed numerous Complaint and Article 78's Which Were withdrawn due to ineffective of counsel and Officials trying to cover the officers Misconduct.

During an article 78 Proceeding disputeing disciplinary owed days I was given a falseified document allegeing I was being detained in disciplinary Confinement for fighting with a inmate W/O any injurys On July 16 2009. On July 16, 2009 I was already Confined in disciplinary Confinement, and never had a fight with an inmate. Even so, fighting with an Inmate W/O injury is a grade 3 Offense and only punishable the max 30 days. See falseified document Exhibit 1. I never receved a infraction or disposition for allege Offense.

Months later when I refiled an article 78 I was given an infraction History list Allegeing I receved 3 infractions On June 2, 2009 Which equaled to Me allegely oweing 456 disciplinary Confinement days. (See exhibit 2) I never receved a hearing or dispostion for alleged June 2, 2009 infractions. infraction Numbers 1524/09, 1525/09, 1527/09

Due to all Stated facts I have no actual or Factual Knowlege For my Confinement in disciplinary Segregation.

I have been denied Due Process, rights to Attend and or even giving notice and knowlege of hearing, and all other consitutional 5th & 14th Amendment right and Minimum Standards ensured to Pre trail detainees within the body Of Law.

Exhibit 2

60 Q AR

**Department Of Correction-Intradepartmental Memorandum**

Date : October 12, 2011

To : Rose Agro, Warden, GRVC ( through channels)

From : Budnarine Behari, Captain # 1603

Subject : **PUNITIVE SEGREGATION TIME**
**RE: INMATE ALLI, UMAR B&C 241-10-07470**

Submitted herein is a report regarding inmate Alli, Umar B&C 241-10-07470 punitive segregation time.

Pursuant to a complaint received that was filed by inmate Alli, Umar, Book and Case # 241-10-07470 an investigation was conducted by I, Budnarine Behari, Captain # 1603, which revealed the following:

The subject inmate is claiming that he has served his entire Punitive Segregation time that he was sentenced to. Furthermore he is claiming that he should not be housed in MHAUII or CPSU.
Inmate Alli first entered DOC custody on March 20, 2009 under the Book and Case #241-09-03754 and was discharged on November 25, 2009. During this time period he received a total of 4 infractions. Listed below is a chart of his infractions, the date that they occur and the total punitive segregation time he was sentenced to.

| DATE | INFRACTION # | DISPOSITION | PUNITIVE SEGREGATION TIME |
|---|---|---|---|
| 5/25/09 | 1450/09 | Guilty | 20 DAYS |
| 6/02/09 | 1524/09 | Guilty | 195 DAYS |
| 6/02/09 | 1525/09 | Guilty | 60 DAYS |
| 6/02/09 | 1527/09 | Guilty | 170 DAYS |

***All infractions occurred at RNDC.

The subject inmate was sentenced to a total of 445 days. He entered MHAUII on June 5, 2009 and was discharged on November 25, 2009 serving a total of 174 days.

Inmate Alli currently entered DOC custody on July 19, 2010 and is currently housed in MHAUII. The subject inmate entered DOC custody owing a total of 271 days. During his current incarceration inmate Alli has been in and out of MHAUII/CPSU on a number of occasions. He first entered on 11/5/10 and was discharged on 11/16/10 serving a total of 12 days. Inmate Alli again entered on 12/20/10 and was transferred to BHPW on 9/30/11 serving a total of 285 days. During this time he received 4 additional infractions totaling 421 days. The subject inmate reentered MAHUII on 10/4/11 where he is currently serving his punitive segregation time.

[illegible].) During my 455 day Confinement in disciplinary Segregation I was subjected to numerous Changes that would've be avoided if my due Process rights weren't being Violated, these Changes resulted into loss of liberty, loss of amenity in Prison living conditions Cruel and unusual Punishment, and mental/Emotional injury, mental/emotional distress.

[illegible].) Plaintiff was Confined for 23 hours a day in a Cell roughly 40 square feet

[illegible].) Deprived of most his Personal Property Ex. Sneakers, books, Maginzines, Clothes, Watch, Cosmetics, Stamps, Envelopes, Pictures, religious items and Canteen.

