UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

5/20/14

UMAR ALLI,

             Plaintiff,          :

                            :

        -against-          :

WARDEN OF R.N.D.C. (RIKERS          :
ISLAND), et al.,

                            :

           Defendants.
----------------------------------x

**REPORT & RECOMMENDATION**
**and**
**MEMORANDUM & ORDER**

12 Civ. 3947 (GBD)(MHD)

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Pro se plaintiff Umar Alli filed this lawsuit against the New York City Department of Corrections as well as several individual defendants, including correctional officers and the warden of the Robert N. Davoren Center at Rikers Island. He asserts claims under 42 U.S.C. § 1983 for excessive force and denial of due process.

Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 37(d) and 41(b), arguing that plaintiff has failed to prosecute this action. Plaintiff has opposed the motion, and simultaneously made an application for the appointment of pro bono counsel.

1

For the reasons that follow, we recommend that defendants' motion to dismiss be denied. At the same time we direct plaintiff to serve proper discovery responses on defendants and deny his motion for counsel, albeit without prejudice.

**Procedural History**

Plaintiff filed his original complaint on May 17, 2012, alleging that he had been subjected to excessive force by the defendant correctional officers on June 2, 2009 while in the custody of the New York City Department of Corrections. He also complained that he had subsequently been denied an infraction hearing before being placed in administrative segregation. (Dkt. No. 2).

On July 31, 2012, the District Court dismissed sua sponte plaintiff's claims against the New York City Department of Corrections and the Board of Corrections, and issued an order of service directing that the New York City defendants be served. (Dkt. No. 10). The order also directed counsel for the remaining defendants to assist plaintiff in identifying the John Doe defendants named in his complaint. (Id.). Defendants complied

2

with this order, and plaintiff filed an amended complaint on November 27, 2012. (Dkt. No. 25).

On December 5, 2012, we issued an order requesting that the remaining unserved defendants waive service. (Order, dated Dec. 5, 2012 (Dkt. No. 26)). On January 10, 2013, the last waiver of service was executed by the remaining defendants. (Dkt. No. 40). On March 25, 2013, we issued a scheduling order, setting a deadline of August 30, 2013 for the filing of summary judgment motions. (See Order, dated Mar. 25, 2013 (Dkt. No. 47)). On April 26, 2013, plaintiff filed a notice of change of address, notifying defendants and the court that he was no longer incarcerated and providing the new address of 710 E. 187th Street, Apt. 5, Bronx, New York 10458. (Pro Se Mem., dated Apr. 26, 2013 (Dkt. No. 49)).

**Defendants' Motion to Dismiss**

On April 30, 2013, defendants served discovery requests on plaintiff by mail to his residential address and advised him that he had thirty days to respond. (See Decl. of Patrick Beath, Esq., dated Sept. 30, 2013 (Dkt. No. 54) ("Beath Decl.") at Ex.

3

A). Plaintiff did not respond within that period. On June 11, 2013, defendants sent a letter to plaintiff informing him that his responses were overdue and asking him to respond by June 21, 2013. (Id. Ex. B). In that letter, defendants advised that if plaintiff did not respond by that date, they "may move the Court to compel responses, to preclude certain of [his] claims, or to dismiss the case in its entirety." (Id.).

Plaintiff contacted defendants' counsel by phone in mid-June 2013 and reported that he had not received their discovery requests. (See id. Ex. C; see also Defs.' Mem. of L. in Supp. of Mot. to Dismiss, dated Sept. 30, 2013 (Dkt. No. 55) ("Defs.' Mem.") at 1-2). Counsel then mailed plaintiff another copy on June 20, 2013, asking him to respond by July 22, 2013. (Beath Decl. Ex. C). Plaintiff did not respond to this letter.

