USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 15 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UMAR ALLI,

               Plaintiff,

    -against-

WARDEN OF R.N.D.C. (RIKERS
ISLAND), et al.,

               Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER
12 Civ. 3947 (GBD)(MHD)

GEORGE B. DANIELS, District Judge:

    *Pro se* Plaintiff Umar Alli filed this lawsuit against the New York City Department of Correction as well as several individual defendants, alleging that he was the victim of excessive force and denied due process under 42 U.S.C. § 1983 while in custody. Defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 37(d) and 41(b) on the grounds that Plaintiff has failed to prosecute this action. Plaintiff opposed the motion and simultaneously made an application for the appointment of pro bono counsel. Consistent with Magistrate Judge Dolinger's Report and Recommendation ("Report"), and given Plaintiff's continued failure to comply with the directives in the Report, Plaintiff's application is DENIED and Defendants' motion to dismiss is GRANTED.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Neither party filed objections to the Report.

## *Background*

On April 30, 2013, Defendants served discovery requests on Plaintiff and advised him that he had thirty days to respond. (Report at 3). Thereafter, Defendants followed up with Plaintiff multiple times seeking responses to their requests. (*Id.* at 4). On August 15, 2013, Judge Dolinger issued an order that directed Plaintiff to respond to the requests by August 30, 2013. Defendants and Judge Dolinger separately warned Plaintiff that his continued failure to respond could lead to dismissal of this action. (*Id.* at 4-5). On September 30, 2013, Defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 37(d) and 41(b) for failure to serve a response to interrogatories or document requests and failure to prosecute, respectively. Plaintiff filed an untimely opposition to the motion, and simultaneously made an application for the appointment of pro bono counsel.[1]

## *The Report and Recommendation*

The Report recommended that this Court deny Plaintiff's application for appointment of pro bono counsel without prejudice.[2] In addition, the Report ordered Plaintiff to comply with Defendants' discovery requests by June 20, 2014 to avoid facing "virtually certain dismissal."[3] (*Id.* at 10). Thus, the Report did not recommend dismissal unless Plaintiff failed to comply with

---

[1] Although Plaintiff asserted that he complied with the discovery requests on October 6, 2013, (Pl.'s Opp'n Mem. at 3), Defendants contend that Plaintiff's responses are inadequate because they fail to provide substantive information or documentation and because Plaintiff indicated that he would provide the information at some unspecified future date. This Court agrees with Defendants.

[2] The Report explained that it is not clear at this stage whether pro bono counsel should be appointed because "we do not have a clear picture of the facts underlying this case and therefore cannot make a merits assessment of [P]laintiff's claim." (Report at 18); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Gaines v. New York City Dep't of Corr.*, No. 10 Civ. 189, 2010 WL 4537040, at *2 (S.D.N.Y. Nov. 3, 2010) ("In deciding whether to appoint counsel, . . . the district [court] should first determine whether the indigent's position seems likely to be of substance.") (quotations omitted).

[3] The order clearly stated that noncompliance would result in dismissal: "Plaintiff is to provide these responses and documents to [D]efendants by no later than June 20, 2014. If he fails to do this, he will face dismissal of his complaint." (Report at 17).

2

that order.[4] Plaintiff did not comply.[5] Defendants therefore filed a renewed motion to dismiss on July 10, 2014.[6] (*See* Defs.' Second Mot. to Dismiss, ECF No. 72). This Court adopts the Report and Recommendation. Because Plaintiff has not provided any responses to Defendants' discovery requests—as required by Judge Dolinger's most-recent order—dismissal of this action without prejudice is appropriate.

## *Conclusion*

Plaintiff's application for the appointment of counsel is DENIED. Defendants' motion to dismiss is GRANTED. The clerk of the Court is directed to close the motions at ECF Nos. 53, 60, and 72 and this case.

Dated: New York, New York
July 15, 2014

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

---

[4] Plaintiff was specifically ordered "to serve upon [D]efendants proper responses to their interrogatories and document requests[,] . . . to provide a substantive and complete answer to each interrogatory and document request, with no objections to be interposed . . . [and] to provide [D]efendants with signed releases to obtain his medical records . . . by no later than June 20, 2014." (Report at 17).

[5] On July 1, 2014, Defendants informed Judge Dolinger by letter that despite his order, "[P]laintiff, to date, has not provided the undersigned with proper responses to [D]efendants' discovery demands." (Letter from Patrick Beath to Judge Dolinger, dated July 1, 2014, ECF No. 71). The letter goes on to explain that "[t]his failure is especially stark when contrasted with the fact that [P]laintiff, by letter dated June 2, 2014, and sent to the undersigned in an envelope postmarked June 21, 2014, sought additional copies of [D]efendants' responses to his discovery demands, without making any mention of his standing obligation to respond to [D]efendants' discovery requests." (*Id.*).

[6] Defendants' second motion to dismiss explained that "[t]o date, [P]laintiff has failed to serve upon [D]efendants proper responses to their interrogatories and document requests." (*See* Defs.' Mem. of Law in Support of Second Mot. to Dismiss, ECF No. 74 at 6).

3