UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

UMAR ALLI,

                                    Plaintiff,

            -against-

WARDEN OF A.R.N.D.C., et. al.,

                                  Defendants.

------------------------------------------------------------- x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

12 Civ. 3947 (GBD)(MHD)

        Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, defendants City of New York, Captain Singutary, Captain Vega, Deputy Warden Lemon, Daniel DiPerri, Officer Rees, Officer Glenn, Officer Brown, Warden of GRVC, Warden of RNDC, and Commissioner Schirro (hereinafter "defendants") respond and object to plaintiff's First Set of Interrogatories and Request for Production of Documents as follows:

## **GENERAL STATEMENT**

        1.     By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.     Defendants object to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another grounds for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5. Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

6. With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index.

7. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each lawsuit, article 78, and department of Investigation or Inspector general investigation defendants has been a party of, or cause of action. Including the Court the matter is pending, the docket or index No. and disposition of the matter.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not limited in time, not sufficiently limited in scope, seeks information not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that the request seeks documents reflecting allegations that did not result in a finding of misconduct, violates the privacy rights of non-parties and parties to this action, to the extent this request seeks confidential materials which may be privileged, to the extent it seeks information concerning ongoing investigations and to the extent it seeks information protected by the law enforcement, official information, deliberative process privileges and other applicable privileges. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

**INTERROGATORY NO. 2:**

Identify the videotape reviewed for the Use of Force 881/09, on June 2, 2009. Said Omni-cast video system and or DVR.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague, ambiguous, and overbroad. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

**INTERROGATORY NO. 3:**

Identify the search tape/DVR Footage and or handheld camera 23.31 and 23.30 and institutional search tape mark 6-2-09.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, and overbroad. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

**INTERROGATORY NO. 4:**

Identify the medical records of Omar Alli during 2009 through 2010.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, and overbroad. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

**INTERROGATORY NO. 5:**

Identify the two occasions Captain Eddie Vega infracted with Omar Alli prior to the June 2, 2009 Use of Force as stated in bate NYC 7.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**

Identify the Adjudication Captain of the following infractions 1524/09, 1525/09 and 1527/09.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is vague, ambiguous, overbroad, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request. Defendants further refer plaintiff to the documents produced on April 24, 2012, bearing Bates Stamp Nos. D 219 through D 220; and D 228 through D 229; D 251 through D 252.

**INTERROGATORY NO. 7:**

Identify the procedures to be taken place after and during a Use of Force.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, overbroad, not limited in time, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent it seeks information by the law enforcement privilege. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

**INTERROGATORY NO. 8:**

Identify the footage of the holding Pin connected within the drug interdiction room that Plaintiff was assaulted within.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, overbroad, not limited in time, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent it seeks information by the law enforcement privilege. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Produce the hearing transcripts for infraction Number 1524/09.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants refer plaintiff to the documents produced on April 24, 2012, bearing Bates Stamp Nos. D 219 through D 220; D 228 through D 229; D 251 through D 252.

**DOCUMENT REQUEST NO. 2.:**

Produce the hearing transcripts for infraction Number 1525/09.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

*See* Objection and Response to Document Request No. 1.

**DOCUMENT REQUEST NO. 3:**

Produce the hearing transcript for infraction Number 1527/09.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague, ambiguous, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the admission of relevant evidence. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants refer plaintiff to the documents produced on April 24, 2012, bearing Bates Stamp Nos. D 219 through D 220; D 228 through D 229; D 251 through D 252.

**DOCUMENT REQUEST NO. 4:**

Produce any pre-hearing segregation forms that was drawn in results to the June 2, 2009 Use of Force and or infractions.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is vague, ambiguous, and overbroad. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants refer plaintiff to the documents produced on April 24, 2012, bearing Bates Stamp Nos. D 207 through D 252.

