```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
UMAR ALLI,
                                 :
            Plaintiff,                      ORDER
                                 :
       -against-                       12 cv. 3947 (GBD)(MHD)
                                 :
WARDEN OF A.R.N.D.C. et al.,
                                 :
            Defendants.
-------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

On or about June 22, 2015 pro se plaintiff Umar Alli prepared a motion to compel discovery. (Docs. 119, 120). In that motion he asserted that he had served interrogatories and document requests on defendants' counsel on May 4, 2015, and that defendants had failed to respond to them. (Doc. 120 pp. 1-2). The motion was received by the Court and filed June 29, 2015. We issued an order the next day directing defendants to respond to the motion by July 8, 2015. (Doc. 121). We received defendants' response to the motion on July 8, and observed that defendants were contending that the plaintiff's motion was moot because defendants' attorney had served responses and objections to plaintiff's discovery requests on July 1, 2015, that is, two days after the motion to compel had been filed. (July 8, 2015 letter from Ass't Corp. Counsel Daniel G. Saavedra, Esq. [Doc. 122]). We then directed defendants to supply

1

the court with their discovery responses and authorized plaintiff to respond. (Orders dated July 9 & 14, 2015 [Docs. 123, 126]).

We have now reviewed defendants' responses (Defendants' Responses dated July 1, 2015 [Doc. 125]), and note the following. First, the responses were not provided within the required 30 days under Rules 33(b)(2) and 34(b)(2), and in fact were nearly a month late. Second, it is apparent that these responses were served only after defendants had received the motion to compel. Third, the majority of the responses to the interrogatories and a number of the responses to the document requests contain a formulaic assertion of objections, followed by the representation that "defendants state that they are continuing to search for information responsive to this request." (See Answers to Interrogatories 1-4, 6-8; Responses to Document Requests 6-8, 12-13). In response to others, defendants point to certain Bates-numbered documents as purporting to respond to an interrogatory or document request. (See Answer to Interrogatory 6 & Responses to Document Requests 1-4). Fourth, given defendants' repeated invocation of the "continuing to search" mantra, it appears clear that they never undertook a search for the information that

plaintiff asked for until confronted by plaintiff's motion.[1]

In plaintiff's response to defendants' submission (Pltff's Objections [Doc. 128]), he argues that defendants' delays should be deemed to waive any objections. (<u>Id.</u> at p. 1). He further points out that the documents to which defendants referred him do not supply the information that he seeks by his discovery requests. (<u>Id.</u> at p. 2).

We are not yet inclined to view defendants' dilatoriness as sufficient to waive all objections. For now we direct the following:

1. With respect to interrogatories 1-4 and 6-8 and document requests 6-8 and 12-13, defendants are to complete their "search" and provide fully responsive answers and complete production of responsive documents by no later than August 14, 2015. If any of these documents cannot be located, defendants are also required to

---

[1] By way of example, plaintiff asked for specification of the procedures required during and after a "Use of Force" and defendants respond that they are still looking for that information nearly two months after he requested it. (Answer to Interrogatory 7). Similarly, he sought identification of his medical records for 2009 and 2010, and defendants now respond that they are currently searching for them. (Answer to Interrogatory 4).

3

serve and file a declaration from an individual with personal knowledge describing in detail the search that was undertaken, including when. They are required as well to serve and file a declaration by August 17, 2015 attesting to their full compliance with this directive.

    2. By August 3, 2015 defendants are to produce to plaintiff the documents requested in Document Requests 1-4 or, failing that, they are to serve and file by that date a detailed written explanation of why the documents referred to in their current responses satisfy their obligations under the Rule 34. If they choose the second option, they are also to supply to the court a copy of the documents that they have identified in their current responses.

    3. Because plaintiff represents that the documents to which defendants point as an answer to interrogatory 6 are illegible, defendants are to supply an interim written answer to the interrogatory. This is to be done by August 3, 2015.[2]

---

[2] To ensure the clarity of our directives, we note the following: Interrogatory 6 is the subject of multiple of plaintiff's complaints, including the illegibility of the documents pointed-to by defendants <u>and</u> the delays in completing their "search" for additional responsive documents. Accordingly, by August 3, defendants must provide a written answer to

4. By August 10, 2015 defendants are to serve and file a detailed explanation of the basis for their objections to Document Requests 5, 9, 10 and 11.

5. The deadline to complete discovery is extended to August 31, 2015.

**Dated: New York, New York**
       **July 30, 2015**

_____
**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Order have been sent today to:

**Umar Alli**
DIN#12A1086
Clinton Corr. Facility
P.O. Box 2000
Dannemora, NY 12929
PRO SE

**Daniel Guillermo Saavedra, Esq.**
New York City Law Department
100 Church Street
New York, NY 10007

---

interrogatory 6 inclusive of the contents of the Bates-numbered documents and subsequently, by the dates provided in the first numbered paragraph above (see supra pp. 3-4), comply with our instructions vis-a-vis what remains of defendants' search for additional documents.