Umar Alli 12A1086
Clinton Correctional facility
P.O. Box 2000
Dannemora N.Y 12929

RECEIVED
SDNY PRO SE OFFICE
2015 AUG 24 P 3:28

August 18 2015
CC

RE: Alli v. Daniel Diperri., et al
12 Civ. 3947 (GBD)(MHD)

Pro se Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York New York 10007

Your Honor:

    I am the Pro se Plaintiff in the above matter and hereby writes in regards to defendants August 10 2015 application to take Plaintiff deposition VIA Video Conference.

    Plaintiff hereby objects to the conducting the deposition VIA Video Conference, for the reasons set forth. Plaintiff is hearing impaired due to an excessive force used by Department of Corrections Officials. Plaintiff is suspose to have hearing aids yet up until todays date Plaintiff does not have his hearing aids. Plaintiff has a current ongoing ADA Claim against New York State Department Of Corrections for failure to issue hearing aids despite disability being recorded and sustained. To assure the integrity of the deposition, the questions imposed and any audible content. Plaintiff requests that the deposition is conducted face to face. Thank you for your time and consideration.

Dated; August 18 2015
Dannemora Ny 12929

Sincerely
Umar Alli

# AFFIDAVIT OF SERVICE

CC

STATE OF NEW YORK
COUNTY OF Clinton

RE: Alli v. Daniel Diperri., Et Al
12 CIV. 3947 (GBD)(MHD)

I Umar Alli Pro se Plaintiff in the above matter hereby sworn that on the 18th day of August 2015 I have mailed first class through the mail room of Clinton Correctional facility the below stated documents to the below stated parties.

A. Objections to video deposition

To: Pro Se Clerk., U.S.D.C., S.D.N.Y.,
500 Pearl Street., New York NY 10007

CC: Dainel Saavedra., City Law Department
100 Church St., New York NY 10007

Respectfully
Umar Alli

Sworn to before me on this 18th day
of August 2015

MELISSA M. RENDLE
Notary Public State of New York
No. 01RE6252319
Qualified in Clinton County
Commission Expires 1/5/15

Notary Public

Clinton Correctional facility
P.O. Box 2000
Dannemora N.Y. 12929

Umar Alli 12A1086
Clinton Correctional Facility
P.O. Box 2000
Dannemora NY 12929

August 18 2015
CC:

Re: 12 CIV. 3947 (GBD)(MHD)
Alli v. Daniel Diperri, Et al.

Pro Se Clerk
Southern District Of New York
UNITED STATES DISTRICT COURT
500 PEARL STREET
NEW YORK N.Y. 10007

Your Honor:

I am the Pro Se Plaintiff in the above matter and write in connection to defendants August 7 and August 3 2015 disclosures and the Courts August 12 2015 Order collectively. As further expressed herein Plaintiff respectfully request that, (1) Defendant Priscilla Benson, Shield No. 702 be included in the Complaint and that Service is waived for said defendant., (2) The participation of defendant, Ernest Brown, in connection to this action is clarified. and (3), defendants are compelled to respond to Plaintiffs' document request 5, 9, 10 and 11. Due to objections being meritless.

For over two years the city law department maliciously with fraudulent intent knowingly and willfully misrepresented the identity of the adjudication Captain of the June 2 2009 use of force subsequent hearings. Defendants informed Plaintiff and or deceitfully lead Plaintiff to believe that defendant ernest brown was whom presided over the disciplinary hearings in connection with the June 2 2009 use of force. No where in any reports did it state Captains Benson name.

On and as shown in docket entry 131-1, On the hearing report and notice of disposition Bates # 251, 252, 229, 228, 220, 219 all Bates bearing "NYC". Despite On these forms clearly stating that the adjudication Captain Print name And Shield Number. On each form the Shield number is not Printed nor is the name of the adjudication Captain. Said Signature is unlegible. And thus effected the revealing of the idenity to the adjudication Captain. Only documents that bear Captain Benson name is the newly drafted hearing transcript. As shown in docket entry 131-2. This form has been newly Created and Produced due to the Courts Orders. After inspection of said document its clear that said form Contains No bate number. Despite defendants lying to plaintiff and the Courts that documents responsive to his discovery demands beared bates "D" 219, 220., no bates bearing the letter "D" was ever produced in this litigation to plaintiff at any Point. Where does the fraud of the department of Corrections and City law department end? In addition to the above defendants Provided the name of Ernest Brown in disclosures as if he was the adjudication Captain. furthermore Plaintiff even amended the Complaint to name the Mystery adjudication Captain as Ernest Brown. Defendants was on notice that Captain Benson was in fact the Proper defendant yet failed to act with malicious intent. Wherefore Plaintiff is requesting that the Courts add defendant Captain Benson to this docket and D.O.C waive service. Also that defendants Clarify Ernest Brown Position and or Conduct in this action.

