```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
UMAR ALLI,
                                    :
           Plaintiff,                         ORDER
                                    :
       -against-                      12 cv. 3947 (GBD)(MHD)
                                    :
WARDEN OF A.R.N.D.C. et al.,
                                    :
           Defendants.
-------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

The parties are in seeming dispute as to the production of documents sought by pro se plaintiff. In addition plaintiff has requested that his complaint be amended to add another defendant. In their turn, defendants seek an order authorizing an adjournment of their deposition of plaintiff so that it may be taken in person. We address these matters below.

The Documents

By order dated July 30, 2015 we directed defendants to offer a written explanation for their objection to plaintiff's document requests 5, 9, 10 and 11. (Docket no. 130). They initially did so via letter dated August 7, 2015 (docket no. 132), to which we authorized plaintiff to respond. (Docket no. 136). By letter dated

1

August 18, 2015 and docketed by the Clerk of the Court on August 25, 2015, plaintiff indeed responded (docket no. 140), triggering a reply from defendants by letter dated August 26, 2015. (Letter from Daniel G. Saavedra, Esq. [Docket no. 142]). In sum, defendants assert that the documents sought are irrelevant and that the requests are overbroad or unduly burdensome. (Id. at p. 3). Plaintiff had earlier argued that the documents are indeed relevant to various portions of his lengthy Amended Complaint. (Letter from Umar Alli dated Aug. 18, 2015).

Having reviewed the disputed document requests and the plaintiff's lengthy complaint, we reject, except in one respect, defendants' contention that the requests seek information that is not relevant to the claims in this case.[1] As for their assertions

---

[1] We note that, in their most recent letter, defendants do not even address in specific terms plaintiff's Request # 10. (See Saavedra letter dated Aug. 26, 2015). Nevertheless, we glean from previous submissions that the dispute regarding this document request has narrowed somewhat since the start of this back-and-forth. At first, plaintiff sought "any and all documents in connection with a defendant in this action having failed to make a report or having made a false statement of any kind." (See Document Requests attached to plaintiff's Motion to Compel dated June 22, 2015 [docket no. 119]). This request, in tandem with Request # 8, functionally seeks certain disciplinary records for individual defendants. (See Saavedra letter dated Aug. 7, 2015 pp. 2-3).

In response to this request, in their August 7, 2015 letter, defendants represented that they would proffer this information

of overbreadth and undue burden, in large measure they are not borne out by any showing on the part of the defendants, although we are able to reword the pertinent requests as needed to narrow or more precisely define them.

Accordingly, we direct as follows:

    1. In response to Document Request # 5, defendants are to produce documents sufficient to describe any policy or practice that requires or permits a prisoner to be confined in disciplinary segregation upon his re-entry to a City facility based on a sanction imposed on a prior City confinement of that prisoner.

    2. In response to Document Request # 9, defendants are to produce all documents that relate to an alleged infraction on July 16, 2009 for fighting with another inmate.

    3. In response to Document Request # 10, defendants are to

---

for defendants DiPerri, Rees, Gleen (incorrectly listed as "Glenn" on the docket), and Brown, provided plaintiff signed a proposed protective order (id.), which plaintiff has apparently now signed. (Alli letter dated Aug. 18, 2015 at p. 4). Plaintiff now informs the court that, notwithstanding his endorsement of the protective order, he continues to object to defendants' refusal to provide responsive information for several other individual defendants. (Id.).

confirm in writing whether <u>any</u> of the individual defendants have been disciplined by the Department of Corrections for failing to make a report or for making a false statement. If any such disciplinary action has been taken, defendants are to produce documentation of that action.

4. With respect to Document Request # 11, defendants are absolved of any obligation to produce the requested documents.

5. The disclosures required by paragraphs 1-3 are to be made by September 17, 2015.

<u>Amendment of Complaint</u>

Plaintiff seeks to add a defendant to his complaint, a Captain Priscilla Benson, who apparently conducted a disciplinary hearing that plaintiff is challenging. (Alli letter dated Aug. 18, 2015 at pp. 1-2). Although the correspondence pertinent to this matter is somewhat opaque, we understand that plaintiff had previously named a Captain Ernest Brown as the purported hearing officer, apparently because of his understanding from defendants that this was his role. Plaintiff has now determined that it was Captain Benson who presided at the hearing. Apart from requesting leave for the

amendment, plaintiff asks that the court deem service on the proposed new defendant to be waived or otherwise excused.

Defendants have not expressly opposed the request to amend (Saavedra letter dated Aug. 26, 2015 at pp. 2-3), but vaguely point out that the requirement of service on her cannot be excused by the court or else that service cannot be waived unless and until she has been named as a defendant. Under all the circumstances, we authorize plaintiff to file an amended complaint naming Captain Benson as a defendant by no later than September 17, 2015. The authorized amendment is limited to the insertion of Captain Benson as a defendant. Counsel for defendants is to determine whether service will be waived by Captain Benson or by the Law Department on her behalf. Counsel is to advise the court in this respect by September 10, 2015. If defendant does not consent, counsel is to provide an address at which Benson may be served.

### Deposition of Plaintiff

Although plaintiff's deposition was originally scheduled to be conducted remotely on August 28, 2015, the parties now agree that it should be conducted in person. Accordingly, we have signed a separate order scheduling that deposition for October 23, 2015. At

the same time we extend the deadline to complete discovery to October 31, 2015.

Dated: New York, New York
       August 27, 2015

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Order have been sent today to:

**Umar Alli**
DIN#12A1086
Clinton Corr. Facility
P.O. Box 2000
Dannemora, NY 12929
PRO SE

**Daniel Guillermo Saavedra, Esq.**
New York City Law Department
100 Church Street
New York, NY 10007