SING SING CORRECTIONAL FACILITY
354 HUNTER STREET
OSSINING, NEW YORK 10562

NAME: Umar Alli    DIN: 12A1086





RECEIVED
SDNY PRO SE OFFICE
2015 NOV -2 PM 3:51

USM-P3
SDNY

Pro Se Clerk
United States District Court
Southern District of New York
500 PEARL ST.
New York NY 10007

Legal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI
    PLAINTIFF,
VS.
WARDEN OF A.R.N.D.C, ET,AL
    DEFENDANTS,

MOTION AND NOTICE FOR
THE APPOINTMENT OF COUNSEL
12. CIV 3947
(GBH) (MHD)

    Pro Se Plaintiff Umar Alli, Pursuant to rule 7b Federal Rules of Civil Procedure, and pursuant to §1915, request this court to appoint counsel to represent plaintiff in the case for the following reasons stated in plaintiffs affidavit in support of plaintiff motion for the appointment of counsel and memorandum of law in support of the motion for appointment of counsel. This motion is drafted on the 25th day of august 2015 and its return date is no later than two weeks for dated date september 8 2015

    THANK YOU FOR YOUR TIME AND CONSIDERATION.

DATED AUGU~~S~~T 25 2015 RE-Submitted
DANNERMORA ~~N~~EWYORK October 24 2015
OSSINING NY

TO: PRO SE CLERK
SOUTHERN DISTRICT OF NEW YORK
UNITED STATED DISTRICT COURT
500 PEARL STREET
NEW YORK NEW YORK 1007

UMAR ALLI
CLINT~~O~~N CORR. FAC.
P.O. ~~B~~OX 2000
DANNEMORA NEW YORK 12929

Sing Sing Correctional facility
354 Hunter ST
OSSINING NY 10562

Umar Alli

RECEIVED
SDNY PRO SE OFFICE
2015 NOV -2 PM 3:51

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI  
        PLAINTIFF  
V.  
WARDEN OF A.R.N.D.C, Et Al  
        DEFENDANTS

AFFIDAVIT IN SUPPORT OF THE PLAINTIFFS MOTION FOR THE APPOINTMENT OF COUNSEL

12. CIV. 3947  
(GBH) (MHD)

---

    PRO SE PLAINTIFF UMAR ALLI, being duly sworn and deposes say:

1. I am the pro se plaintiff in the above matter. I make this affidavit in support of my motion for appoint of counsel.

2. The complaints states including but not limited to , the municipal practice of assaulting with excessive force adolecents detainees, Municipal policy of failing to report uses of force and or to investigate allegation of uses of force, Municipal policy of systematic deficientcies of failure to monitor investigations of use of force and to discipline officers the misuse of force , Municipal policy of failure to adequately train and or re-train officers to properly use force, Municipal policy to conspire to make false reports of incidents, supervisory and municipal policy of denying adequate and just disciplinary hearings and providing proper due process , Municipal and supervisory practice of the continuation of punitive segregations sanctions upon reentry to Department of Correction custody, Municipal and supervisory practice of failing to remove known and or assumed threating and or malicous officals from interaction with detainees, and policy of subjecting a detainee to cruel and unusual punishment after uses of force.

3. Plaintiff asserts that he was subjected to and a victim of a perverse and pervasive practice policy and or custom sanctioned at the low and highest levels of the Departmwnt of Corrections and The City of New YORK.

4. This case is highly complex because it contains several different claims with each involving different sets of defendants

5. To Obtain the truth behind the mutiple facts asserted within the complaint defendants will have to be cross-exaimed. In which is a intricate process best proformed by an attorney.

6. This case involves mediacl issues that may require expert testimony

7. This case may bring forth lots of sensitive departmental documents and or defendants personal documrnts that the defense may try to withhold without an attorney. This case also may require indepth depositions of low ranking and high ranking officals, even the city of New York and a number of witnesses whom plaintiff may not be able to contact due to his and their incarceration.

