

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

DANIEL G. SAAVEDRA
*Assistant Corporation Counsel*
Phone: (212) 356-0892
Fax: (212) 356-3509
dsaavedr@law.nyc.gov

November 20, 2015

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Umar Alli v. Warden of A.R.N.D.C. (Rikers Island), et al.*,
          12 Civ. 3947 (GBD) (MHD)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter on behalf of defendants City of New York, Commissioner Schriro, Warden Duffy, Warden Bailey, Warden Argo, Captain Vega, Captain Singutary, Deputy Warden Lemon, Officers DiPerri, Rees, Gleen, and Brown (hereinafter "defendants"). Defendants write in response to the Court's November 13, 2015 Order. *See* Docket Entry No. 164. For the reasons stated herein, defendants respectfully request that the Court deny plaintiff's motion to compel responses to Interrogatory Nos. 4 and 5.

## I.    Procedural History

      By way of background, plaintiff alleges that he was assaulted by numerous Correction Officers on June 2, 2009 while he was housed in the George R. Vierno Center ("GRVC") on Rikers Island. On March 11, 2015, the Court granted plaintiff's motion for relief from a final order under Rule 60(b)(1) of the Federal Rules of Civil Procedure, reopening the instant case. On August 11, 2015, plaintiff served defendants with his second set of Interrogatories, Document Requests, and Requests for Admission. On September 11, 2015, defendants served plaintiff with their responses and objections to plaintiff's second set of Interrogatories, Document Requests, and Request for Admission. By letter, dated September 28, 2015, plaintiff indicated that he found a number of defendants' responses to his discovery requests to be insufficient. In particular, plaintiff "objected" to defendants' responses to Interrogatory Nos. 6, 7, 9 and 10. *See* Docket Entry No. 157, pp. 3, 4. Moreover, plaintiff "objected" to defendants' responses to Document Request Nos. 2, 3, and 4. *See* Docket Entry

No. 157, pp. 4, 5. By letter, dated October 1, 2015, defendants responded to plaintiff's September 28, 2015 letter.

On October 16, 2015, plaintiff moved to compel discovery pursuant to Rule 34(b) and 37(a) of the Federal Rules of Civil Procedure. *See* Docket Entry No. 157. Specifically, plaintiff requests an order "compelling the defendants to produce for inspection and copying of the documents requested in plaintiff's second set of interrogatories, request for admission and production of documents." *See* Docket Entry No. 157, p. 1. Plaintiff did not specify exactly which documents he was requesting the Court compel defendants to produce. Therefore, for purposes of responding to plaintiff's motion to compel, defendants addressed the "objections" plaintiff raised in his September 28, 2015 letter. *See* Docket Entry No. 161. On November 13, 2015, however, the Court ordered defendants to supplement their response by specifically addressing Interrogatory Nos. 4 and 5. *See* Docket Entry No. 164.

## II. Interrogatory Nos. 4 and 5

Interrogatory No. 4 requested that defendants identify the "Department of Corrections and Board of Corrections system and procedure for investigating staff" for allegations of Misuse of force. *See* Docket Entry No. 157, p. 9. Defendants objected on the grounds that this request was "vague, ambiguous, overbroad, unduly burdensome, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of reasonable evidence." *See* Docket Entry No. 157, p. 15. Nevertheless, defendants stated that they would produce responsive policy documents subject to the execution and Court endorsement of an appropriate protective order. *See* Docket Entry No. 157, p. 15. On September 18, 2015, Magistrate Dolinger "so ordered" an Order of Confidentiality. *See* Docket Entry No. 152. Accordingly, on September 18, 2015, defendants disclosed to plaintiff several policy documents, including the New York City Department of Correction Use of Force Directive, bearing Bates Stamp Nos. NYC 454 through 485, which details the procedure for investigating staff involvement in Use of Force incidents. Accordingly, defendants respectfully submit that plaintiff's motion to compel a response to Interrogatory No. 4 is moot because defendants have adequately responded to this request.

Interrogatory No. 5 requested that defendants identify the "protocol or procedure which requires inmates to return to punitive segregation when they are returned to DOC Custody." *See* Docket Entry No. 157, p. 15. Defendants referred plaintiff to their Objection and Response to Interrogatory No. 4. *See* Docket Entry No. 157, p. 16. Accordingly, on September 18, 2015, once Magistrate Dolinger endorsed an Order of Confidentiality, defendants disclosed to plaintiff the New York City Department of Correction Inmate Disciplinary Due Process Directive, bearing Bates Stamp Nos. NYC 504 through 539, which details the now defunct policy of requiring inmates to finish their punitive segregation sentences when they are returned to DOC custody. Accordingly, defendants respectfully submit that plaintiff's motion to compel a response to Interrogatory No. 5 is moot because defendants have adequately responded to this request.

Defendants thank the Court for its time and consideration.

                                      Respectfully submitted,

                                        /s/

                                      Daniel G. Saavedra
                                      *Assistant Corporation Counsel*
                                      Special Federal Litigation Division

cc:    Umar Alli (By First Class Mail)
       710 E. 187th Street, Apt. 5
       Bronx, New York, 10451