UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UMAR ALLI,                                              :

                                                        :       ORDER
                Plaintiff,
                                                        :       12 Civ. 3947 (GBD) (GWG)
        -v.-
                                                        :

WARDEN OF A.R.N.D.C. et al.,                            :

                Defendants.                             :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The plaintiff has moved to compel production of certain items of discovery.[1] The motion, however, does not specify its subjects. Rather, plaintiff has attached three exhibits to his motion. Exhibit A is a copy of his August 11, 2015 interrogatories, requests for documents, and requests for admission. Exhibit C is a copy of defendants' responses to those requests, issued on September 11, 2015. Exhibit B is a copy of a September 28, 2015 letter the plaintiff sent to the defendants requesting the production of documents they declined to produce in their September 11 responses. The plaintiff mailed Exhibit B to the defendants to satisfy his meet-and-confer obligations. P. Mot. at 1. The defendants interpreted the instant motion as moving with respect to the matters discussed in the September 28 letter. D. Opp. at 2. This letter requests responses to interrogatories 1-7, 9, and 10, and document requests 2, 3, and 4. See Exhibit B. We take the same approach. Additionally, we consider plaintiff's demand for responses to Interrogatory Numbers 4 and 5. See Order, filed November 13, 2015 (Docket # 164); Letter respectfully responding to the Court's November 13, 2015 Order, filed November 20, 2015 (Docket # 167) ("November 20 Letter").[2]

       A.     <u>Interrogatory Numbers 1, 2, and 3</u>

Interrogatory Number 1 asks the defendants to identify occasions when defendants were

---

[1] See Motion to Compel Discovery, filed October 16, 2015 (Docket # 157) ("P. Mot."); Affidavit in Support of Motion to Compel Discovery, filed October 16, 2015 (Docket # 158) ("Alli Affidavit"); Letter addressed to Magistrate Judge Gabriel W. Gorenstein, filed October 23, 2015 (Docket # 161) ("D. Opp.").

[2] We note that the Alli Affidavit lists Document Request 1 as being at issue. But neither Exhibit B nor the motion to compel refer to Document Request 1. In light of these facts and also because Document Request 1 asks for documents covered by the Interrogatories, see Exhibit C at 8, we do not address it further.

accused of making false statements in certain official proceedings. Exhibit C at 3. Interrogatory Number 2 requests the number of Department of Corrections personnel "accused and or prosecuted for Official Misconduct, use of force and falsifying business records between 2005 to 2012." Id. at 4. Interrogatory Number 3 asks the plaintiffs to identify complaints filed by adolescents between 2005 and 2012 relating to "malicious assaults/excessive force and falsifying documents." Id. The defendants address this group of requests collectively, alleging overbreadth, undue burden, and that prior productions of defendants' disciplinary history should suffice. D. Opp. at 2, n.1.

As to the first Interrogatory, we agree with defendants that defendants' production of the defendant officers' disciplinary history should be sufficient. As to the other requests, these are vastly overbroad and would call for the production of information about non-parties with significant privacy interests. Additionally, we do not think the likely benefit of producing such materials outweighs the obvious burden. Accordingly, plaintiff's motion to compel responses to these Interrogatories is denied.

On a related point, the Court assumes that defendants have delivered to plaintiff the information that Judge Dolinger previously ordered produced regarding defendants. See August 27 Order at 2, n.1. If such is not the case, plaintiff should contact defendants immediately.

### B. Interrogatory Numbers 4 and 5

Interrogatory Number 4 asked the defendants to produce the procedure "for investigating and discipling [sic] staff for allegation [sic] of Misuse of force." Exhibit C at 4. Interrogatory Number 5 requested the "Protocol or Procedure in which requires [sic] Inmates to return to Punitive Segregation when returned to D.O.C. Custody." Id. The defendants state they have already responded to these requests. November 20 Letter at 2. The defendants represent that they produced the "New York City Department of Correction Use of Force Directive" to respond to Interrogatory Number 4, and the "New York City Department of Correction Inmate Disciplinary Due Process Directive" in response to Interrogatory Number 5. Id.

The plaintiff does not give any reason why the prior productions are insufficient, although he asserts that "no documents have been provided in relation to stated discovery demands." Alli Affidavit ¶ 8. Once again, the Court assumes defendants have actually delivered to plaintiff the Directives, which they had asserted they were producing. If the plaintiff has not received these Directives, he should so inform the defendants and defendants should send plaintiff another set of copies forthwith.

### C. Interrogatory Number 6

Interrogatory Number 6 asked defendants to "[i]dentify the strip search Protocol and Procedures in effect for adolescents during 2005 to 2012." Exhibit C at 5. The plaintiff alleges that the information he seeks is relevant because "[d]efendants subjected adolescents and or plaintiff to unlawful and unwarranted strip searches." Exhibit B at 1-2. The defendants challenge Interrogatory 6 for being irrelevant, overbroad, and unduly burdensome. D. Opp. at 2.

We construe this request to be one for production of documents. Plainly, documents prior to 2009 are not relevant to plaintiff's claims because he does not allege that he was incarcerated prior to 2009. To the extent that the plaintiff seeks these documents because others were subjected to the protocols, the request is irrelevant. See Exhibit C at 1 ("[d]efendants subjected adolescents and or plaintiff . . . .") (emphasis added). Plaintiff represents only himself in this lawsuit, not anyone else.

As for any policy in effect in 2009, such a policy is relevant as plaintiff alleges that he was in fact strip searched on June 2, 2009. See First Amended Complaint, filed November 27, 2012 (Docket # 25) at ¶¶ 64-65. The defendants are therefore directed to produce the strip search policy in effect at the time the plaintiff alleges that he was strip searched.

