

The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com

MAY 22, 2016

The Honorable George B. Daniels
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:        <u>Alli v. Warden of A.R.N.D.C., et al.</u>, No. 12 Civ. 3947 (GB) (GWG)
Related:   <u>Alli v. Moore, et al.</u>, No. 14 Civ. 6597 (AT) (KNF)
           <u>Alli v. Pedlar, et al.</u>, No. 14 Civ. 10257 (RA) (JLC)

Dear Judge Daniels:

    On May 11, 2016, I made a Notice of Appearance on behalf of Plaintiff Umar Alli in the above-captioned civil rights actions.  Previously, and all throughout this litigation, Mr. Alli represented himself <u>pro se</u>.

    On December 21, 2015, the Court issued a thirty-day dismissal order in this case after Defendants reported that the Parties had reached a settlement in principle.  <u>Docket Nos. 169-170</u>.  Unfortunately, the Parties never reached settlement.  Mr. Alli questions whether the Parties achieved settlement in principle, let alone a formal, enforceable agreement.  As to the latter point, the Parties never entered into a written agreement and no funds changed hands, among other things.

    Therefore, I write to request that the Court re-open this matter.

    Mr. Alli respectfully requests that the Court excuse his delay in making this motion, which admittedly comes more than thirty days after the thirty-day dismissal order's deadline.  Mr. Alli's delay is largely the result of obstacles he has faced as a correctional facility inmate (he expects his incarceration to end later this year).  Although Mr. Alli, like any inmate, has had logistical trouble communicating with the outside world, Mr. Alli has experienced still other problems which contributed to the delay.  One of these problems left Mr. Alli hospitalized for roughly ten days in February 2016 and occupied his time and attention for many more days than that.  Mr. Alli is glad to provide the Court with more information in the event it would be helpful.

      Despite the delay, Mr. Alli has diligently communicated with the Court's pro se office via U.S. post to learn about the status of this case (for a time he was not aware that the thirty-day dismissal order had been posted to the docket) and to provide the Court with his updated mailing address, which has changed a number of times since the entry of the thirty-day dismissal order.  Furthermore, Mr. Alli hopes that the undersigned's recent Notice of Appearance shows that Mr. Alli diligently sought counsel to help him to promptly and meaningfully comply with the Court's orders going forward.

      Two other litigations before the Court involve some of the same Parties in this case.  Those cases are Alli v. Moore, et al., No. 14 Civ. 6597 (AT) (KNF) ("Moore"), and Alli v. Pedlar, et al., No. 14 Civ. 10257 (RA) (JLC) ("Pedlar").  Although Moore and Pedlar rest on different substantive factual allegations, they are procedurally related to this action because, in response to Defendants' December 17, 2015 report of the Parties' alleged global settlement in principle, the Honorable Analisa Torres and the Honorable Ronnie Abrams also, like Your Honor, entered thirty-day dismissal orders.  As a result, today I have also filed motions to re-open Moore and Pedlar.

      Defendants object to Mr. Alli's motion to re-open.  On information and belief, Defendants will argue that the Parties entered into an enforceable global settlement agreement which precludes the re-opening of this action, Moore and/or Pedlar.  Mr. Alli, who argues that no such agreement exists, requests that the Court provide the Parties with an opportunity to be heard with respect to this dispute at conference, through briefing, or both.

      Thank you,

      Ryan Lozar
      Attorney for Plaintiff Umar Alli