```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UMAR ALLI,                                              :

                Plaintiff,                              :    REPORT AND
                                                             RECOMMENDATION
                                                        :
     -v.-                                                    12 Civ. 3947 (GBD) (GWG)
                                                        :

WARDEN OF A.R.N.D.C. et al.,                            :

                Defendants.                             :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On December 18, 2015, this Court issued an order dismissing this pro se action (with leave to reinstate within 30 days) because defendants' counsel had advised the Court that the parties had reached an agreement in principal to settle the case. See Order, filed Dec. 18, 2015 (Docket # 170). On May 22, 2016, plaintiff, now represented by counsel, filed the instant motion to reopen, arguing that the parties never reached an enforceable agreement.[1]

Defendants oppose the motion. The defendants do not contend that there is a written settlement agreement but instead argue that counsel and the plaintiff made a binding oral agreement to settle this case in a telephone conversation on December 16, 2015, Def. Letter at *2, which occurred while plaintiff was incarcerated. As proof, defendants provide a transcript of the conversation. See Transcript of Telephone Conversation between Umar Alli and Daniel G. Saavedra, undated (attached to Def. Letter) ("Tr."). Plaintiff has not disputed the accuracy of the

---

[1] See Letter Motion to Reopen, filed May 22, 2016 (Docket # 176) ("Pl. Letter Mot."); Letter from Daniel G. Saavedra, counsel for defendants, to the Hon. George B. Daniels, filed May 25, 2016 (Docket # 177) ("Def. Letter"); Letter from Ryan Lozar, counsel for Alli, to the Hon. George B. Daniels, filed May 25, 2016 (Docket # 178); Letter from Ryan Lozar, counsel for Alli, to the Hon. George B. Daniels, filed July 29, 2016 (Docket # 179); Letter from Ryan Lozar, counsel for Alli, to the Hon. Gabriel W. Gorenstein, filed Dec. 7, 2016 (Docket # 183).

transcript.

"A settlement agreement is a contract that is interpreted according to general principles of contract law." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007). It is "an open question in the Second Circuit whether the enforceability of a settlement agreement in a federal action [is] to be determined under state or federal law." Silas v. City of New York, 536 F. Supp. 2d 353, 355 (S.D.N.Y. 2008); accord Kaczmarcysk v. Dutton, 414 F. App'x 354, 355 (2d Cir. 2011) (summary order). Nonetheless, the Second Circuit has stated that there "is no material difference between the applicable state law or federal common law standard." Ciaramella v. Reader's Digest Ass'n, 131 F.3d 320, 322 (2d Cir. 1997); accord Kaczmarcysk, 414 F. App'x at 355; Monaghan v. SZS 33 Assocs., L.P., 73 F.3d 1276, 1283 n.3 (2d Cir. 1996) ("[T]he federal rule regarding oral stipulations does not differ significantly from the New York rule").

If New York law governed, the purported agreement would not be enforceable because settlement agreements under New York law are not binding upon a party to litigation unless they are made "in a writing subscribed by him or his attorney," "reduced to the form of an order and entered," or "made between counsel in open court." N.Y. C.P.L.R. § 2104; Bonnette v. Long Island Coll. Hosp., 3 N.Y.3d 281, 285-86 (N.Y. 2004) (refusing to enforce oral settlement for failure to comply with N.Y. C.P.L.R. § 2104).[2] The defendants do not contend that this statute has been satisfied.

Nonetheless, some case law has applied federal principles regarding the enforcement of settlement agreements without regard — indeed, without even mentioning — N.Y. C.P.L.R.

---

[2] Case law is unsettled as to the degree to which the "open court" requirement refers to an agreement made in a courtroom. See Pullman v. Alpha Media Publ'g, Inc., 2014 WL 5043319, at *13 (S.D.N.Y. Mar. 14, 2014), modified on other grounds, 2014 WL 5042250 (S.D.N.Y. Sept. 10, 2014), aff'd 624 F. App'x 774 (2d Cir. 2015) (summary order).

§ 2104.  See, e.g., Am. Home Assurance Co. v. Cent. Transp. Int'l, Inc., 354 F. App'x 499, 500 (2d Cir. 2009) (summary order) (oral settlement agreement); Estate of Brannon v. City of New York, 2016 WL 1047078, at *2-4 (S.D.N.Y. Mar. 10, 2016) (agreement by means of email). Accordingly, we will analyze the purported agreement according to the federal principles.

