

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ERIN RYAN**
*Assistant Corporation Counsel*
Phone: (212) 356-5056
Fax: (212) 356-3509
eryan@law.nyc.gov

January 13, 2017

**BY E.C.F.**
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  Umar Alli v. Warden of ARNDC, et al.,
>       12-CV-3947 (GBD) (GWG) ("Alli I")
>      Umar Alli v. Deputy Moore, et al.,
>       14-CV-6597 (AT) (KNF) ("Alli II")
>      Umar Alli v. Security Officer Pedlar, et al.,
>       14-CV-10257 (RA) (JLC) ("Alli III")

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above referenced matters on behalf of defendants. In that capacity, I write to respectfully request that the above-referenced matters be consolidated before Your Honor pursuant to Fed. R. Civ. P. 42(a). Counsel for plaintiff in all of the above-referenced matters, Ryan Lozar, does not consent to this request.

        By way of background, in the above referenced cases, plaintiff alleges that defendants violated his constitutional rights while he was incarcerated on Rikers Island in four separate incidents, from 2009 until early 2012. Plaintiff, who was proceeding *pro se* at the time, filed Alli I on May 17, 2012, Alli II on August 11, 2014, and Alli III on December 22, 2014. In December 2015, defendants' counsel and Mr. Alli reached a global settlement to resolve all three cases and accordingly, the matters were subsequently closed. In May 2016, however, plaintiff obtained counsel, Ryan Lozar, who moved to set aside the settlement and reopen the cases. Alli III was reopened by the Honorable Judge Ronnie Abrams on July 18, 2016 (Docket No. 77) and Alli II was reopened by the Honorable Judge Analisa Torres on August 19, 2016 (Docket No. 87). By Order dated December 11, 2017, Your Honor reopened Alli I (Docket No. 185).

        In accordance with Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the action; [or] (2) consolidate the actions." Fed. R. Civ. P. 42(a)(1)-(2); see also Hom v. Vale,

1

S.A., 15-CV-9539 (GHW), 2016 U.S. Dist. LEXIS 28863, at *6 (S.D.N.Y. Mar. 7, 2016). "Consolidation is a valuable and important tool of judicial administration, that should be invoked to expedite trial and eliminate unnecessary repetition and confusion." Hom, 2016 U.S. Dist. LEXIS 28863, at *6. "Differences in causes of action, [or] defendants…do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." Christiansen v. Immelt (In Re: General Electric Securites Litigation), 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, *4-*5 (S.D.N.Y. Jul. 29, 2009) (quoting Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007)). "Consolidation promotes judicial convenience and avoids unnecessary costs to the parties." Christiansen, 2009 U.S. Dist. LEXIS 69133, *4-*5; see also Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

The Court "has broad discretion to determine whether consolidation is appropriate." Hom, 2016 U.S. Dist. LEXIS 28863 at *6 (citing Johnson, 899 F.2d at 1284-85). The key determination that must be made is whether the "gains in judicial efficiency" outweigh any potential "threats of prejudice and confusion." Christiansen, 2009 U.S. Dist. LEXIS 69133, at *5 (quoting Ocean Ships, Inc. v. Stiles, 00 Civ. 5469 (RCC), 2003 U.S. Dist. LEXIS 20876, at *1 (S.D.N.Y. Nov. 19, 2003)). In Christiansen the Court consolidated seven actions, finding that: (1) there was a "substantial overlap in the complaints" and, thus, the complaints contained similar allegations of fact and law; (2) consolidation was the most efficient course of action, as it would ensure that the Court's and parties' resources were not wasted; and (3) there was no significant prejudice or confusion, and any differences between the actions would "be resolved while the tone and direction of the lawsuit would remain the same." Christiansen, 2009 U.S. Dist. LEXIS 69133, at *6-*8.

As a threshold issue, these cases should be consolidated before Your Honor, as Alli I, 12-CV-3947, has the earliest Docket Number. Here, consolidation is appropriate as all three cases involve the same plaintiff, common questions of fact and law, have overlapping defendants and will require identical discovery demands on defendants. Plaintiff Umar Alli filed all three of the above-referenced cases while *pro se* and named many of the same defendants in each case. For example, plaintiff names the City of New York and the individual members of the Board of Corrections in all three cases, which, if permitted to proceed individually, would result in defendants having to produce identical discovery in each case. Additionally, while there is some difference in the individual defendants, in each case plaintiff alleges incidents of excessive force occurring on Rikers Island, and purports that these actions were a result of municipal policies and customs. As plaintiff purports to pursue a claim for municipal liability in each case, which can result in lengthy and extensive discovery, defendants submit it would be unduly burdensome to require the parties to engage in this discovery three separate times.

Plaintiff objects to this request, however, in his motion to reopen the above-referenced cases, plaintiff told the Court that the three cases "involve some of the same Parties" and although the cases rest on "different substantive factual allegations, they are procedurally related" to each other. See Docket No. 176 at p. 2. By plaintiff's own logic, the cases should be consolidated.

Additionally, defendants submit that consolidation will conserve judicial resources by allowing the parties to resolve discovery disputes as to virtually identical issues all at one time, avoid inconsistent rulings, and allow these matters to proceed in an efficient and orderly manner.  It will also make it easier for the parties to engage in settlement negotiations and, should a settlement be reached, would greatly simplify the settlement paperwork for the parties and the Court.

Furthermore, Second Circuit case law favors consolidation for purposes of discovery in circumstances such as the instant case.  Numerous decisions have recognized the benefits of consolidating discovery in light of common issues of fact in litigation involving multiple plaintiffs.  See, e.g., Chase Manhattan Bank v. Celotex Corp., 56 F.3d 343, 347 (2d Cir. 1995) (recognizing that consolidating discovery and other pre-trial proceedings could reduce litigants' costs).  Specifically, in the context of civil rights litigation, courts have ordered that discovery be coordinated in the interests of efficiency and conserving the resources of the courts and the parties.  Fountain, et al. v. City of New York, et al., 03 CV 4526 (RWS) (MHD) (S.D.N.Y. June 10, 2005) (ordering twenty-one separate actions arising out of incidents at demonstrations during 2003, in which plaintiffs were represented by several different counsel, consolidated before Magistrate Judge for purposes of fact discovery).

Finally, there is no significant prejudice or confusion that would result from consolidation.  On January 11, 2017, Your Honor issued an Order reopening Alli I, resulting in all three cases now proceeding into discovery.  An order to consolidate will conserve judicial resources and avoid both duplicative discovery and the risk of inconsistent decisions, especially given the overlap of questions of law and defendants.  Accordingly, defendants respectfully request that all the above-mentioned cases be consolidated before Your Honor pursuant to Fed. R. Civ. P. 42(a).

Thank you for your consideration herein.

Respectfully submitted,

/s/
Erin Teresa Ryan
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     Via ECF
        Honorable Analisa Torres
        United States District Judge

        Honorable Ronnie Abrams
        United States District Judge

        Honorable Gabriel W. Gorenstein
        United States Magistrate Judge

Honorable Kevin N. Fox
United States Magistrate Judge

Honorable James L. Cott
United States Magistrate Judge

Ryan M. Lozar
*Attorney for plaintiff*