[illegible].) As well as the ability to work, attend educational and Vocational Programs, which [illegible], associate with other detainee's, attend indoor/outdoor recreation in a congregate setting with the ability to engage in sports and other congregate recreational activities.

[illegible].) Yet the things Plaintiff was deprived of doesn't stop there it's more. The ability to attend, meals with other detainees, Order food from commissary or be Physically present at Commissary.

[illegible].) During Plaintiff disciplinary confinement I was forced to go to court with D.O.C Clothing instead of Personal clothing..

[illegible].) I was forced to be handcuffed and shackled during all movement which wouldn't happen in general population.

[illegible].) I was forced to shower in a cage and. only allowed one shower a day.

[illegible].) I was forced to see my family in a cage on a segregated visiting floor

[illegible].) I was subjected to limited law library and Social Service access.

[illegible].) I was subjected to one 6 minute phone call a day Some days not being able to contact family, friends or loved ones, growing distant to love ones due to loss of contact.

[illegible].) This Confinement consitutes Cruel and unsual Punishment and atypical and Significant Hardship, Loss of liberty and due process violation.

O) The inmate was not allowed to appear at the hearing and no good reason was given for excluding the inmate.

The petitioner respectfully requests the right to make any and all further motions as may be necessary as a result of information and disclosure from the granting of the requests made herein and/or information received from any record within a reasonable time.

WHEREFORE, this petitioner respectfully prays that an order be issued granting this motion pursuant to the aforesaid sections of the New York State Civil Procedure Law & Rules, and taking into consideration the facts and argument annexed herein, or, in the alternative, an order be issued granting partial relief, or whatever relief the Court sees and deems fit and appropriate to insure the swift and proper administration of justice.

Yours, etc...

PETITIONER
(Pro se) UMAR Alli

Sworn to before me this
20th day of November, 2011.

NOTARY ~~PUBLIC~~/COMMISSIONER OF DEEDS

LAKENYA A. JOHNSON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01JO6221713
Qualified In Kings County
My Commission Expires 5/10/2014

D001274

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF BRONX ) ss:

I, UMAR Alli, being duly sworn deposes and says:

That I have on the 29th day of November, 2011, placed and submitted the original and copies of this motion to be duly mailed via the United States Postal Service, through the institutional mailroom of the Otis Bantum Correctional Center. Said moving papers were mailed to the following concerned parties:

Bronx County Hall of Justice
Supreme Court – Criminal Division
Writ Court Clerk, Room 241
265 East 161st Street
Bronx, New York 10451

Rikers Island Judicial Center
Shore Road, Trailer # 4
Rikers Island
East Elmhurst, N. Y. 11370

Appeals Attorney
Department of Correction, Legal Division
75 – 20 Astoria Boulevard
East Elmhurst, New York 11370

Yours, etc...

PETITIONER
UMAR. Alli Pro se

Sworn to before me this
30th day of November, 2011.

NOTARY PUBLIC / COMMISSIONER OF DEEDS

LAKENYA A. JOHNSON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01JO6221713
Qualified in Kings County
My Commission Expires 5/10/2014

D001275

Becaues of the unlawful, unjust, and unprovoked misconduct unbecoming an officer and breach of care, custudy and control, violating petitioners Constitutional Right's and their obligation within the Law's of New York and the scoop's of their employment, I've been subjected to an excessive amount of Emotional Distress, Mental Anguish and constant fear of life, liberty, harassment and brutality.

I have been issued infraction's, deprived right's, assaulted and battered hassrased and mentally tampered wit all to do with the placement inwhich I was deprived and denied DUE PROCESS, to contend, and would of never existed if so.

Furthermore, by affidavit, Dated 26th Day of Nov 2011, section titled Addional violatednobligations of the City Of New York Department Of Correction'a, O.B.C.C./C.P.S.U, and Adjudication Department & Personnel Delegated Duities... (ATTACHED)

Accordingly upon Re-Entry to the Department Of Correction, under a New Inditment number and Book & Case No.# 241-10-07470, and NOT # 241-09-03454 ; inwhich petitioner was placed in GENERAL POPULATION FOR 137 DAY'S,without incident or new infraction generated and NO NEW DUE PROCESS HEARING, under the goveren law's of Directive 6500, and the U.S 5th. & 14th. Constitution, was placed back in punitive segregation, thus, Resondent failure to provide due process amounted to the respondent failure to perform duities enjoined upon him by law, therefore violated and denied petitioner of his RIGHT to DUE DUE PROCESS.

..see,. PLETKA V. NIX, 1991 U.S. APP. LEXIS 25563 (8th, Cir. OCT. 28,1991)

..see,. WEILER V. PURKETT. 104 F.3d 149, 1997 U.S. APP LEXUS 22 (8th. Cir. MO. 1997)

" THE SUPREME COURT HAS HELD THAT A STATE PRISONER IS A " PERSON " AND ". THAT THE STATE CANNOT DEPRIVE A PRISONER OF LIBERTY WITHOUT DUE PROCESS OF LAW!!

..see,. WOLFF V. McDONNELL, 418 U.S. 539. 94 s. ct. 2963, 41 L.ED. 2d. 935 (1972)

' THE PROCEDURE FOR DETERMINING WHETHER MISCONDUCT OF A PRISONER HAS OCCURRED MUST OBSERVE CERTAIN MINIMAL DUE PROCESS REQUIREMENTS.

..see,. MORRISSEY V. BREWER, 408 U.S. 471, 92 S. ct. 2593, 33 L. Ed. 2d. 484 (1972)

Petitioner bring's notice tb the court's that petitioner never was served " Notice of Infraction " and or, " Disciplinary Disposition " in any of the infracting's mention (attached), tittled Infraction History & Infraction Docket Challenged.

Petitioner request that all time's of serving on ALL Departmental foom's of Directive 6500 " Notice Of Infraction & Disciplinary Disposition " be reviewed through the area LOG BOOKS ( checking the Time's and Date's of serving) and the D.V.R.housing video's, of the location of serving, also for the same forementioned above in the Log Book, to match eachother, as petitioner's proof of evidence that he was never served, and that, if any, Signature's are signed as petitioner, it is false..thus, violating and denied him of his 5th. & 14th. Constitutional right's and proper Due Process...

D001262



ADDITIONAL VIOLATED OBLIGATIONS OF THE CITY OF NEW YORK DEPARTMENT OF CORRECTION"S O.B.C.C/C.P.S.U AND ADJUDICATION DEPARTMENT&& PERSONNEL DELEGATED DUITIE

I UMAR ALI, by Affidavit Dated the of Oct. 2011, Now Bring Notice to this Court the Obligations to be up held Under the Laws and Rights of the United States Constitution, Violated by the City of New York Department of Correction's OBCC and G.R.V.C's C.P.S.U AND, the Adjudication Department, of the following;

State Court's, like Federal Courts, Have a "Constitutional" Obligation to Safeguard personal liberties and uphold Federal Law. Stone v. Powell 428 US 465, 96 S. Ct. 3037, 49 L.Ed 1067

Officers of the Court Have Absolutely "No Immunity" From libility when they Deliberately Violate the Constitutions. Owen v. City 445 U.S. 622

The State is prohibited From Violating Substantive Right Fairbanks v. US 181 US 283, 294, 300; Owen v. City 445 US 622 (1980)

"As a matter of Due Process, an offender may not be sentenced on the basis of Mistaken Facts or unfounded Assumptions" Townsend v. Burke 334 US 736, 740

An Officer (of the Court) who acts in violation of the Constitution, ceases to represent the Government. Brookfield Const. Co v. Stewart 284 F. Supp 94

Inadequate Notice Denies Due process even if the prisoner goes Forward at the Hearing and tries to present a defense. Needs v. State, 118 Idaho 207, 795 P. 2d. 912, 914 (Idaho App. 1990)

A Prisoner Must Know the Rule they is Alleged to have broken inorder to "Marshal the Facts and present a Defense" at the Hearing. Wolff v. McDonnell, 418 U.S at 564; Mossop v. LeFevre, 127 Misc. 2d 910, 911, 487 N.Y.S 2d 925 (N.Y Sup. 1985

THE COMMITTEE, WHICH WAS NOT PRESENT AT INCIDENT, IS NOT likly to be able TO INTERVIEW EFFECTIVELY.. PRISONER MUST HEAR TESTIMONY INORDER TO HAVE AN Opportunity TO RESPOND to it. Balla V. MURPHY, 116 Idaho 257, 775 P.2d 149, 152 (Idaho App. 1987): MATTER OF plunkett, 57 WASH. App. 230, 788 P.2d 1090, 1093. (WASH. App. 1990)

MERE CONVENIENCE DOES NOT Justify REFUSING to Call A WITNESS. CONNER V. SAKAI, 15 F. 3d 1463, 1467 (9th Cir. 1994); VASQUEZ V. Coughlin. 726 F. Supp. at 469-70; Ex PARTE Blano, 441 So. 2d 122, 125 (Ala. 1983)

PRISONS OFFICIALS ARE REQUIRED TO MAKE REASONABLE EFFORT TO IDENTIFY AND locate WITNESSES, EVEN IF PRISONER CANT Completely IDENTIFY. Kingsley V. BUREAU OF PRISONS, 937 F.2d 26, 31 (2d Cir. 1991)

PRISONERS HAVE THE RIGHT TO PRODUCE DOCUMENTARY AND physical EVIDENCE AT HEARING IN POSSESSION OF PRISON OFFICIALS THAT MAY HELP DETERMINE Guilt OR INNOCENT. SMITH V. MASS. DEPT. OF. CORRECTION, 936 F.2d 1390, 1401, (1st CIR 91)

PRISON MUST Explain DENIAL OF "RELEVANT AND IMPORTANT * DOCUMENT CENTRAL TO THE CONSTRUCTION OF A DEFENSE" CAMBELL V. HENMAN, 931 F.2d 1212, 1214 (7th Cir. 1991)

Exculpatory Evidence MUST be DISCLOSED TO THE PRISONER, PACE. V. OLIVER, 634 F.2d 302, 304-05 (5th Cir. 1981)

ABSolute. BAR ON All DENY DUE PROCESS. Spellmon-BEY V. LYNAUGH. 778 F. Supp. 338, 344 (E.D. TEX 1991)

REFUSAL TO CALL A PARTICULARLY IMPORTANT WITNESS IS TO DENY DUE PROCESS.
SMITH V. MASCHNER, 899 F.2d 940, 946-47 (10 Cir. 1990)

Rules forbid PERMITTING WITNESSES TO REFUSE TO APPEAR WITHOUT EXPLANATION.
FORBES V. TRIGG, 976 F.2d at 316-18

D001265

DUE PROCESS CLAUSE FORBIDS THE IMPOSITION OF PUNISHMENT ON PRE-TRIAL DETAINEES BEFORE THEY HAVE BEEN FOUND GUILTY OF A CRIME. BELL V. WOLFISH, 441 U.S 520, 535-39, 99 S.CT. 1861 (1979)

DUE PROCESS CLAUSE BY ITSELF REQUIRES PRISON OFFICIALS TO FIND THE PRISONER GUILTY IN A PROCEDURALLY PROPER MANNER "BEFORE" IMPOSING PUNISHMENT FOR VIOLATING OF PRISONER RULES. JONES V. MABRY, 723 F.2d 590, 594 (8th Cir. 1983); PLETKA V. NIX, 957 F.2d. 1480, 1484 (8th CIR.); GETCH V. ROSENBACH, 700 F. ~~2d~~ Supp. 1365, 1382 (D.N.J 1988)

IF THE COMMITTEE REFUSES EVEN TO LISTEN TO THE PRISONER, THEY VIOLATE DUE PROCESS. JACKSON V. CAIN, 864 F.2d 1235, 1252 (5th Cir. 1989); McCANN V. COUGHLIN, 698 F.2d 112, 123 (2d Cir. 1983)

PETITIONER HAS THE RIGHT TO HEAR.. i.e.. TO BE INFORMED OF EVIDENCE AGAINST HIM INORDER TO RESPOND TO IT: GRILLO V. COUGHLIN, 31 F.3d 53, 56 (2d Cir. 1994); FACTS OF EVIDENCE (852 N.Y APP. DIV 1991); CHAIN OF CUSTODY" FRANCIS V. COUGHLIN, 891 F.2d 43, 47 (2d Cir. 1989)

INORDER TO BE HEARD, PETITIONER MUST BE, AND HAVE THE RIGHT TO BE PRESENT, UNLESS PETITIONER POST A THREAT OR DANGER TO HEARING OR DURING EXCEPTIONAL CROSS-EXAMINATION OR DIRECT CONFRONTATION. BATTLE V. BARTON, 970 F.2d 779, 782 (11th Cir 1992)

PRISONERS HAVE THE RIGHT TO CALL WITNESSES WHEN DOING SO IS NOT UNDULY HAZARDOUS TO INSTITUTIONAL SAFETY OR CORRECTION GOALS.. WOLFF V. McDONNELL, 418 U.S. 539, 566, 94 S.Ct. 2963 (1974); POWELL V. WARD 487 F.Supp. 917, 928-29 (S.D.N.Y. 1980)

THE ACCUSED PRISONER HAS THE RIGHT TO CALL, AND AT LEAST HEAR WITNESSES. TO BE SURE ALL RELEVANT INFORMATION IS BROUGHT OUT. MAHERS V. STATE. 437 N.W. 2d at 568-69

D001264

DUE PROCESS REQUIRES THAT INMATES RECEIVE FAIR NOTICE OF RULES BEFORE THEY CAN BE SANCTIONED FOR ITS VIOLATIONS, IF NOT, DUE PROCESSED IS DENIED AND VIOLATED.

FORBES V. TRIGG, 976 F.2d 308, 314 (7th Cir. 1992); REEVES V. PETTCOX, 19 F.2d 1060, 1061 (5th Cir. 1994): "ENTITLED"; RICHARDSON V. COUGHLIN, 763 F. Supp. 1228, 1235 (S.D.N.Y 1991); NOREN V. STRAW, 578 F. Supp. 1.6. (D. MONT. 1982); GIBBS V. KING, 779 F.2d 1040, 1045 (5th Cir. 1986) "RULES SHALL BE POSTED AND PROVEN AT HEARING"

IF FOUND GUILTY, PRISONER IS ENTITLED BY LAW AND RIGHT TO A WRITTEN STATEMENT BY THE FACT-FINDER AS TO THE EVIDANCE RELIED ON AND REASON FOR THE DISCIPLINARY ACTION.

IN THE EVENT THINGS ARE EXCLUDED FROM STATEMENT, YOU SHOULD STILL BE GIVING NOTICE (SERVED) AND THE STATEMENT SHOULD INDICATE THE FACTS OF OMISSION

WOLFF V. MCDONNELL, 418 U.S. 539, 565, 94 S.Ct 2963 (1974) quoting MORRISSEY V. BREWER, 408 U.S. 471, 489, 92 S.Ct. 2593 (1972)

TAKE NOTE; THE SUPREME COURTS HAS ACKNOWLEDGE THAT CREDIBILITY JUDGMENTS IN PRISON DISCIPLINARY HEARINGS ARE OFTEN BETWEEN INMATES AND THE COMMITTEE'S CO-WORKER AND THAT THEY THUS ARE UNDER OBVIOUS PRESSURE TO RESOLVE A DISCIPLINARY DISPUTE IN FAVOR OF THE INSTITUTION AND THEIR FELLOW EMPLOYEES.. THIS MAKES IT EASY FOR PRISONS OFFICIALS TO GET AWAY WITH SUCH UNLAWFUL / ILLEGAL PRACTICE

CLEAVINGER V. SAXNER, 474 U.S. 193, 204, 106 S.Ct 496 (1985); GREENE V. SECRETARY OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, 68 Md. App. 147, 510 A.D.2d 613, 619 (Md. App. 1986)

PROCESS DUE TO PRISONERS BEFORE SEGREGATION IS INSUFFICIENT WHEN IT HAS BEEN CONTAMINATED BY THE INTRODUCTION OF FALSE EVIDANCE IN ITSELF VIOLATES THE DUE PROCESS CALUSE..

THE FACT THAT PRISONERS ARE ENTITLED TO THE FULL PANOPLY OF PROCEDURAL PROTECTIONS AFFORDED AT TRIAL WHEN THEY ARE SUBJECT TO INTERNAL PRISON DISCIPLINARY DOES NOT DEPRIVE THEM OF THE FUNDAMENTAL RIGHT NOT TO HAVE STATE OFFICIALS MAKE PURPOSELY FALSE STATEMENTS ABOUT THEM (VIEWED AS NO HEARING AT ALL)

MORRISON V. LEFEVRE, 592 F. Supp. 1052, 1073 (S.D.N.Y 1985); FREEMAN V. RIDEOUT, 808 F.2d at 951.

WHEN PRISON OFFICIALS REFUSE TO CALL WITNESSES, THE BURDEN IS ON THEM TO EXPLAIN THEIR DECISION AT LEAST "IN A LIMITED MANNER" PONTE V. REAL 471 U.S. 491, 497, 105 S.Ct. 2192 (1985); SMITH V. MASS. DEPT. OF CORRECTION, 936, F.2d 1390, 1399-1400 (1st Cir. 1991)

MANIPULATION OF PROCEDURES by PRISON OFFICIALS to EXCLUDE WITNESSES DENY DUE PROCESS. BROCKS V. ANDOLINO, 826 F.2d 1266, 1269 (3rd Cir. 1987); GRANDISON V. CUYLER, 774 F.2d 598, 604 (3rd Cir. 1985); FEAGIN V. BROGLIN, 693 F. Supp. 736, 740-41 (N.D. Ind. 1988)

PRISONERS ARE ENTITLED TO A HEARING BEFORE AN IMPARTIAL FACT-FINDER, THAT IS ONE WHO MIND IS NOT ALREADY MADE UP, WHO CAN RENDER A FAIR HEARING. Hodges V. Scully, 141 A.D.2d 729 N.Y.S 2d 832, 834 (N.Y. App. DIV 1988); PATTERSON V. Coughlin 905 F.2d 564, 570 (2d. Cir. 1990)

IMPARTIAL STATEMENTS AND INTERRUPTIONS OF HEARING OFFICER, ARE UNEXCEPTABLE AND SHOW UNFAIR DEALING AND VIOLATE DUE PROCESS. FRANCIS V. COUGHLIN, 891 F.2d 43, 46-47 (2d Cir. 1989); GIANO V. SULLIVAN, 709 F. SUPP. 1209, 1217 (S.D.N.Y 1989)

THE PREPONDERANCE STANDARD TO CONVICT A PRISONER MUST BE MORE LIKELY GUILTY THAN INNOCENT IN EVIDANCE AND FACTS.. IN RE WINSHIP: 397 U.S. 358, 371; 90 S.Ct. 1068 (1970); LA FASO V. PATRISS, 633 A. 2d at 698; Valmonte V. BANE, 18 F.3d 992 (2nd Cir. 1994).

*WRITTEN REPORTS MUST BE BASED ON PERSONAL KNOWLEDGE AND PROPERLY "SIGNED AND DATED" INORDER TO SUPPORT CONVICTION People EX Rel. VEGA V. SMITH, 485 N.E.2d at 1002-04; Rodriguez V. Coughlin, 176 A.D.2d 1234, 577 N.Y.S. 2d 190, 191 (N.Y. App. DIV. 1991)

D001266

PRISON OFFICIAL'S ARE FORBIDDEN TO UTILIZE "CRUEL AND UNUSUAL" PUNISHMENT UNDER THE EIGHT AMENDMENT. THUS, PHYSICAL ABUSE AND FOUL AND DEGRADING CONDITIONS OF PUNITIVE CONFINEMENT ARE UNCONSTITUTIONAL.
JACKSON V. BISHOP, 404 F.2d 571, 579 (8th Cir. 1968)

PRISON PUNISHMENT SHALL ALSO BE HELD TO BE CRUEL AND UNUSUAL IF THEY ARE grossly disproportional to the offense.
ADAMS V. CARLSON, 368 F. Supp. 1050, 1053 (E.D. Ill.); BLACK V. BROWN, 524 F. Supp. 856, 858 (N.D. Ill. 1981); FULWOOD V. CLEMMER, 206 F. Supp. 370, 379 (D.D.C 1962)

ENHANCED PUNISHMENT IMPOSED ON PRISONERS WHO ARE ALREADY IN SEGREGATION REQUIRES Additional PROCEDURAL protection.
Eng V. Coughlin, 684 F. Supp. 56, 63-64 (S.D.N.Y 1998)

DEPRIVAL AGAINST CONSTITUTIONAL RIGHTS AS RETALIATION VIOLATES AND DENY DUE PROCESS.
Salahuddin V. Coughlin, 202 A.D. 2d 835. 609 N.Y.S.2d 108 (3rd Dept. 1994)

PROCEDURAL DUE PROCESS CLAIM REQUIRES a determination OF WHETHER THE Plaintiff WAS DEPRIVED OF A CONSTITUTIONAL protected interest AND, IF SO, WHETHER THE PROCEDURES USED WERE ADEQUATE given THE NATURE OF THE DEPRIVATION Contemplated Logan V. ZIMMERMAN BRUSH CO., 455 U.S. 422, 428, 71 L.Ed 265, 102 S.Ct 1148 (1982); FARIO, 850 F.2d at 924

PETITIONER NEW YORK CITY BOARD AND DEPARTMENT OF CORRECTION MINIMUM STANDARD RIGHTS VIOLATIONS

SECTION 1-01 NON-DISCRIMINATORY TREATMENT (a.) Policy and (b) Equal protection 1-2

(a.) Policy = Prisoner shall Not be Subject to discriminatory TREATMENT BASED upon Race, Religion, Nationality, Sex Sexual Orientation, age or political belief.

D001268

(b) Equal Protection = 1; Prisoners shall be afforded Equal Opportunity in All Decisions including, but Not limited to, WORK AND housing ASSIGNMENT, Classification, AND Also Discipline.

AND

SECTION 1-02 Classification (a) Policy and (e) Security Classification (1), (2) iv, v AND vi

(a) Policy = Consistent WITH THE requirements of this Section, THE DEPARTMENT SHALL ESTABLISH A Classification SYSTEM FOR PRISONERS.

(e) Security Classification = 1, THE DEPARTMENT SHALL DESIGN A SYSTEM OF Classification TO group PRISONERS According to the MINIMUM Degree of Surveillance AND Security Required. THE PROPOSED SYSTEM MUST BE SUBMITTED to the BOARD FOR APPROVAL WITHIN 90 DAYS AFTER EFFECTIVE DATE OF THIS SECTION.. AND 2; THE SYSTEM of classification SHALL MEET THE Following Requirements;

(iv), IT SHALL PROVIDE FOR INVOLVEMENT OF THE PRISONERS AT "EVERY STAGE WITH ADEQUATE DUE PROCESS".

(v), PRISONERS PLACED IN THE MOST RESTRICTIVE Security STATUS SHALL ONLY BE DENIED THOSE RIGHTS, privileges AND Opportunities that ARE Directly RELATED TO THEIR STATUS AND WHICH CANNOT BE PROVIDED TO THEM AT A DIFFRENT TIME OR place THAN PROVIDED TO OTHERS PRISONERS.

(vi), IT SHALL PROVIDE MECHANISMS FOR REVIEW OF PRISONERS placed in THE MOST RESTRICTIVE Security status AT INTERVALS NOT TO EXCEED FOUR WEEKS FOR DETAINEES AND EIGHT WEEKS FOR SENTENCED PRISONERS.

D001269

LEGAL ARGUMENT

In addition to the above stated facts, the following situations MAY apply and warrant dismissal of the infraction pursuant to Directive 6500, paragraph III.B.4.

A) There is no proof of service to show that the inmate received the Notice of Infraction because the inmate did not sign the Notice and there is no acknowledgement by a staff member that the inmate refused to sign it.

B) There is contradictory information and/or inconsistent allegations of facts recited in the Report and these are material or important facts.

C) The "Statement of Infraction Details" are so vague as to not give notice to the inmate of the charges against him.

D) There is incorrect material information within the body of the charges.

E) The supervising Officer or Captain who investigated the incident was a participant in the incident, which formed the basis for the charges.

F) The investigation of the infraction was not commenced within twenty-four (24) hours of the incident.

G) The witnesses requested by the inmate were not allowed to testify.

H) The inmate was not allowed to review relevant documentary or physical evidence introduced at the hearing and therefore was unable to dispute the evidence.

I) The inmate was not allowed to be present during witnesses' testimony and no or inadequate reasons were given for excluding the inmate.

J) The inmate was not allowed to ask the witnesses any questions and dispute the testimony.

K) The Hearing Officer did not summarize the testimony setting forth specific reasons for his finding of guilt.

L) The inmate was denied the assistance of an interpreter.

M) The records of the hearing are incomplete because the Hearing Officer failed to tape record the proceeding.

N) The Hearing Officer considered evidence outside the record or which was not presented at the hearing.

D001273

Plaintiff repeats and realleges the foregoing Paragraphs as if the same were fully set forth at length herein.

Due to the violation of the Petitioner Equal Protection right because of the Denial of his Due Process upon entry to the Board and Departments of Correction facilities CPSU's Petitioner has indeed been denied the rights of the general population inmate. His placement has been atypical and significant hardship violating the minimum standard civil rights Due Process and many many other violations of the Petitioners rights documented by The city of New York, Board and department of correction and a number of its offices.

I Pro se Petitioner seeks and request that the Law of the U.S Constitution be upheld and enforced and that the Petitioner be not only immediatly released from punitive segregation and all day from alleged infractions are credited, but the infraction history of all infractions be expunged from my departmental record and the relief of damages both compensatory and punitive in a per dime figure of $130.00 per day for the time spent in disciplinary segregation from June 2.2009 until the end of this action, for the Due Process and other fore mentioned violation of due process, and any other relief the court deems just and appropriate...

- See 442 F.2d at 182-83; 312 F. Supp at 885; 442 F.2d at 205; Adams {693 F. Supp 223} V. Wolf, 624 F. Supp 1036, 1040-41 (D. Nev 1985); Pino v. Dalsheim 605 F. Supp 1305, 1319 (S.D.N.Y 1984); Pitts v. Kee, 511 F. Supp 497 504 (D. Del 1981); United States exrel. Neal v Wolfe 346 F. Supp 569, 576 (E.D Pa 1972); Soto v. Lord 693 F. Supp 8.22 (S.D.NY 1988) Patterson v. Coughlin. 905 F.2d, 564 570 (2d Cir 1990), O'Connor v. Keller, 510 F. Supp 1359, 1372, 1375 (D. Md. 1981)

* if this matter is not resolved or any denial of right are taken place in the action a Civil Suit will be filed.

[signature]

Umar Alli, Pro SE

D001272

25-AUG-11 11:51

Infractions History Inquiry (QIFH)

NYSID: [redacted] Name: OMAR ALLI

BRANCH: INM_INFR_HINQ

| Seq | Infrac# | Date | Facil | Scr | BK&CS | High Chg | High Chg Description | Dsp |
|---|---|---|---|---|---|---|---|---|
| 1 | 0935-08 | 09-MAY-08 | ARDC | 3 | 2410806567 | 101.17 | Fighting, No weapon | NG |
| 1 | 1450-09 | 25-MAY-09 | ARDC | 23 | 2410903754 | 120.11 | Refuse to obey a Dir | G |
| 2 | 1524-09 | 02-JUN-09 | ARDC | 23 | 2410903754 | 127.10 | Threat against staff | G |
| 4 | 1525-09 | 02-JUN-09 | ARDC | 23 | 2410903754 | 130.11 | Tested positive ille | G |
| 3 | 1527-09 | 02-JUN-09 | ARDC | 23 | 2410903754 | 101.10 | Assault on staff: we | G |

05-NOV-10 11:19 INMATE INQUIRY SCREEN(QINQ)

BK&CS: 2411007470M Name: ALLI, UMAR NYSID:
Remarks:
Status: DE DOB: 17-DEC-91 Admit Date: 19-JUL-10 Admit loc: CXE2
Housing Location: ARDC RR Current Loc: TRANS Heat Sensitive Inm.?:
Transferred from: ARDC Transferred to: OBCC No ICE Interview?: Warrant?:
Transfer Date: 05-NOV-10 Class: GPLM PSEG Time Owed: 271 Sent #:
Sentence Date: Projected Discharge Date:
Sentence Time: Discharge Date: Red ID:
Next Court Date: 03-DEC-10 Discharge Code: Split Sent:
All JTIM Entered?:

BAIL INFORMATION

| DOCKET# | INDICT# | CHARGE | CONV DATE | SENT DATE | BAIL | Disp. |
|---|---|---|---|---|---|---|
| 2010BX045447 | 00000 0000 | | | | | |
| 2010BX045446 | | | | | 1 | CONS |
| 2009BX000000 | | | | | 15,001 | CTD |
| 2010NY000000 | 00000 0000 | AC 000.00 | | | 10,000 | CTD |
| 2010BX000000 | 99999/0099 | AC 000.00 | | | -1 | VOID |
| | | | | | -1 | DIS |

Branch to:

INM_DET_INQ

D000895