On August 5, 2013, defendants sought an extension of discovery in order to depose plaintiff and obtain his responses to their discovery requests. (Id. Ex. D). By endorsed order on August 15, 2013, we granted that request and ordered plaintiff to provide discovery responses by no later than August 30, 2013. (Endorsed Order, dated Aug. 15, 2013 (Dkt. No. 50)). In that

4

order, we warned plaintiff that failure to provide these responses "may lead to sanctions, including dismissal." (Id.).

On September 16, 2013, defendants sent us a letter asking for either a conference to address plaintiff's failure to provide responses to their discovery demands or an order dismissing the complaint. (See Letter Mot., dated Sept. 16, 2013 (Dkt. No. 51)). We advised defendants that if they wished to seek dismissal, they were to do so by formal motion. (Order, dated Sept. 18, 2013 (Dkt. No. 52)). On September 30, 2013, defendants filed the current motion to dismiss for failure to prosecute under Rule 41(b) and failure to serve a response to interrogatories or document requests under Rule 37(d). (Notice of Mot., dated Sept. 30, 2013 (Dkt. No. 53)).

On October 1, 2013, we ordered that plaintiff's opposition to the motion to dismiss be served and filed no later than October 15, 2013. (Order, dated Oct. 1, 2013 (Dkt. No. 57)). On October 22, 2013, we received a letter from defendants' attorney stating that plaintiff had contacted him by phone on October 16, 2013 seeking consent for an extension of time to October 23 to file his opposition to their motion. (Endorsed Order, dated Oct.

22, 2013 (Dkt. No. 58)). Defendants consented to that request, provided that we also extend their time to reply to October 30, 2013. We granted that application. (Id.).

On October 28, 2013, plaintiff filed a belated opposition to defendants' motion, arguing that the motion should be denied because he had not received defendants' April 30, 2013 discovery requests, or the June 20, 2013 resent copy, "in a timely manner". (See Pl.'s Opp'n to Defs.' Mot. to Dismiss, dated Oct. 28, 2013 (Dkt. No. 61) ("Pl.'s Opp'n") at 3). He further argued that defendants' motion should be considered moot because he had since provided defendants with a response to their discovery requests on October 16, 2013. (Id.).

In reply, defendants argue that plaintiff has failed to set forth any good cause for his delay in responding to their discovery requests, not to mention his delay in opposing the current motion. (Defs.' Reply in Supp. of Mot. to Dismiss, dated Nov. 1, 2013 (Dkt. No.) ("Defs.' Reply") at 2). Defendants contend that plaintiff's discovery responses are inadequate, as they do not provide substantive information and documentation. As defendants note, in his responses plaintiff objects to six

6

interrogatories and six document requests. (Id. at 4 (citing
Decl. of Patrick Beath, Esq. in Further Supp. of Mot. to
Dismiss, dated Nov. 1, 2013 (Dkt. No. 63) ("Beath Reply Decl.")
Ex. B at Interrogatory Responses Nos. 6, 9-11, 13, 14 and
Document Request Responses Nos. 2, 12-16)). They also note that
in six interrogatory responses and two document request
responses, plaintiff indicates that he will provide the
requested information at an unspecified later date. (Id. (citing
Beath Reply Decl. Ex. B at Interrogatory Responses Nos. 1-3, 7,
17, 18 and Document Request Responses Nos. 8, 10)). Finally,
they point out that plaintiff provided no answer whatsoever to
three interrogatories and two document requests. (Id. (citing
Beath Reply Decl. Ex. B at Interrogatory Responses Nos. 4, 16,
19 and Document Request Responses Nos. 1, 17)). Thus, defendants
argue, their motion is not rendered moot, because the responses
provided by plaintiff were manifestly inadequate. (Id.).


    Defendants also note that although plaintiff asserts that
he has mailed releases for access to his medical records -- in
response to defendants' Interrogatory No. 7 and Document Request
Nos. 3 and 11 -- defendants have not received any such releases.
(Id. at 4 n.2).

**Standard of Review**


Rule 41(b) permits a court, upon motion of a defendant, to dismiss any action that a plaintiff fails to prosecute diligently. When imposed, the sanction of dismissal presumptively "operates as an adjudication upon the merits," but may be without prejudice if so specified by the court imposing it. Fed. R. Civ. P. 41(b).


A failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). When considering a motion to dismiss under Rule 41, the court should consider:


> "[1] the duration of the plaintiff's failures; [2] whether plaintiff had received notice that further delays would result in dismissal; [3] whether the defendant is likely to be prejudiced by further delay; [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."


LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc.,

839 F.2d 930, 932 (2d Cir. 1988)); see Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004)). "In making use of this test, '[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole.'" Lewis, 564 F.3d at 576 (quoting United States ex rel. Drake, 375 F.3d at 354).

Despite the discretion afforded the district court, the Second Circuit has cautioned that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." Drake, 375 F.3d at 254. See also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980) ("Only on rare occasions should a district judge deprive the languid litigant of his right to a trial on the merits.").

## ANALYSIS

Defendants argue that plaintiff's delay in responding to discovery requests, coupled with his insufficient discovery responses, warrant dismissal of his claim under either Rule

9

41(b) or Rule 37(d).[1] For the reasons that follow, we disagree, and recommend that defendants' motion be denied. At the same time, we are ordering plaintiff to fully comply with his discovery obligations within the next thirty days or face virtually certain dismissal.

First Factor - Duration

In assessing the duration of plaintiff's non-compliance, we must consider (1) whether the failures to prosecute were those of the plaintiff and (2) whether these failures were of sufficiently significant duration to warrant dismissal. Samman v. Conyers, 231 F.R.D. 163, 165 (S.D.N.Y. 2005) (citing Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998)). Here, plaintiff is personally responsible for the failures to prosecute; he cannot blame the delays in responding to defendants' discovery requests on inattentive counsel, as he is proceeding pro se. However, it

---

[1] Our analysis is based on the factors used to determine whether dismissal is warranted under Rule 41(b), as these factors either overlap with or encompass those used to determine whether dismissal is appropriate under Rule 37(d). See, e.g., Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (listing the Rule 37(d) factors as "(1) the willfulness of the non-complaint party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of . . . noncompliance.").

is important to note that because pro se litigants are granted
"special leniency regarding procedural matters," a Rule 41(b)
dismissal of a pro se litigant's complaint is only appropriate
"when the circumstances are sufficiently extreme." LeSane v.
Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); see
also Bentham v. City of New York, 159 Fed. App'x 215, 216 (2d
Cir. 2005) (citing Spencer, 139 F.3d at 112).


     As to duration, defendants complain that plaintiff did not
respond to their discovery requests, which they initially sent
him on April 30, 2013, until October 16, 2013 -- a delay of over
five months. However, plaintiff was not missing in action for
that entire period of time. He contacted defendants in mid-June
2013, stating that he had not received their discovery requests
and asking for them to be resent. (Beath Decl. Ex. C).
Defendants also requested an extension of discovery -- albeit
due to plaintiff's delay in responding to their requests --
which resulted in an order resetting plaintiff's discovery
deadline to August 30, 2014. (Dkt. No. 50). Thus, based upon
this new deadline, plaintiff's delay in responding to
defendants' requests was only one and a half months. This is far
shorter than the duration of delay resulting in dismissal in
other cases. See, e.g., Perez v. City of New York, 2003 WL

1992437, at *2 (S.D.N.Y. Apr. 10, 2003) (dismissed for failure to prosecute where plaintiff failed to respond to discovery demands for ten months); Webb v. Ashburn, 1998 WL 2552, at *3 (S.D.N.Y. Jan. 5, 1998) (denying Rule 41 dismissal for a delay of approximately five months); Coss v. Sullivan Cty. Jail Administrator, 171 F.R.D. 68, 72 (S.D.N.Y. 1997) (dismissal for failure to prosecute because plaintiff did not pursue his case for three years, failed to appear at seven conferences, and failed to respond to any discovery demands); Ahmed v. I.N.S., 911 F. Supp. 132, 134-35 (S.D.N.Y. 1996) (dismissal for failure to prosecute where plaintiff did nothing but file the complaint for thirty-five months).

Here, the circumstances are not nearly as extreme. Plaintiff has shown that he is interested in prosecuting this case, as evidenced by his phone calls to defendants, his requests for extensions to respond to motions, his filing of an updated contact address, and his filing of an opposition to their motion to dismiss. It is true that plaintiff's inaction and subsequent discovery shortfalls have caused delay, but the length of time, as well as the circumstances surrounding the delay, do not qualify as "sufficiently extreme." See, e.g., Haber v. ASN 50th Street, LLC, 272 F.R.D. 377, 384 (S.D.N.Y.

12

2011) (motion to dismiss for failure to prosecute denied where plaintiff delayed in responding to requests and motions but did not demonstrate prolonged neglect or reluctance to prosecute action). Moreover, although plaintiff's responses, when finally served, were plainly inadequate, his status as an untutored pro se litigant counsels against treating the inadequacy in his first round of disclosures as necessarily fatal to his case.

Second Factor - Notice

This factor cuts in favor of dismissal. Plaintiff was notified multiple times that his failure to respond to defendants' discovery requests or to comply with court orders could result in dismissal of his claim. Defendants notified plaintiff by letter on June 11, 2013 that his responses were overdue and that failure to respond might result in defendants filing a motion to dismiss. (Beath Decl. Ex. B). On August 15, 2013, we ordered plaintiff to provide discovery responses by no later than August 30, 2013, and warned that failure to do so could lead to sanctions, including dismissal. (Dkt. No. 50). Plaintiff was also notified by letter and endorsed order in mid-September 2013 that defendants were planning to file a motion to

13

dismiss for failure to prosecute. (Dkt. Nos. 51 & 52). Following the filing of defendants' motion, we sent out a scheduling order on October 1, 2013 ordering plaintiff to respond to the motion by October 15, 2013. (Dkt. No. 57). In sum, plaintiff had plenty of notice that failure to timely respond to defendants' discovery requests and motion could lead to dismissal.


Third Factor – Prejudice


Where a plaintiff has caused an unreasonable delay, prejudice to the defendants may be presumed as a matter of law. Jenkins v. City of New York, 176 F.R.D. 127, 130 (S.D.N.Y. 1997) (citing Lyell, 682 F.2d at 43). "[In] cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." Acot v. New York Med. College, 153 F.R.D. 517, 520 (S.D.N.Y. 1993) (quoting Lyell, 682 F.2d at 43).


As noted, we do not find that the delay in plaintiff's responses was lengthy, and therefore prejudice is not presumed as a matter of law. See Lyell, 682 F.2d at 43; Ahmed, 911 F. Supp. at 134. As a matter of fact, though defendants have certainly been inconvenienced by plaintiff's delays, they have

14

not been unduly prejudiced. Defendants argue that because the
incident underlying this suit occurred more than four years ago,
"memories fade and evidence decays, hurting defendants' chance
of success at trial." (Defs.' Reply 7). However, as of January
10, 2013, all defendants were on notice of the claims against
them and were therefore in a good position to preserve evidence
and prepare their defenses to these claims despite any delay
caused by plaintiff. See Drake, 375 F.3d at 257. Further,
defendants would presumably have been in possession of much --
if not all -- of the documentation relevant to the incidents in
question, and therefore the delay by plaintiff in responding to
discovery demands has not been shown to have been unduly
prejudicial.


Fourth Factor - Balancing Test


The fourth factor we consider is the balance between
district court calendar congestion and plaintiff's right to an
opportunity to be heard. Plaintiff's delays and insufficient
discovery responses, though they have undoubtedly frustrated
defendants, have not significantly impacted this court's trial

15

calendar or otherwise impeded the court's work. See id. Thus, this factor militates against dismissal.


### Fifth Factor - Other Possible Sanctions


As plaintiff has not yet been sanctioned for his conduct, we cannot be sure of the "impotence of lesser sanctions", and therefore the "drastic remedy" of dismissal is inappropriate. See Jenkins, 176 F.R.D. at 129. There are lesser possible steps available that would directly address the issue of plaintiff's insufficient discovery responses, yet still give plaintiff an opportunity to have his case heard on the merits. Most pertinently, the court can order plaintiff to serve and file complete and substantive responses to defendants' interrogatories and document requests, with the admonition that if he delays in doing so or is unwilling to do so, he will face the sanction of dismissal. Plaintiff can also be ordered to sign and return to defendants releases for his medical records by a date certain, with the same warning that failure to do so will result in dismissal without prejudice. Indeed, consistent with our responsibility to manage pretrial proceedings, we take those steps below. See p. 17, infra. These measures are proper lesser steps that are preferable as an alternative to dismissal of

16

plaintiff's claim at this stage. See, e.g., Webb, 1998 WL 2552, at *4 (motion to dismiss denied subject to plaintiff fully responding to defendants' interrogatories and document requests within thirty days).


Directive to Plaintiff to Satisfy His Discovery Obligations


We now order that plaintiff is to serve upon defendants proper responses to their interrogatories and document requests. Specifically, plaintiff is to provide a substantive and complete answer to each interrogatory and document request, with no objections to be interposed. Additionally, plaintiff is to provide defendants with signed releases to obtain his medical records. Plaintiff is to provide these responses and documents to defendants by no later than June 20, 2014. If he fails to do this, he will face dismissal of his complaint.


Plaintiff's Motion for Appointment of Counsel


Plaintiff seeks appointment of counsel at this relatively early stage of the litigation. He does not, however, proffer any showing as to the potential merit of his claims.

17

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "In deciding whether to appoint counsel, . . . the district [court] should first determine whether the indigent's position seems likely to be of substance." Gaines v. New York City Dep't of Corrections, 2010 WL 4537040, at *2 (S.D.N.Y. Nov. 3, 2010) (quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). Once this threshold is met, the court then considers other criteria, "such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (citing Hodge, 802 F.2d at 61-62).

Due to plaintiff's insufficient responses to defendants' discovery requests and the absence of any other relevant information from him, we do not have a clear picture of the facts underlying this case and therefore cannot make a merits assessment of plaintiff's claim. As we are not able at this time to determine whether pro bono counsel should be appointed, we deny plaintiff's motion for appointment of counsel without prejudice. See, e.g., Cooper v. A. Sargenti Co., 877 F.2d 170,

18

172 (2d Cir. 1989) (application for pro bono counsel denied without prejudice where court was unable to determine whether claim was "likely to be of substance.").

## CONCLUSION

In sum, although we recognize the delays occasioned by plaintiff in prosecuting this case, we nevertheless recommend that defendants' motion to dismiss be denied. We direct plaintiff to serve defendants with complete and substantive responses to their interrogatories and document requests, as well as with signed releases for his medical records, by no later than June 20, 2014. We deny without prejudice plaintiff's application for appointment of counsel.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable George B. Daniels, Room 1310, 500 Pearl Street, New York, New

19

York, 10007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).


**DATED: New York, New York**
       **May 20, 2014**



                           **RESPECTFULLY SUBMITTED,**



                           **MICHAEL H. DOLINGER**
                           **UNITED STATES MAGISTRATE JUDGE**


Copies of the foregoing Report & Recommendation have been sent today to:

Mr. Umar Alli
710 East 187th Street
Bronx, NY 10473

Patrick Beath, Esq.
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007

20