**DOCUMENT REQUEST NO. 5:**

Produce any and all documentation establishing the policy and procedure requiring a inmate to be reconfined in disciplinary segregation for prior sanctions upon reentry to D.O.C. Custody.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague, ambiguous, overbroad, not limited in time and scope, unduly burdensome, assumes facts not

established, and seeks information not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 6:**

Produce any log Book entries and refusal forms documenting that Plaintiff refused appearance at the disciplinary hearings of infractions 1525/09, 1524/09 and 1527/09.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Request No. 6 on the grounds that it is vague, ambiguous, overbroad, and to the extent that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to the extent this request seeks documents that are private, sensitive and confidential, and to the extent this request seeks documents protected by the law enforcement privilege. Defendants further object to the extent this request seeks documents sealed by N.Y.C.P.L. §160.50, § 160.55, and/or Family Court Act 375.1 and other applicable state laws. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

**DOCUMENT REQUEST NO. 7:**

Produce any and all grievances and or complaints filled by the Plaintiff on or the behalf of the Plaintiff in connection with the claims in this action. Including whom received said reports and any investigations that were spurred and if no investigation was conducted state why.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is vague, ambiguous, overbroad, and to the extent that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to the extent this request seeks documents that are private, sensitive, and confidential, and to the

extent this request seeks documents protected by the law enforcement, official information, deliberative process privileges, and other applicable privileges. Defendants further object to this request to the extent that this request seeks documents that are sealed by N.Y.C.P.L. §160.50, § 160.55 and/or Family Court Act 375.1 and other applicable state laws, and documents that are private and confidential under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320(d), *et seq.*, ("HIPAA") and other applicable federal laws. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for documents responsive to this request.

**DOCUMENT REQUEST NO. 8:**

Produce the disciplinary record and allegations made against the defendants in this action civil, departmental or criminal.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague, ambiguous, overbroad, not limited in time, unduly burdensome, not sufficiently limited in scope, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to the extent this request seeks documents that are private, sensitive, and confidential, and to the extent this request seeks documents protected by the law enforcement, official information, deliberative process privileges, and other applicable privileges. Defendants further object to this request to the extent that this request seeks documents that are sealed by N.Y.C.P.L. §160.50, § 160.55 and/or Family Court Act 375.1 and other applicable state laws, and documents that are private and confidential under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320(d), *et seq.*, ("HIPAA") and other applicable federal laws. Notwithstanding and without waiving or limiting these objections or the

General Objections, defendants state that they are continuing to search for documents responsive to this request.

**DOCUMENT REQUEST NO. 9:**

Produce any and all documents regarding the alleged July 16, 2009 infraction for fighting w/inmate w/o weapon or injury. Including to but not limited to hearing transcripts, infraction reports, disposition form and etc.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is vague, ambiguous, overbroad, not limited in time and scope, unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 10:**

Produce any and all documents in connection with a defendant in this action having failed to make a report or having made a false statement or any kind.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

*See* Objection and Response to Document Request No. 8.

**DOCUMENT REQUEST NO. 11:**

Produce the sanction guidelines and or charts for all disciplinary offenses.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vague, ambiguous, overbroad, not limited in time and scope, unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 12:**

Produce the 13A log book of 2009 @ 1330 Hrs PG 375.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and to the extent it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to the extent this request seeks documents that are private, sensitive and confidential, and to the extent this request seeks documents protected by the law enforcement privilege. Defendants further object to the extent this request seeks documents sealed by N.Y.C.P.L. §160.50, § 160.55, and/or Family Court Act 375.1 a nd other applicable state laws. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

**DOCUMENT REQUEST NO. 13:**

Produce all the written complaints drafted by the plaintiff to the Department of Corrections and Board of Corrections regarding the incidents described in the complaint.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or limiting these objections or the General Objections, defendants state that they are continuing to search for information responsive to this request.

Dated:      New York, New York
                July 1, 2015

                                     ZACHARY W. CARTER
                                     Corporation Counsel of the
                                       City of New York
                                     Attorney for Defendants
                                     100 Church Street, Room 3-156
                                     New York, New York 10007
                                     (212) 356-0892

                            By:             /s/
                                       DANIEL SAAVEDRA
                                       Assistant Corporation Counsel

TO:     Umar Alli
         Clinton Correctional Facility
         P.O. Box 2000
         Dannemora, New York 12929