In light to the discovery demands 5, 9, 10, 11 Plaintiff responds and Objects as follows;

Document request No. 5, States Produce any and all documentation establishing the Policy and Procedure requiring a inmate to be reconfined in disciplinary Segregation for Prior Sanctions upon reentry to D.O.C Custody.,

Defendants baseless meritless Objections must fail. defendants allege that said request is not reasonably Calculated. Yet Plaintiff has without a doubt shown in his complaint the municipal unlawful Practice he was subject of. SEE Complaint Section iii which states," Due Process Violations upon re-entry to D.O.C Custody" Also See Paragraphs 121 - 131. Namely See Paragraph 128, stating the Continuation of the Punitive Segregation following the Completion of a Criminal Sentence or release also is inconsistent... Throughout the Keyed Paragraphs Plaintiff Clearly shows that his document request is reasonably calculated to addmissible evidence in accordance to Fed. R. Civ. P (26). If defendants fail to comprehend the vast components of my arguements and Claims they should adequately read my complaint. Because Contrary to defendants unsupported allegations. This matter is based on more than the June 2 2009 Use of force. Defendants Should be Compelled to Produce requested document request No. 5.

Document request No. 9 request defendants to Proceduce any and all documents regarding the alleged July 16 2009 infraction for fighting w/inmate w/o weapon or injury. Including but not limited to hearing transcripts, infraction reports, disposition forms and etc.

Plaintiff maintains as stated above to document request #5 Plaintiff request is reasonably calculated to lead to admissible evidence, in connection to claims rose in Complaint. Plaintiff Pro se has rose a due process claim in connection with the alleged July 16 2009 infraction. (See Page 30 Paragraph (i) stating June 2 2009 and July 16 2009 Infractions due process violation... (See also Page 31 Paragraphs 112 - 115.) Clearly establishing under the federal rules of Evidence and federal Rule Civil Procedure Rule 26, that the request is higly relevant and calculated to lead to admissible evidence.

Plaintiff has signed and endorsed the Protective order in connection with Document request 10. Plaintiff merely objects to defendants leaving out the names of Captain R. Singletary, Captain E. Vega, and Deputy Warden C. Lemon. All of whom have a connection with the claims of action and or the use of force. Defendants should be compelled to provide documents applicable for all above defendants.

Document request No. 11 "Produce the sanction guidelines and or Charts for all disciplinary offenses" refers to the sanction imposed on officals whom were found quilty of violating rules and directives of departmental policy. Also other forms of misconduct. Said request is relevant and Calculated to lead to admissible evidence. Throughout Plaintiffs Complaint he established that policy making defendants and supervisory defendants have a long-standing custom of failing to discipline

and or being Passive for repeated offenses', and or failure to implement better disipline Policies (See Complaint Page 26 Lines 91-94.

As stated herein defendants should be Compelled to Provide all requested documents due to relevancy of Subject matter. Thank you.

Dated; August 18 2015
Dannemora N.Y 12929

Sincerely
Umar Alli

Clinton Correctional
P.O. Box 2000
Dannemora N.Y 12929

(5)

# AFFIDAVIT OF SERVICE

CC

City of New York
County of Clinton

RE: 12 CIV. 3947 (GBD)(MHD)
Alli v. Daniel Diperri., Et al

I Umar Alli Pro se Plaintiff in the above matter hereby sworn that on the 18th day of August has mailed by first class mail the below stated to the below addressed.

A. Reply to August 12 2015 Court Order (five (5) Pages)

To: Pro se clerk, United States District Court Southern District Of New York, 500 Pearl Street. New York New York 10007

CC; Daniel G Saavedra
City Law Department, 100 Church St.,
New York NY 10007

Sworn to by me on this
18th day of August 2015

*Melissa M. Rendle*
MELISSA M. RENDLE
Notary Public State of New York
No. 01RE6252319
Qualified in Clinton County
Commission Expires 1/5/15

Sincerely
Umar. Alli

Clinton Corr. Fac.
P.O. Box 2000
Dannemora NY 1292[?]

DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**CLINTON CORRECTIONAL FACILITY**
P.O. BOX 2000
DANNEMORA, NEW YORK 12929

NAME: Uma S.
DIN: 11A1086

Pro Se Clerk
Southern District of New York,
United States District Court
500 Pearl Street
New York, N.Y. 10007

RECEIVED
SDNY PRO SE OFFICE
2015 AUG 24 P 3:28