8. The plaintiff only has a high school education and has no legal education and is a layman of the courts.

9. Plaintiff has wrote several counsels and firms requesting that he be provided representation yet to no avail.

10. Plaintiff is seeking a jury trail in this action and assement of damages.

11. As set forth herein and within the memorandum of law in support of the motion for appointment of counsel, the facts, along with the legal merits of plainitffs claims , the appointment of counsel should be warranted.

WHEREFORE THE PLAINTIFF RESPECTFULLY REQUEST THAT HIS MOTION IS GRANTED.

DATED; AUGUST 25 2015
DANNERMORA NEW YORK

RESUBMITTED
October 24 2015
OSSINING NY

PRO SE
UMAR ALLI

CLINTON CORR. FAC.
P.O. BOX 2000
DANNERMORA NY. 12929

Umar. Alli

Sing Sing Correctional facility
354 Hunter St
OSSINING NY 10562

TO: PRO SE CLERK
UNITED STATES DISTRICT COURT
SOUTHERNDISTRIC OF NEW YORK
500 PEARL STREET
NEW YORK NEW YORK 1007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

UMAR ALLI
        PLAINTIFF,

V.

WARDEN OF A.R.N.D.C, et al

        DEFENDANTS

MEOMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS MOTION FOR THE APPOINTMENT OF COUNSEL

12. CIV. 3947

(GBD) (MHD)

        I Umar Alli pro Se Plaintiff in the above stated matter hereby makes this memoranddum of law in sup½port of the attached motion for the appointment of counsel and the affidavit in support of the motion for the appointment of counsel. For the reasons set forth herein and as stated in the accompanying motion plaintiff respectfully request that his motion is granted in all respects.

STATEMENTS OF CASE:

        This action is acivil rights matter filed under §42 U.S.C §1983.PLaintiff was a pre-trail detainee at all relevant times of claims of action.In the custody of The New York City Department Of Corrections Rikers Island.Plaintiff claims are very complex yet include but not limited to the following:

1) Plaintiff was subjected to the excessive use of force, Assault and battery.

2) Plaintiff was denied adequate medical care and or medical treatment.

3) Plaintiff was subjected to a municipal and supervisory policy custom and or practice of Department Of Corrections ("D.O.C") to falsify reports.

4) Plaintiff was subjected to a policy custom and or practice of D.O.C officials to assualt and or conspire to assualt adolescent detainees.

5) Plaintiff was subjected to a policy custom and or practice of municipal and supervisory defendants to deny detainees just Due Process in connection with disciplinary hearings.

6) Plaintiff was subjected to over four hundred ( 400 ) days of wrongful confinement of punitive segregation.

7) Plaintiff was subjected to a policy custom and or practice of D.O.C municipal and supervisory officials, to impose a continuation of a punitive segreation sanction upon a detainees re-entry to D.O.C's custody.

8) Plaintiff was subjected to unlawfull conditions of confinement and unjust hardship while deatined unlawfully in punitive segregation.

9) Plaintiff was subjected to the denial of religious services while detained in punitive segregation.

10) Plaintiff was denied religious meals while being confined in punitive segregation.

11.) Plaintiff was subjected to defamation of character in relation to the falsified disciplinarty charges on his record.

12) Plaintiff was subjected to policy custom and or practice of supervisory and municpal officals of the sytematic deficiencies to failure to monitor use of excessive allegations and to discipline officials whom misuse force.

13) Plaintiff asserts § 18 U.S.C 242 against assaulting defendants.

14) Plaintiff is a vitcim of a perverse and pervasive practice sanctioned at the highest level of NYC DOC in which correction officers, captains, Deputys, wardens and commissioners tolerated facilitated participated or covered up the unoffical program inflicted upon adolesents detainees to control, discipline, and or embed fear.

15) Plaintiff was subject to inadequate care custody and control.

16) Plaintiff was a victim of officals failure to trail and or re-train officers.

17) Plaintiff was subjected to the " BOx Monster " practice desrcibed in paragragh ¶ 29 of the complaint.

18) Plaintiff was subjected to the failure of DOC to adequately conculate the days served in punitive segregation and the remaining days owed , thus causing unwarranted time spent in punitive segreation.

19) Plaintiff was subjected to loss of liberty, eight amendment violations fifth amendment violations , and fourteenth amendment violations.

20) Plaintiff has suffered mentally emotionally and physically due to these practices.

    Through countless cases, allegations, suits, investigations and or departmental reports. The City of New York , Department of Corrections, Board of Corrections has been made aware of the widespread practice and personally and or indirectly sanctioned, encouraged, participated, and or covered up these unlawfull practices. In which caused further abuse. Defendants conductconstitutes a municipal policy practice and or custom that is so deeply emedded in the culture of D.O.C thus implementing Law.

## ARGUMENT

    The court should appoint counsel for the plaintiff.

Following factors guide the exercise of courts' discretion in determining whether to appoint counsel to represent pro se party in civil right suit (1) The nature and complexity of the action,(2) the potential merit of the pro se claims (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interest of justice will be served by the appointment of counsel. Including the benifit the court may derive from assistance of the appointment of counsel. ( Civil Rights Acts of 1964 §706 (f) (1); 42 U.S.C.A §2000e-5 (f)(1) . The courts should also consider the ability to investigate the crucial facts , whether conflicting evidence implicating the need for cross -examination... and the ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely lead to a just determination.

1. FACTUAL COMPLEXITY.

The plaintiff repeats and re-alleges the statements of the case section of this motion as if it was fully stated herein. Plaintiff alleges that while a Pre-Trail detainee he was subjected to all the priorly stated practices, customs,or actions stated. He also stated that theses practices were deeply embeded in the culture of the City of New York and Department/ Board of Corrections in which defendants were on notice and condoned and or sanctioned said practices.These practices were made known through countless investi gations , complaints and or law suits. Said allegation to prove may require mutiple depositions, cross-examinations, fact finding, and expert testimony thus supporting the appointment of counsel.
MOORE V. MABUS, 976 f 2d 268 ,272. (5th cir 1992), JACKSON V. COUNTY Of MClean, 953 f.2d 1070 1073 ( 7th cir 1992); TUCKER V. REANDALL 948 F.2d 388, 392 (7th cir1991).

2. THE PLAINTIFFS INABILITY TO INVESTIGATE.

The plaintiff in this matter is currently unable and has no adequate means or ability to investigate the mutiple claims set forth herein. For example he is unable to idenitify, locate and interview witnesses and or inmates whom were also subjected to these practices. Plaintiff is unable to access and or research the vast amount of civil or state claims involving the allegations he stated. Plaintiff is unable to obtain the reports drafted from any investigation that was commenced. Plaintiff is also not privy to most of the departmental sensitive documents and or defense counsel is unlawfull denying or withholding relevant discovery demands. All of which are severeal factors that serval courts have cited in appointing counsel. "TUCKER V. DICKEY,"613 F.supp 1124, 1133-34 ( W.D.Wis 1985 ) (need for discovery supported appointment of counsel )

3. CONFLICTING TESTIMONY.

The plaintiffs accounts of his malicious assualt endured is squarely in conflict with the statements of the officers. Plaintiff accounts of these unlawfull customs endured and occuring before and after his placement in D.O.C is squarely different from the assumed position of higher up officals despite documentation proving the most of his assertions. These aspects of the case would involve a proceducing of docurmtation evidence in which plaintiff does not have, and a credibility test between plaitiffs witnesses 7 plaintiff and defendants. The existence of these credibility issues support the appointment oif counsel. " GATSON V. COUGHLIN "679 F.Supp 270 273 ( W.D.N.Y 1988 ) SEE ALSO "HENDRICKS V. COUGHLIN "114 F.3D 390 394(2d Cir 1997 ) STATING " if a cases factual issues turn on credibility, this should weigh on the side of appointing counsel. Since its more likely that the truth will be exposed were both sides are represented by those trained

in the presentation of evidence and in cross-examination."

### 4. THE ABILITY OF THE PLAINTIFF TO PRESENT HIS CLAIM.

The plaintiff is pro se with no legal education, a factor that supports the appointment of counsel. "WHISENANT V. YUAM, 739 F.2d (4th cir 1984). In addition plaintiff is incarcerated with very limited access to legal material and legal assitance. "RAYES V. JOHNSON, 969 F.2d 700, 703-04 (8th cir 1992).

### 5. LEGAL COMPLEXITY.

The large number of defendants some of which are supervisory officails, present complex legal issues of determining which defendants will be held liable for allegations claimed. Plaintiff also by all means intends to go forth to trail in this matter and plaintiff has sought a jury trail, which requires much greater legal skill than the plaintiff has or can develop. "ABDULLAH V. GUNTER, 949 f.2d1032 1036 (8th cir 1991), citing lack legal support and the demand for a jury trail as a factor in appointing counsel.)

### 6. MERITS OF THE CASE.

The plaintiffs allegations, if provoked, clearly would establish a constitional violation. The unprovoked and injurious beating/exessive force if proven clearly states an eighth and fourteenth amendment violation. " Hudson V. MC MILLIAN, U.S. 112 S.Ct 995, 1000 (1992). Also as shown in the attached documents of the complaint, plaintiff has exhausted adminstrative remdys. and or clearly rose his due process claims and submitted supporting documention refutting any contrary allegations toward his claims. Defendants action and or inaction has caused mutiple state law, federal law, and constitutional violations.

### 7. Plaintiff has made numerous attempts to obtain counsel.

If the courts determines that the claims meet the threshold requirement, then the court can " consider the other factors appropriate to determine whether counsel should be appointed " " WIGGINS V. VEGA, No. 13-CV-2037 WL 5700 970 at*1 ( S.D.N.Y OCT, 17 2013 )"citing "HODGE, 802 F.2d at 60-61" These criteria incluse the plaintiffs ability to obtain representation indepently, and his abillity to handle the case without assistance in the light of factual investigation, the complexity of the legal issue and need for expertly conducted cross-examiniation to test veracity. "COOPER, 877 F.2d at 172"
    In light of this instant application and plaintiffs prior application for the appointment of counsel. Plaintiff has repeatedly wrote and or called many law firms, law partners and or law associates for representation. Including but not limited to the following firms. Ex;
  " THE Legal aid soceity" , " THE LAW OFFICE OF VINSON & ELKINS",

" THE LAW OFFICE OF DESIMONE AVILES ", " ATTORNEY TRACY SUNDACK ",

" The LAW OFFICES OF NASS & ROPER ", " THE LAW OFFICE OF WINSTON & STRAWN " Plaintiff has also wrote to the courts requesting the list with all Pro Bono counsel information, yet to no avail.

Plaintiff has made a reasonable attempt to obtain counsel, all firms and or attorneys he wrote denied him representation and or falied to reply. See "james v. osbourne" No. 11-cv-4182, 2012 WL 484 9131 at *7( E.D.N.Y APR. 18 2012 ) stating that plaintiff must show that he is unable to obtain counsel before appointment of counsel. SEE ALSO, wright v. knibbs no.13-cv-2849, 2013 WL 2115 2080 at *1 ( S.D.N.Y June 5 2013 ) stating that plaintiff satisfied this criteria by showing that he contacted serval attorney who refused the case.

## CONCLUSION

plaintiff repeates and realleges the foregoing as it was fully stated herein with the same force. Plaintiff respectfully request that the courts grant plaintiffs' motion for counsel.

THANK YOU FOR YOUR TIME AND CONSIDERATION.

DATED: August 25 2015
DANNEMORA NEW YORK

Resubmitted
October 24 2015
OSSINING NY

PRO SE PLAINTIFF
UMAR ALLI
CLINTON CORRECTIONAL FACILITY
P.O. BOX 20000
DANNERMORA NEW YORK  12929

*Umar Alli*

Sing Sing Correctional facility
354 OSSINING ~~STREET~~
New York NY 10562

TO:  PRO SE CLERK
SOUTHERN DISTRICT OF NEW YORK
UNITED STATED DISTRICT COURT
500 PEARL STREET
NEW YORK NEW YORK 10007

5