### D. Interrogatory Numbers 7 and 10

These two interrogatories request "[p]hotographs and description of contents of A.R.N.D.C. Rikers Island Main front Intake Pen # 8." Exhibit B at 2. The plaintiff alleges these documents are relevant to his claim that he was subjected to cruel and unusual punishment. See First Amended Complaint at ¶¶ 78-82. The defendants argue that production responding to Interrogatory Numbers 7 and 10 would be irrelevant and unduly burdensome. D. Opp. at 3. The defendants assert that the plaintiff's "sole allegation regarding 'Pen #8' involves the fact that he was purportedly housed [there] for various days . . . pictures and a description of 'Pen #8' would do nothing to substantiate plaintiff's allegation that he was housed [there] for several days." Id.

At this stage, the plaintiff has not explained how a photograph of the pen will assist in advancing any issues in this case. If the case goes to trial, the plaintiff may renew a request that the defendant photograph the pen.

### E. Interrogatory Number 9

Interrogatory Number 9 asks the defendants to identify "any and all use of forces [sic] defendants were participants of [sic] or witness of [sic] and identify the injuries sustained by the inmate." Exhibit B at 2. The defendants object because the request is overbroad, the production would be unduly burdensome, the fact that any evidence obtained from the request would be inadmissible at trial, and because the plaintiff has already received the defendants' disciplinary history. D. Opp. at 3. The defendants also note their earlier objection that this request could implicate information protected by the Health Insurance Portability and Accountability Act. Id. We agree with defendants' objections. The request is plainly burdensome and calls for information irrelevant to plaintiff's claims. We assume that plaintiff has already received documents concerning any discipline of defendants' regarding use of force. This is sufficient to address the question of defendants' improper use of force on individuals other than plaintiff.

### F. Document Request 2

Document Request 2 seeks "disciplinary sanctions available for forms of misconduct." Exhibit B at 2. The relevance of this request is that plaintiff alleges that the "defendants fail[ed]

3

to enforce sanctions of discipline for misconduct and or said sanctions being de minimis in relation to misconduct." Id.  The August 27 Order essentially resolved this request.  The August 27 Order "absolved" the defendants "of any request to produce the requested documents" in a request from June identified as "Document Request 11."  August 27 Order at 4.  Document Request 11 asked the defendants to "[p]roduce the sanction guidelines and or charts for all disciplinary offenses." Motion to Compel Discovery, filed June 29, 2015 (Docket # 119), at 8.  Document Request 2 here (seeking "disciplinary sanctions available for forms of misconduct") is essentially the same as Document Request 11 in June (seeking "sanction guidelines and or charts for all disciplinary offenses").  Because the August 27 Order removed these documents from the scope of discovery, plaintiff's motion to compel is denied as to Document Request 2.

G. Document Request 3

Document Request 3 seeks "all documents detailing denial of due process at disciplinary hearings for inmates from 2009 to 2012 [,] [i]ncluding but not limited to Civil Suits or Article 78's filed via writ court." Exhibit B at 2.   The defendants assert that this request seeks irrelevant documents, and that it is unintelligible, overbroad, and unduly burdensome.  D. Opp. at 4.  The court finds the request intelligible and possibly relevant to a municipal liability claim.  It is plain, however, that the burden to defendants in producing such documents is disproportional to the likely benefit. Plaintiff provides no explanation for why such a potentially vast expanse of documents is necessary for plaintiff to prove his claims in this case.  Accordingly, defendants' objection to production is sustained.

H. Document Request 4

Document Request 4 deals with "the list and number of how many disciplinary hearings held by Priscillla Benson was [sic] appealed by inmates and or overturned in Writ Court via Article 78." Exhibit C at 9.  The plaintiff claims that Officer Benson's appeals record is relevant to his claim that the defendants' failure to remove or retrain hearing officers who deprived prisoners of due process constitutes a municipal policy.  Exhibit B at 3.  The defendants contest this discovery request on grounds of overbreadth, undue burden, and likely inadmissibility at trial.  D. Opp. at 4.  We accept that there is significant burden involved in producing such documents and we view it as speculative that such documents would contain information that would advance plaintiff's argument that there was improper training.  Essentially, this request  rests on the hope that a review of such decisions might allow an inference about the training that Benson underwent, or about some other municipal policy. We do not think that such a hope outweighs the obvious burden of producing such material.

I. Motion for Appointment of Counsel

With regard to the plaintiff's motion to appoint counsel (Docket # 163), the request is denied.  Applying the factors set forth in Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), the Court concludes that the motion together with the other papers filed in this action do not at this time demonstrate that plaintiff's claim is likely to be of sufficient substance to warrant seeking volunteer counsel.  In addition, the case is not of such a character that plaintiff will be

unable to address relevant facts or deal with other issues that may be expected to be raised. The Court notes that attorney's fees are available for claims such as plaintiff's, thus providing readily available counsel in meritorious cases. The Court will seek the appointment of counsel without further request by plaintiff if future review of this matter demonstrates that the appointment of counsel is warranted.

Conclusion

Plaintiff's motion to compel (Docket # 157) is denied in part and granted in part. Defendants are directed to produce the strip search policy in effect at the time the plaintiff alleges that he was strip searched on or before December 18, 2015. Defendants shall arrange for plaintiff's deposition to take place by January 15, 2016. The parties shall inform the Court by letter on or before February 11, 2016, in the event a party intends to move for summary judgment

Plaintiff's motion for appointment of counsel (Docket # 163) is denied.

SO ORDERED.

Dated: November 25, 2015
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge


Copy sent to:

Umar Alli
710 E 187th Street, Apt. 5
Bronx, NY 10457

5