      We note initially that the transcript is hardly clear that the parties actually agreed on the material terms of a settlement.  While a dollar amount to settle was agreed on, the plaintiff's agreement to that number was specifically conditioned on his not having to endure a "90 day waiting period" to receive the payment.  Tr. 2:25-3:1.  The parties discussed what time period might be required for payment but never resolved what the period of time would be.  Id. at 3:2-4:8.

      Even if we viewed the telephone conversation as reflecting an agreement, it could not be enforced because it would fail to pass muster under the federal standard for determining whether an oral agreement is enforceable.  The Second Circuit has

> articulated several factors that help determine whether the parties intended to be bound in the absence of a document executed by both sides.  The court is to consider (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985) (citations omitted).

      Here, the first Winston factor weighs in defendants' favor because neither side expressly stated that a writing was required to bind them.  The remaining factors, however, all favor Alli. The second factor favors Alli because defendants never tendered payment to him in accordance with the purported oral agreement.  Pl. Letter Mot. at *1.  Nor did defendants seek from the Court a judgment enforcing the purported oral agreement.  Thus no performance of the oral

agreement ever took place.

The third factor weighs strongly in favor of Alli. As noted, the parties disagreed as to how quickly the agreed-upon amount would have to be delivered to Alli. Tr. 2:25-3:23. Alli said that he would not agree with the 90-day waiting period, id. at 2:25-3:1, and suggested a 30-day waiting period instead, id. at 3:18-3:19. Defense counsel responded that, "I don't know if they could do it in 30 days, but I know they will do it quickly as possible if I told them it has to get done quickly as possible," id. at 3:21-3:23, and suggested that Alli could help speed the process along by signing the paperwork and having it notarized quickly, id. at 3:23-4:3. The parties never explicitly resolved Alli's objection to the purported 90-day waiting period. Additionally, one term was unclear in that counsel said that "some" money would be put in a trust fund for plaintiff's son but the amount was never specified or further discussed. Id. at 2:19-2:22.

The fourth factor also weighs in Alli's favor because settlement agreements with the Corporation Counsel of the City of New York are, in the Court's experience, always reduced to writing. Moreover, N.Y. C.P.L.R. § 2104 itself shows that settlement agreements are "usually committed to writing." Sprint Commc'ns Co. v. Jasco Trading, Inc., 5 F. Supp. 3d 323, 339 (E.D.N.Y. 2014) (citations omitted).

Thus the Winston factors weigh against enforcing the oral settlement agreement and in favor of granting Alli's motion to reopen the case.

The defendants' only remaining objection is that plaintiff's motion to reopen is untimely given that the Order dismissing the case set a deadline of January 18, 2016, to make any such application. See Order, filed Dec. 18, 2015 (Docket # 170). Alli's counsel states without contradiction that Alli was hospitalized in February 2016, and had additional trouble

communicating with the Court. Pl. Letter Mot. at *1. Letters appearing on the docket sheet support the claim that plaintiff either lacked knowledge of the status of his case or actively sought to reopen it. See Letter from Umar Alli to Pro Se Clerk, dated Feb. 2, 2016 (Docket # 173) (seeking a docket sheet and stating that plaintiff has "no knowledge of any current actions" in the three cases); Letter from Umar Alli to Pro Se Clerk, dated Mar. 23, 2016 (Docket # 174) (stating his desire to re-open the actions). Given plaintiff's previous pro se status, he has shown good cause under Fed. R. Civ. P. 6(b)(1) to extend the deadline for re-opening the case.[3]

For the foregoing reasons, plaintiff's motion to reopen (Docket # 176) should be granted.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections or responses must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir.

---

[3] We note that the plaintiff sought to reopen the two other cases covered by the purported settlement: Alli v. Moore, No. 14 Civ. 6597 (AT) (KNF) (S.D.N.Y.) ("Moore") and Alli v. Pedlar, No. 14 Civ. 10257 (RA) (JLC) (S.D.N.Y.) ("Pedlar"). The motions in both cases were granted. See Order, filed Aug. 19, 2016 (Docket # 87) in Moore; Memo Endorsement, filed July 18, 2016 (Docket # 77) in Pedlar.

2010).

Dated: December 9, 2016
      New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge